United States District Court
District of Massachusetts

Civil Docket No.

_____

Joseph Peter Schmitt, pro se,
                    Plaintiff,

        v.

Patrick Mulvey,
William Grossi,
Peter Allen,
Michael T. Maloney,
William Faria,
Ernest Therien,
Ma. Dept. of Correction,
                    Defendants

_____

Motion For Waiver of Filing Fees And
to Proceed in Forma Pauperis

_____

        Now comes the plaintiff, Joseph Peter Schmitt in
the above-entitled-action and moves this Honorable Court
to waive payment of all filing fees and to allow the plaintiff;

        1.  To proceed in forma pauperis. The Plaintiff is
without funds to support this action.

        2.  Plaintiff states that the United States Supreme
Court in Adkin v. Dupont, 335 U.S. 331, 69 S Ct. 85

(1)

(1998) recognized the litigants need not give up their "last dollar"... and thus make themselves and their dependants wholly destitute, Id at 339 to be granted in forma pauperis status. In Souder v. McGuire 516 F.2d 820 (3rd Cir. 1975) the Adkins standard was applied to a habeas corpus action and the courts held that; "...[we] do not think that prisoners must totally deprive themselves of these small amenities of life which they are permitted to aquire in a prison or mental hospital beyond the food, clothing and lodging already furnished them by the state. An account of $50.00 would not purchase many such amenities, perhaps cigarettes and some occassional vending material. These needs not be surrendered in order for a prisoner or mental patient to litigate in forma pauperis in the district court Id, at 824, See also In re Smith 600 F.2d 714 (8th Cir. 1979).

3. The United States District Court held in King v. Greenblatt 53 F.Supp. 2d 117, 138 (D. Mass 1999) "As a matter of statutory interpretation, the P.L.R.A. does not extend to cover civilly committed residents at the Treatment Center. In the first place, the Treatment Center is not a facility to which coverage of the P.L.R.A. extends. The P.L.R.A applies only to persons who are subject to incarceration, detention or admission to "prisons" as defined by the statute. The P.L.R.A. defines "prisoners" as any person subject to incarceration, detention, or admission to any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or

the terms and conditions of parole, probation, pretrial release, or diversionary program." 18 U.S.C.A. § 3626 (g) (3), "prison is defined as "any federal, state, or local facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." Id. § 3626 (g) (5).

4. The courts further held in <u>King v. Greenblatt,</u> <u>53 F. Supp. 2d 117 (D. Mass 1999)</u>," Civilly committed patients are not "prisoners", nor is the Treatment Center a "prison" within the meaning of the P.L.R.A."

WHEREFORE, Plaintiff prays that this Honorable Court grant this motion and allow him to proceed without payment of filing fees and in forma pauperis.

Dated: March 25, 2004

Respectfully filed

Joseph Peter Schmitt, pro se
30 Administration Road
Bridgewater, Ma. 02327-3230

(3)