# UNITED STATES DISTRICT COURT
## District of Massachusetts (Boston)

Civil Docket No.

_____

Joseph Peter Schmitt, pro se,
Plaintiff,

v.

Patrick Mulvey,
William Grossi,
Peter Allen,
Michael T. Maloney,
William Faria,
Ernest Therien,
Ma. Dept. of Correction,
Defendants

# COMPLAINT

## Introduction

This is an action for damages pursuant to 42 U.S.C. §1983, declaratory judgment pursuant to G.L. c. 231A, equitable relief pursuant to G.L.c. 214 §1, and U.S.C. 18

(1)

§ 242 for willful deprevation of rights under color of law, brought by plaintiff Joseph P. Schmitt, a temporary civilly committed resident currently confined at the Massachusetts Treatment Center. Plaintiff challenges the procedure by which he has been found guilty of, and punished for, an alleged prison disciplinary infraction. Plaintiff further challenges the constitutionality of policies used by defendants for disciplinary hearing and conviction as well as the investigation process. Defendant's actions have violated Massachusetts and Federal law as well as Department of Correction policy and Regulation.

## PARTIES

1.   Joseph Peter Schmitt is the pro se plaintiff in this action. He is temporarily detained as a civil detainee at the Treatment Center. He is not a prisoner as defined by the P.L.R.A..

2.   Patrick Mulvey is a defendant. He is the Dept of Correction IPS Sergeant who authored the disciplinary report for which this action is based on. At the time of the alleged actions he was working at MCI-Cedar Junction. He is sued in both his offical and indiudual capacities

3.   William Grossi is a defendant. At the time of the alleged actions he was the IPS Commander at MCI-Cedar Junction. He is sued in both his official and

individual capacities.

3.    Peter Allen is a defendant. At the time of the alleged actions he was Superintendent of MCI-Cedar Junction. He is sued in both his official and individual capacities.

4.    Michael T. Maloney is a defendant. At the time of the alleged actions he was commissioner of the Dept. of Correction. He is sued in both his official and individual capacities.

5.    William Faria is a defendant. At the time of the alleged actions he was the disciplinary hearing officer who presided at the disciplinary hearing at MCI-Cedar Junction. He is sued in both his official and individual capacities.

6.    Ernest Therien is a defendant. At the time of the alleged actions he was the disciplinary department Sergeant at MCI-Cedar Junction. He is sued in both his official and individual capacities.

7    MA. Dept. of Correction is a defendant. This defendant is an agency of the commonwealth and is directly responsible for the policies, regulations used by defendants and for the named defendants actions. This defendant is sued in its' official capacity.

8.    At all times described hereafter the defendants' acted under color of law.

(3)

# FACTS

9.    On or about February 1, 2002, while Plaintiff was imprisoned at the Department Disciplinary Unit at MCI-Cedar Junction, he was charged with disciplinary offenses. These offenses were set out in a written disciplinary report numbered 02-0344. The disciplinary hearing record, which includes the Notice of disciplinary Hearing, Disciplinary Report, Request for Representative and/or witnesses, Notice of Continuance, Refusal to Appear, Disciplinary Hearing Summary, and, Results of Appeal, is attached to this complaint as Exhibit "A".

10.    The charges in the disciplinary report accuse the Plaintiff of writing child pornography and mailing it out of the prison facility.

11.    The disciplinary hearing was held at the Department Disciplinary Unit on March 20, 2002. Defendant William Faria was the only individual present at the disciplinary hearing.

12.    Plaintiff refused to attend the hearing. At this time Plaintiff is unsure why he did refuse to attend and believes said reason will be found in documents in which he has included a motion entitled "Plaintiff's Motion for Court to ORDER defendants to produce evidence" with this complaint to obtain. At such time as he does obtain such documents

(4)

he intends to amend this complaint if needed.

13.    Plaintiff is very sure he informed the disciplinary hearing officer, defendant William Faria that he is not guilty of the disciplinary offenses.

14.    The disciplinary hearing officer prepared a written decision. His complete statement of evidence relied upon to support the finding of guilt was as follows: "A guilty finding has been established based primarily on the Reporting officer's detailed Report and physical evidence. Inmate Schmitt's Refusal to attend the hearing to dispute the allegations has drawn an adverse inference against him. Consequently, the Reporting officers detailed Report has been accepted as an accurate account of events. Thus, it has been determined that inmate Schmitt attempted to mail out a pornographic story involving children. This, after inmate Schmitt has been previously warned in the past to cease such Activity.

15.    The disciplinary hearing officer's complete statement of Reasons for the sanction was: "The imposed sanction serves to educate inmate Schmitt that his continued refusal to follow staff directives will not be tolerated. Hopefully, inmate Schmitt will reevaluate his personal goals and intentions while incarcerated at MCICJ.

16.    The disciplinary hearing officer found Plaintiff guilty of violating prison disciplinary Rules number one (1) and two (2), which are: (1) disobeying

AN ORDER, lying to, or insolence towards a staff member. (2) Violating any departmental rule or any other rule, regulation, or condition of an institution or community based program.

17.    The disciplinary hearing officer's decision is not based upon sufficient evidence.

18.    The disciplinary hearing officer sentenced Plaintiff to ten (10) weeks loss of T.V., Radio, and Phone.

19.    Plaintiff did file an administrative appeal of all of his disciplinary convictions and associated sanctions, with defendant superintendent Peter Allen. The date of said appeal is unknown at this time. Plaintiff's appeal was denied by defendant PETER ALLEN on March 26, 2002. Defendant Peter Allen's complete response to Plaintiff's appeal is as follows: "Appeal Denied — No Merit"

20.    Plaintiff is certain that he submitted via institutional mail a written request for evidence and the Reporting officer to be present at the disciplinary hearing. Plaintiff tends to believe that he refused to attend the hearing because said requested evidence and witness were not present. Plaintiff is also fairly sure he objected to disciplinary hearing officer's objectivity because said officer was a served defendant in another civil action or too closely involved with other defendants not to be prejudiced against Plaintiff

21.    The disciplinary hearing officer alleges that Plaintiff was previously ordered not to author sexual

stories involving children. This allegation is false. Plaintiff received a disciplinary report for earning payment by authoring sexually explicit material / child pornography. This disciplinary report is number 01-1583 and is the basis of a civil action being filed in this U.S. District Court with or shortly after the filing of this immediate action. Disciplinary report 01-1583 and disciplinary hearing summary is attached to this complaint as Exhibit "B" Plaintiff made NO attempt to receive payment for the story he authored, which is entitled "A weekend in paradise". There is no allegations made in this disciplinary report that I earned or even attempted to earn payment for the story, yet this is what the imposed sanctions are based on.

22.    Plaintiff previously filed a civil action in Suffolk Superior Civil Court regarding this disciplinary report. Civil docket Number 02-01662. Plaintiff was forced to withdraw said action, and seven other actions, because he was not receiving justice from said court. Plaintiff's copy of case file(s) were lost by D.O.C. defendants. Plaintiff is doing all he can to obtain certified copy of said case file(s) and is now in S.J.C. with the issue as Suffolk refuses to give Plaintiff any copies. Plaintiff is forced to file civil actions that are not fully complete and will need to be amended in one way or another if he can ever obtain copies of prior civil actions

# SUPPORTING CASE LAW

1.  <u>REEVES v. PETTCOX</u> 19 F.3d 1060 (5th Cir. 1994), "Inmate is entitled to prior notice or fair warning of proscribed conduct before severe sanctions may be imposed."

2.  <u>Byerly v. Sohley</u> 852 S.W. 2d. 286 (1993), "Although prison inmates facing administration disciplinary proceedings do not have the same proceedural safeguards as a person facing criminal prosecution, but fundamental fairness still requires that evidence be reliable."

3.  <u>Loggins v. Delo</u> 999 F.2d 364 (8th Cir. 1993, "Letter by prison inmate to brother in which some unkind remarks were made about the female mailroom officer did not implicate 'Security Concerns' and thus, imposition of disciplinary action on inmate for such a letter violated the prisoner's First Amendment."

4.  <u>Rinie v. City of Hedwig Village, Texas,</u> 765 F.2d 490 (5th Cir. 1985) Also, <u>Whalen v. Roe</u> 429 US 589, 51 L Ed 2d 64, 97 S.Ct 869 (1977), "The Constitution protects individuals against invasion of their privacy by the government."

5.    Bieregu v. Reno, 59 F. 3d. 1445 (3rd Cir. 1995), "1) Prisoners do not forfeit their First Amendment Rights to use the mails... 2) In the context of the First Amendment and prison mail, 'censorship' means altering or withholding delivery of particular letter."

6.    Ashcroft v. Free Speech Coalition, 122 S. Ct. 1389 (2002) Note (6) Constitutional Law key 90 (1.3), "As a general principle, the First Amendment bars the government from dictating what we see or read or speak or hear, but the Freedom of Speech has its limits; it does not embrace certain categories of speech, including defamation, incitement, obscenity and pornography produced with real children, U.S.C.A. Constitution Amendment One."

7.    Gooding v. Wilson, 405 US 518 31 L. Ed 2d 408, 92 S. Ct. 1103; Note (3) Constitutional Law key 90 (1), "Constitutional guarantees of Freedom of Speech forbid states to punish use of words or language not within narrowly limited classes of speech. Amendment (1 and 14) Note (4) Constitutional Law key 90 (1), Statutes punishing use of words or language must be carefully drawn or authoritatively construed to punish only unprotected speech and must not be susceptible to application to protected expression, Amendment Number One."

8.  PROCUNIER v. MARTINEZ, 416 US 396, 40 L.Ed. 2d 224 94 S.Ct 1800 (1974), the Supreme Court recognized that, "the legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restriction on inmate correspondence [,]" id. at 412-13, but held that, "the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved" Id at 413. The Court indicated that prison officials could censor outgoing mail that contained contraband or evidence of other illegal activity. Id. The Court, however, stated that "prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements." Id. The Court invalidated regulations that precluded inmates from sending letters that "unduly complain" or "magnify grievances", and matter deemed "defamatory" or "otherwise inappropriate [,]" because the officials had "failed to show that these broad restrictions on prisoner mail were in any way necessary to furtherance of a governmental interest unrelated to the suppression of expression." Id. at 415.

9.  Thornburgh v. Abbott, 490 US 401, 104 L.Ed. 2d 459, 109 S.Ct 1874 (1989), the court explained that, "outgoing personal correspondence from prisoner -- did not, by its very nature, pose a threat to prison order

AND SECURITY." Id. at 411.

10.    Hall v. Curran 818 F.2d 1040 (2nd Cir. 1987), "A pointed case on censorship and the inextricably meshed rights of both the writer and intended recipient of mail."

11.    Phelps v. US Federal Government, 15 F.3d 735 (8th Cir. 1994) also Griffen v. Lombardi 946 F.2d 604 (8th Cir. 1991. "1) Prison inmates have a recognized First Amendment interest in receiving mail. 2) Prisoners constitutional rights to send and receive mail may be restricted only for legitimate penological interests."

12.    Sanjour v. E.P.A, 56 F.3d 85 (DC Cir. 1995, "Government may not regulate speech on the grounds that it expresses a dissenting viewpoint."

13.    Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996), "Right to associate to express one's view is 'inseperable' from right to speak freely"

14.    US. v. Guthrie, 787 F.2d 356 (5th Cir. 1986), Constitutional Law Key 257, "For the Government to punish a person because he has done what the law plainly allows him to do is a Due Process violation

of the most basic sort".

15.   Owen v. Wille, 117 F.3d 1235 (11th Cir. 1997) "Prisoner Retain First Amendment Rights".

16.   Wolff v. McDonnell, 94 S.Ct 2963, 2974, 41 L.Ed 2d 935 (1974), "Prisoners are not wholly stripped of thier constitutional protected Rights".

17.   Giano v. Senkowski, 54 F.3d 1050 (2nd Cir 1995) "Prison walls are not a barrier seperating inmates from protections of Constitution".

18.   Adams v. Gunnell, 729 F.2d 362, 369-70 (5th Cir. 1984), "An inmate is entitled to prior notice, or 'fair warning', of proscribed conduct before a severe sanction may be imposed".

19.   Grayned v. City of Rockford, 408 US 104, 92 S.Ct. 2294, 33 L.Ed 2d 222 (1972), "Because we assume that a man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly".

20.   Thaddeus-X v. Blatter, 110 F.3d

1233 (6th Cir. 1997) "Retaliation against inmate for exercising his or her constitutional Rights is itself a violation of constitution"

21.    Battle v. Anderson, 447 F. Supp. 516 (S.D. New York 1997), Also  Wolfish v. Levi, 439 F. Supp. 114 (S.D. New York 1997) "People are sent to prison AS punishment, not FOR punishment."

22.    Collins v. Jordan, 102 F. 3d 406 (9th Cir. 1996), "Speech that stirs passions, Resentments, or anger is fully protected by the First Amendment."

23    Pepperling v. Crist, 678 F. 2d 787, 790 (9th Cir. 1982), "Prison officials have no legitimate governmental interest in imposing their own standards of sexual morality on the inmates"

24.    New York v. Ferber, 102 S Ct 3348 (1982) constitutional law key 90 1 (i) "Distribution of descriptions or other depictions of sexual conduct, not otherwise obscene, which does not involve live performance of photographic or other visual productions to live performances by children retains First Amendment protection. U.S.C.A. Amendment 1."

25    _Ashcroft v. Free Speech Coalition, 122 S Ct 1389 (2002)_ Note (5) Constitutional law KEY 90 (1) "Speech may not be prohibited because it concerns subjects offending sensibilities". Also, Constitutional KEY law 90 (3) Note (24), "The government may not suppress lawful speech as the means to suppress unlawful speech, and protected speech does not become unprotected merely because it resembles the latter. Amendment I".

26.    _Lamont v. Postmaster General, 381 US 753, 762-765, 92 S Ct 2576, 2581-2583, 33 L Ed 2d 683_ (4) (5) "In the case of direct personal correspondence between inmates and those who have a particularized interest in communicating with them, mail censorship implicates more than the right of prisoners. Communication by letter is not accomplished by the act of writing words on paper, rather, its effected only when the letter is read by the addressee. Both parties to the correspondence have an interest in securing that result, and censorship of that communication between them necessarily impinges on the interest of each. Whatever the status of a prisoners claim to uncensored correspondence with an outsider, its plain that the latter's interest is grounded in the First Amendment guarantee of freedom of speech. And this does not depend on whether the

Non prisoner correspondent is the Author or intended Recipient of a particular letter for the addressee as well as the sender of a direct personal correspondence derives from the First and Fourteenth Amendment, a protection Against unjustified governmental interference with the intended communication.

27.   _Coffin v. Reinhard, 173 F. 2d 443, 445 (CA.6 1944)._ "A prisoner does not shed such basic First Amendment Rights at the prison gate, Rather, he retains All the Rights of an ordinary citizen except those expressly, or necessary implication, taken from him by law."

28.   _Procunier v. Martinez, 416 US 396 40 L.Ed 2d 224, 94 S Ct. 1800_, "Accordingly, prisoners Are entitled to use the mail as a medium of free expression not as a privilege, but Rather as a constitutional guaranteed Right."

## LEGAL ARGUEMENTS

1.   Defendants allege the story, for which this Action is based on, is consistant with child pornography. Neither state statutes, Federal U.S.C.A. or the Omnibus Appropriation act of 1997, Sec. 121, cited as the Child Pornography Prevention Act of 1996, (C.P.P.A) classifies

(15)

such written matter as child pornography because it
records no crime nor creates no victim by its production
and has not been found to be intrinsically related to the
sexual abuse of children, thus retaining full protection
under the First Amendment. Under: Law of 104th Congress,
2nd Session P.L. 104-208, Omnibus Appropriation Act of
1977, 110 Stat. 3007-26, 27, and 28, Sec. 121, subsection
2. Definition, Sec. 2256 of title 18, United States
Code (8) Child pornography means; any visual depictions,
or generated images of sexually explicit conduct involving
minors. This entire section of Sec. 121, the Law of the
104th Congress deals directly with child pornography and
in its construction is void of any and all construction
pertaining to written expression of such material.

     2.   103-CMR-430, offense code number two,
as applied in exhibit "A", is in violation of both the First
and Fourteenth Amendment by being ambiguously vague.
Also, the mere vague construction of said offense code
number on its face is in violation of both the First
and Fourteenth Amendment by being ambiguously vague
in its construction and application, which can and has
been easily interpreted and manipulated by prejudice
without supportive legitimacy. Governmental purpose
to control or prevent activities constitutionally
subject to state regulations may not be achieved by

(16)

MEANS which sweep unnecessarily broadly and there by invade areas of protected freedoms. Constitutional law key 254 note (6). Statutes is void vagueness which forbids or requires doing an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ in its application. Note (5) statutes key 47; Zwichler vs Koota, 389 US 241 88 S.Ct 391

3.   In its mere vagueness, 103-CMR-430 offense code number 2 constitutes the enforcement of the First Amendment overbreadth doctrine. The Court itself should recognize, the First Amendment overbreadth doctrine allows the court to invalidate statutes because the language demonstrates their potential for sweeping improper application posing a significant likelihood of deterring important First Amendment speech.

4.   By failing to set out "explicit standards" for those who must apply 103-CMR-430 offense code number 2, it is capable of application which prohibits speech that is clearly protected by the First Amendment, this infringes upon the protected rights of inmates it is implicated against.

5.   As noted in Byerly v. Sohley fundamental

(17)

fairness requires that evidence be reliable. In this case the evidence is not reliable due to the failure of proper notification that plaintiff contiplated actions would in fact violate any disciplinary rule set forth in 103-CMR-430 Disciplinary Proceeding which have statutory authorization pursuant to M.G.L.c. 124 section 1 (h),(i) and (q), M.G.L.c. 127. section 33 and have the force of law.

6.    Nowhere within 103-CMR-430 does it indicate that plaintiff's actions of authoring fictional or factual sexual stories involving children, and mailing them to willing recipients, prisoners out of this prison system or non-prisoners, for financial gain or no financial gain are a violation for which he may receive loss of liberties.  103-CMR-430 attached as Exhibit "B" to this complaint.

7.    Plaintiff is entitled to prior notice or fair warning that he could be punished for writing stories, fully protected under First Amendment, for non-prisoner recipient. See REEVES v. Pettcox

8.    Plaintiff's letter and sexual story mailed to non-prison recipient did not implicate "security concerns" and thus, imposition of disciplinary action on plaintiff for such letter and sexual story violated plaintiff's First

Amendment. See <u>Loggins v. Dele</u>

9.  Plaintiff has the Constitution Right that protects him from invasion of his privacy by the government. See <u>Rinie v. City of Hedwig Village, Texas.</u> Also <u>Whalen v. Roe</u>

10.  Plaintiff did not forfeit his Constitutional Protection of the First Amendment as a prisoner. The undisputed fact that defendants censored Plaintiffs' mail clearly violated Plaintiff First Amendment Rights. See <u>Bieregu v. Reno</u>

11.  Defendants infringed Plaintiffs' First Amendment by dictating what he could write to free Adult citizens of the United States of America. See <u>Ashcroft v. Free Speech Coalition</u>

12  Plaintiff was punished because he authored written material that is clearly protected by the Constitution's First Amendment, and Fourteenth Amendment. See <u>Gooding v Wilson</u>

13  Defendants make no substantial claim to justify the total deprivation of plaintiff's First Amendment Right. At the very least they allege that

the imposed sanction serves to educate Plaintiff that his continued refusal to follow staff directive will not be tolerated. Clearly this is not a justified or legitimate governmental interest to impose such excessive restriction on Plaintiff's personal out-going mail. See PROCUNIER V. MARTINEZ.

14.   Defendants mail policy 103 CMR-481.13 (2) states that all out-going mail from a level 4, 5, or 6 facility shall be required to successfully pass a fluoroscope examination for contraband materials. It is undeniable that Plaintiff's sealed mail did not contain any contraband materials Therefore, there was no threat to prison order and security. See Thornburgh v. Abbott

15.   Plaintiff's 1letter, sealed envelope was clearly addressed to Mr Robert Bernard 137 Fenton Mill Road Williamsburg VA. 23188-2219. Defendants deliberately caused said mail to be not delivered which not only violates Plaintiff First Amendment but also Mr Bernard's whom is not a prisoner. See HALL V. CURRAN also LAMONT V. POSTMASTER GENERAL.

16.   At no time while Plaintiff was being incarcerated at Department Disciplinary Unit or MCI Cedar Junction does the Plaintiffs prison files show any attempt on behalf of Defendants to provide any

meaningful sex offender therapy, substance abuse therapy. Defendant have made no attempt to allege that Plaintiff was or attempting to disseminate any sexual writings to any prisoner within the Commonwealth's Department of Correction which would be a legitimate reason to confiscate said mail and issue a disciplinary report. Defendants have no legitimate governmental interest in reading and confiscating Plaintiffs personal outgoing mail which contained no "contraband materials". See Phelps v. US Federal Government also Griffen v. Lombardi

17. Defendants clearly indicate that such written sexual stories are not acceptable to them. The written sexual stories are, on face value, pro Man-Boy love. Defendants may not regulate Plaintiff's speech simply because it expresses a dissenting viewpoint. See Sanjour v. E.P.A.

18. Plaintiff has the Constitutionally Protected Right to Associate with other's to express his individual or shared viewpoint. See Cromer v. Brown

19. There is no State or Federal statute or prison policy that prohibits Plaintiff's authoring

(21)

of sexual stories involving a fictional situation with fictional characters which records no crime nor creates no victim by its production. Defendant's punished Plaintiff for actions that the law plainly allows him to do which is a Due Process Violation of the most basic sort. See <u>US v. Guthrie.</u>

20.     Plaintiff's status as prisoner does not deprive him the guaranteed protected rights of the United State of America's Constitution Amendments. See <u>Owen v. Wille</u>, also <u>Wolff v. McDonnell</u>, also <u>Giano v. Senkowski</u>, also <u>Coffin v. Reinhard</u>.

21.     There is no Department of Correction Policy or Regulation that clearly indicates or even vaguely indicates that Plaintiff can not entertain willing adults with sexual fictional stories involving male youth and male adults. In fact a normally intelligent person would conclude that Plaintiff's actions as detailed in Exhibit "A"s disciplinary report number 02-0374 is in fact not a violation according to 103 CMR-481.14 (2)(d) Plaintiff has the right to Reasonable opportunity to know what is prohibited. See <u>Grayned v. City of Rockford</u>, also <u>Adams v. Gunnell</u>

22.     Defendant's punished Plaintiff for exercising

his Constitutional Rights. This Action Against the Plaintiff is in itself a violation of the Constitution. See _Thaddeus-X v. Blatter._

23.    Plaintiff was in fact punished by the defendants Actions Repeatedly because Plaintiff's criminal offense and his lawful actions for which the defendants could not accept. Defendants actions are illegal. See _Battle v. Anderson_  Also _Wolfish v. Levi._

24.    Plaintiff's written sexual fictional and or true personal stories are fully protected by the Constitutions First Amendment regardless that they arouse defendants passions, resentments or anger. See _Collins v. Jordan._

25.    Defendants clearly attempted to impose their own standards of sexual morality on Plaintiff. There is no legitimate governmental interest in doing so. See _Pepperling v. Crist._

26.    Plaintiff's story, "A weekend in Paradise" is not obscene nor does it involve real children and therefore retains full First Amendment protections. See _New York v. Ferber_

27.    Defendants deliberately sought out any and all correspondence mailed by Plaintiff that contained sexual stories, and letters, that contained subject matter that offended their sensibilities. Also Plaintiff had mailed a personal letter to Mr Robert Bernard which was seperate from the sexual fictional story entitled "A Weekend in Paradise". The defendants surpressed my lawful speech because it merely resembled unlawful speech. See Ashcroft v Free Speech Coalition Note (5) Constitutional law Key 90(1) and Constitutional law Key 90(3) Note (24)

28.    Defendants actions violated Plaintiff's guaranteed constitutional right of free expression via U.S.P.S. See Procunier v. Martinez

29.    The Constitution protects Plaintiff from sexual discrimination The fact that defendants overall actions focused on homosexual material clearly shows that Defendants prejudice and discrimination.

30.    Though the Defendants may, or may not have the constitutional liberty granted by the Courts to censor incoming matter as such to maintain good order and/or rehabilitation, it is the declaratory judgment before this court to determine if

(24)

the defendants have the constitutional right to
suppress and punish, by the loss of state created
liberties, such personal expressions of free speech
and expression granted the plaintiff under the
First and Fourteenth U.S. Constitutional Amendments.

31.    The practice of monitoring plaintiff's
personal incoming and outgoing mail is evidenced by
Defendant Ma. Dept of Correction's exhibits filed
in motions to Dismiss Plaintiff's civil law suits filed
at Suffolk Superior Civil Court in 1999. There can't
be suggestions that such continued actions constitutes
a legitimate governmental interest. It is clearly
demonstrated in numerous disciplinary reports against
Plaintiff that defendants individually and or collectively
have continuously violated Plaintiff's First Amendment
Constitution Rights. See Exhibits "B", "D", "E", "F"
"G", and "H".

32.    Plaintiff has received disciplinary actions
for authoring a personal **letter** in which he expresses a
negative viewpoint of a correctional officer. See
Exhibits "F" and "G". It is clear the both disciplinary
Reports are authored by Carter Thomas and the same
letter is the subject matter of both reports which
were authored on two seperate dates. This clearly

(25)

shows, double jeopardy, no legitimate governmental interest, and serious abuse of disciplinary proceedures and Plaintiff's Constitution Protected Rights being violated.

33.    Neither state statutes, Federal U.S.C.A. or the Omnibus Appropriation act of 1997, sec. 121, cited as the Child Pornography Prevention Act of 1996, (CPPA) classifies stories as the subject matter of this action as child pornography because it records no crime nor creates no victims by its production and has not been found to be intrinsically related to the sexual abuse of children thus retaining full protection under the First Amendment. Under; law of 104th Congress, 2nd session P.L. 104-208, Omnibus Appropriation Act of 1997, 110 Stat. 3009-26, 27, and 28, Sec 121, Subsection 2. Definition, Sec. 2256 of title 18, United States Code (8) child pornography means; Any visual depictions, or generated images of sexually explicit conduct involving minors. This entire section of Sec 121, the law of the 104th Congress deals directly with child pornography and in its construction is void of any and all construction pertain to written expression of such material.

34.    Plaintiff also alleges that 103-CMR-430 offense code number 2, as applied in Exhibit "A", is in violation of both Constitutional Amendments First

and Fourteenth by being ambiguously vague. The mere vague construction of said offense code on its face is in violation of both the First and Fourteenth U.S. Constitutional Amendment by being ambiguously vague in its construction and application, which can and has been easily interpreted and manipulated by prejudice without supportive legitimacy Governmental purpose to control or prevent activities constitutionally subject to state regulations may not be achieved by means which sweep unnecessarily broadly and there by invade areas of protected freedoms <u>Constitutional Law Key 254 Note (6)</u> Statutes is void vagueness which **forbids** or requires doing an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ in its application <u>Note (5) Statutes Key 47 ; Zwiehler v. Koota 389 US 241 88 S.Ct. 391</u>

35    By failing to set out "explicit standards" for those who must apply 103-CMR-430 offense code number 2, it is capable of application which prohibits speech that is clearly protected by the First Amendment, this infringes upon the protected Rights of inmates it is implicated against.

36.    Defendant Peter Allen showed deliberate

indifferance with his clearly generic and very often used response, "Appeal Denied - No Merit." Such a generic response is a blatant violation of Plaintiff Due Process as well as a violation of 103 - CMR - 430

37.    It is logical to assume that Defendants should have a reasonable knowledge of Prisoners Rights as they have constant involvement with prisoners in the normal course of their duty while Acting under color of law. It is clearly illogical to assume that defendants could believe their Actions of censoring Plaintiff's out going mail was conducted to assure the order and security of the prison, thereby acting under color of law to protect a governmental interest.

38.    All defendants in this action, with the one exception of Patrick Mulvey, were lawfully served in a civil action involving related issues and pure logic dictates that the defendants take meassures to assure that their actions were in fact legal. In this case however it is clear that defendants have no regard for lawful or lawless actions carried out Against Plaintiff.

39.    By charging Plaintiff for offense codes numbers one and two and punishing Plaintiff for same defendants have violated Plaintiff Constitutional Right

(28)

Massachusetts Declaration of Rights Right Against double jeopardy.

# CLAIMS FOR RELIEF

1. The Actions of the defendants violated the plaintiff's due process Rights as established by 103-CMR-430 et seq, which are the disciplinary Regulations of the Department of Correction. These Regulations ARE promulgated pursuant to the state Administrative procedure Act and have the force of law. These Regulations are Attached to this complaint as Exhibit "I".

2. The Actions of the defendants violated the Plaintiffs' Due Process Rights as guaranteed by the Massachusetts Declaration of Rights.

3. The Actions of the defendants violated the Plaintiff Due Process Rights as guaranteed by the United State Constitution

4 The Actions of the defendants violated the Plaintiff Freedom of speech Rights as guaranteed by the Massachusetts Declaration of Rights

5 The actions of the defendants violated the

Plaintiffs' Freedom of Speech Rights as guaranteed by the United States Constitution.

6.    The actions of the defendants violated the Plaintiff's Rights against sexual/non-sexual discrimination as guaranteed by the Massachusetts Declaration of Rights.

7.    The actions of the defendants violated the Plaintiff's Rights against sexual/non-sexual discrimination as guaranteed by the United States Constitution.

8.    The actions of the defendants violated the Plaintiff's Rights against cruel and unusual punishment as guaranteed by the Massachusetts Declaration of Rights

9.    The actions of the defendants violated the Plaintiff's Rights against cruel and unusual punishment as guaranteed by the United States Constitution.

10.    The actions of the defendants, who are state officials acting under color of law, violated 42 U.S.C.A.§ 1983 and 18 U.S.C.A § 242.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests this Honorable Court:

1. Declare that the actions of the defendants violated the laws of the Commonwealth of Massachusetts; the Massachusetts Declaration of Rights; and, the United States Constitution.

2. Enjoin defendants to expunge the above-related disciplinary conviction and all records created by said disciplinary action from plaintiff's prison records and return all confiscated material to Plaintiff.

3. Grant Plaintiff equitable relief pursuant to M.G.L. c. 214 §1.

4. Grant monetary damages to plaintiff.

5. Grant punitive damages to plaintiff.

6. Grant damages to the Plaintiff pursuant to 42 U.S.C.A. §1983 and the Massachusetts Declaration of Rights

7.    Grant plaintiff all cost of this action and reasonable attorney fees as a pro se litigant.

8.    Take action against defendants pursuant to 18 U.S.C.A. § 242.

9.    Grant such other and further relief as this Honorable Court deems just and proper

Dated March 25, 2004

Respectfully Submitted

Joseph Peter Schmitt, pro se
30 Administration Road
Bridgewater, MA 02324-3230