103 CMR: DEPARTMENT OF CORRECTION


EXHIBIT I

103 CMR 430.00:   DISCIPLINARY PROCEEDINGS

Section

| | |
|---|---|
| 430.01: | Purpose |
| 430.02: | Statutory Authorization |
| 430.03: | Cancellation |
| 430.04: | Applicability |
| 430.05: | Access to 103 CMR 430.00 |
| 430.06: | Definitions |
| 430.07: | Disciplinary Personnel |
| 430.08: | Detection and Reporting of Disciplinary Offenses |
| 430.09: | Responsibilities of the Disciplinary Officer |
| 430.10: | Proceedings in Minor Matters |
| 430.11: | Proceedings in Major Matters: Notice and Scheduling of Hearing Before a Hearing Officer |
| 430.12: | Representation of Inmates and the Recording of Proceedings |
| 430.13: | The Hearing Officer's General Powers |
| 430.14: | Fact Finding Aspects of Hearings Before a Hearing Officer |
| 430.15: | Procedures for the Use of Informant Information |
| 430.16: | Deliberation and Decision by the Hearing Officer |
| 430.17: | Record of Disciplinary Proceedings |
| 430.18: | Appeal Procedures |
| 430.19: | Review of Dispositions |
| 430.20: | Not Guilty Findings Expunged |
| 430.21: | Placement on Awaiting Action Status/Transfer to Higher Custody |
| 430.22: | Isolation |
| 430.23: | Time Limits |
| 430.24: | Code of Offenses |
| 430.25: | Sanctions |
| 430.26: | Emergency |
| 430.27: | Responsible Staff |
| 430.28: | Review Date |
| 430.29: | Severability Clause |

430.01:   Purpose

The purpose of 103 CMR 430.00 is establish rules governing the conduct of disciplinary proceedings involving inmates of state correctional institutions, in order to maintain order and to further the social reintegration of inmates.

430.02:   Statutory Authorization

103 CMR 430.00 is issued pursuant to M.G.L. c. 124, § 1(b), (i) and (q) and M.G.L. c. 127, § 33. 103 CMR 430.00 is not intended to confer any procedural or substantive rights not otherwise granted by state or federal law.

430.03:   Cancellation

103 CMR 430.00 cancels all previous departmental or institutional policy statements, rules or regulations, and all previous Commissioner's Bulletins and Orders, regarding the conduct of disciplinary proceedings, to the extent they are inconsistent with 103 CMR 430.00.

430.04:   Applicability

103 CMR 430.00 is applicable to all employees and to inmates housed at all correctional institutions within the Department of Correction.

430.05:   Access to 103 CMR 430.00

103 CMR 430.00 shall be maintained within the Central Policy File of the Department and shall be accessible to all Department Employees. A copy of 103 CMR 430.00 shall also be maintained in each Superintendent's Central Policy File, and at each inmate library. Copies of 103 CMR 430.00 shall be posted in prominent places accessible to all inmates.

430.06:   Definitions

Commissioner - the Commissioner of Correction.

Department Disciplinary Unit (DDU) - a restricted area or areas designated by the Commissioner to which an inmate has been sentenced by a special hearing officer.

Hearing Officer - a hearing officer appointed by the Superintendent to conduct disciplinary hearings.

Preponderance of Evidence - a belief, formed after weighing the evidence, that the proponent's contention is more probably true than false.

Special Hearing Officer - a hearing officer appointed by the Commissioner to conduct disciplinary hearings.

<u>Superintendent</u> - the chief administrative officer of a state correctional institution.

<u>Weekday</u> - Monday through Friday, excluding holidays.

430.07: <u>Disciplinary Personnel</u>

(1) The Superintendent at each institution shall appoint a disciplinary officer who is of supervisory rank or function, who will perform the functions of that office, as set forth in 103 CMR 430.00. The Superintendent may appoint a disciplinary officer for a definite or indefinite term and may in addition appoint a separate disciplinary officer for any disciplinary matter or class of disciplinary matters.

(2) The Superintendent shall appoint a hearing officer or officers to conduct disciplinary hearings as set forth in 103 CMR 430.00. Each Superintendent may appoint a hearing officer or officers for a definite or indefinite term and may in addition appoint a new hearing officer to hear and determine any disciplinary matter or class of disciplinary matters.

(3) Notwithstanding the provisions of 103 CMR 430.07(1) and (2), the Commissioner may, in his discretion, appoint a special disciplinary officer and/or special hearing officer or officers to handle a particular matter or class of matters. The Commissioner shall appoint a special hearing officer(s) to hear all disciplinary matters which may result in the inmate receiving a sentence to a Department Disciplinary Unit.

430.08: <u>Detection and Reporting of Disciplinary Offenses</u>

(1) Informal handling of minor offenses in accordance with existing practices is not precluded or discouraged by 103 CMR 430.00. Where an employee reasonably believes that formal disciplinary action is not necessary, he or his supervisor may issue a warning or take other appropriate action and handle the matter informally.

(2) Where informal handling is not appropriate, an employee who has reason to believe that a disciplinary offense has been committed by an inmate shall, within 24 hours, write a disciplinary report and file it with the shift commander or other person designated by the Superintendent.

430.08:   continued

(3)   Within 24 hours from a reported rule violation, the shift commander or other supervisory staff person designated by the superintendent shall review the disciplinary report and make further investigation if deemed necessary.  No further investigation should be conducted by the employee who reported the incident.  Within the aforesaid 24 hours, the shift commander or other designated staff person may:
 (a)   Forward the disciplinary report to the disciplinary officer for disciplinary action;
 (b)   Handle the matter informally in consultation with the reporting staff person in accordance with the provisions of 103 CMR 430.08(1);
 (c)   Recommend dismissal of the disciplinary report to the disciplinary officer.
The shift commander or other designated staff person may revise or supplement the disciplinary report prior to forwarding it to the disciplinary officer.

430.09:   Responsibilities of the Disciplinary Officer

(1)   Within two weekdays from receipt of the disciplinary report, the disciplinary officer shall review the disciplinary report, make whatever further investigation he deems necessary and do one of the following:
 (a)   Dismiss the disciplinary report;
 (b)   With the approval of the Superintendent, take no immediate action on it pending the receipt of further information; or
 (c)   Proceed with formal disciplinary action.

(2)   If the disciplinary officer decides to proceed with formal disciplinary action, he shall, within two weekdays from the conclusion of the review, designate the offense as minor or major and may revise or supplement the disciplinary report. In cases where the disciplinary officer determines that a sentence to a Department Disciplinary Unit may be warranted, he shall forward a copy of the disciplinary report to the Commissioner's Special Hearing Officer.

(3)   In disciplinary cases in which the disciplinary officer determines restitution may be an appropriate sanction, the disciplinary officer shall provide the inmate with an itemized list of damages or costs associated with or resulting from the inmate's misconduct.  The itemized list of damages or costs

shall be provided to the inmate within a reasonable time, but not less than 24 hours before the inmate's interview or disciplinary hearing.

(4)   In designating the offense as a minor or major matter, the disciplinary officer may consider the following factors:
    (a)   Threat to institutional security;
    (b)   Repetitiveness;
    (c)   Extent of harm done; and
    (d)   Mitigating circumstances.

(5)   Cases involving little or no threat to the well being of others, to property, or to the security of the institution shall ordinarily but not necessarily be designated as minor matters.

430.10:   Proceedings in Minor Matters

(1)   After designation of an offense as a minor matter, the disciplinary officer or his designee shall serve the inmate with the disciplinary report within one weekday. The disciplinary officer or his designee shall also conduct an interview with the inmate.

(2)   The inmate may waive his right to an interview, and in such case the waiver shall be documented.

(3)   The interview shall occur within a reasonable time after the inmate has been served with the disciplinary report. After the disciplinary officer has conducted the interview and/or reviewed the evidence, he shall make a finding of guilty or not guilty within two weekdays. Upon a finding of guilty, the disciplinary officer shall also impose a sanction or sanctions from the list of minor sanctions listed in 103 CMR 430.25(1).

(4)   The disciplinary officer or his designee shall notify the inmate in writing of the finding and sanction, if any, within one weekday of the determination, and, upon a finding of guilty, he shall advise the inmate of his right to appeal to a hearing officer and shall give the inmate an appeal form.

(5)   An inmate aggrieved by the findings and/or sanction of the disciplinary officer on a minor matter may request a hearing before a hearing officer on the disciplinary report within two days of the receipt of the finding. The appeal

hearing before the hearing officer shall be scheduled within a reasonable time and shall be conducted in accordance with the procedures governing hearings before a hearing officer on major matters except the provisions of 103 CMR 430.12(1) and 430.12(3) shall not apply.

(6) The hearing officer hearing a minor matter may sustain the findings and sanction of the disciplinary officer, reduce, increase or suspend the sanction, or reverse the decision and dismiss the charge. The inmate shall receive a written copy of the hearing officer's decision on the appeal within two weekdays of the conclusion of the hearing. The inmate may appeal the hearing officer's decision to the Superintendent pursuant to 103 CMR 430.18.

430.11:   Proceedings in Major Matters:   Notice and Scheduling of Hearing Before a Hearing Officer

(1) Within one weekday of the designation of the offense as a major matter, the disciplinary report, a notice of hearing, and a request for representation and/or witness form shall be served upon the inmate by the disciplinary officer or his designee.

(2) The disciplinary officer shall schedule a hearing before a hearing officer within a reasonable time, but not less than 24 hours after the inmate has been served with both the disciplinary report and the notice specifying the time of hearing. The disciplinary officer or hearing officer may continue a hearing at his discretion. The inmate shall be given written notice of such continuance and the new date for the hearing. The inmate shall be entitled to one continuance for good cause provided that any request for a continuance must ordinarily be made at least 24 hours prior to the scheduled time of the hearing.

(3) An inmate may waive his right to 24 hours notice of the disciplinary hearing. An inmate may waive his right to appear before the hearing officer. Such waivers shall be appropriately documented.

(4) An inmate may waive any right to a disciplinary hearing and enter a guilty plea to the disciplinary officer. The disciplinary officer should conduct an interview with the inmate and may assess mitigating circumstances presented by the inmate. The disciplinary officer shall then impose a

sanction in accordance with 103 CMR 430.25. An inmate may appeal the sanction in accordance with 103 CMR 430.18.

(5) If an inmate wishes to be represented in accordance with the provisions of 103 CMR 430.12(1) and (2) or if the inmate wishes to have the reporting staff person or other witnesses present in accordance with the provisions of 103 CMR 430.14(4) and 430.14(6), he shall complete the request for representation and witness form and submit it to a staff person within 24 hours of receiving it. Any staff person who receives such form shall complete it and deliver it to the disciplinary officer before the close of his tour of duty. The failure to submit a request for representation and witness form may, in the discretion of the hearing officer, constitute a waiver of the inmate's rights to call witnesses and to be represented at the hearing.

430.12:   Representation of Inmates and the Recording of Proceedings

(1) An inmate may be represented by an attorney or a law student at a hearing before a hearing officer. It shall be the inmate's responsibility to secure such representation and he shall be allowed to make, or have made on his behalf, a telephone call for that purpose. A representative may request a continuance but the Department of Correction shall be under no obligation to schedule a hearing in accordance with the scheduling requirements of a representative. The inmate's representative shall be entitled to make an amended request for witnesses or the reporting staff person's presence, provided that such amended request must ordinarily be communicated to the disciplinary officer at least 24 hours prior to the scheduled time for the hearing.

(2) Where an inmate is illiterate or non-English speaking, or where the issues presented are complex, the inmate shall, if he is unable to secure legal representation, be afforded the right to be assisted by a staff member designated by the Superintendent.

(3) An inmate shall be permitted to record a hearing before a hearing officer through use of tape recording equipment provided by the inmate or his representative. An indigent inmate, as defined by 103 CMR 481.06, shall be afforded a tape of the hearing upon prior written request by the inmate or his representative. The inmate shall be required to deliver any tape, so used, to the hearing officer at the close of the

disciplinary hearing. The hearing officer shall deliver such tape to the Superintendent or his designee who shall be responsible for the safekeeping of the tape. The inmate or his representative shall have access to the tape for future reference and his representative shall be permitted to make and retain for his own use a duplicate tape either at the hearing or thereafter from the original tape.

430.13:   The Hearing Officer's General Powers

(1) The hearing officer shall govern the conduct of every phase of a hearing including, but not limited to, the interpretation and construction of 103 CMR 430.00 and the conduct of all parties. The hearing officer may go into executive session at anytime to consider procedures.

(2) The hearing officer shall be impartial. An inmate may challenge the impartiality of the hearing officer. If the inmate challenges the impartiality of the hearing officer, the disciplinary officer or his designee shall determine if the inmate has stated substantial reasons to support the claim. For example, a witness to the event at issue shall not sit as a hearing officer. If the hearing officer is removed by the disciplinary officer, the Superintendent or his designee shall designate a replacement as soon as practicable.

(3) The hearing officer shall not be bound by the rules of evidence observed by the courts of the Commonwealth.

(4) All parties, counsel, witnesses and other persons present at a hearing shall conduct themselves in a professional manner consistent with the standards of decorum commonly observed in the courts of the Commonwealth. The hearing officer may take whatever appropriate actions are necessary to conduct a hearing when confronted with the improper conduct of any participant.

(5) The hearing officer shall make findings of fact, determine guilt or innocence, and impose sanctions and recommendations.

430.14:   Fact Finding Aspects of a Hearing before a Hearing Officer

(1) At the beginning of a hearing on a disciplinary offense which has been or may be referred to the district attorney for prosecution, the hearing officer shall advise the inmate that

he has the right to remain silent and that anything he says during the hearing may be used against him in a court of law. The hearing officer shall then read the charges to the inmate and ask the inmate if he wishes to admit or deny the charges. If the inmate admits the charges, the hearing officer may immediately consider mitigating evidence in imposing the sanction.

(2)   If the inmate does not admit the charges, the hearing officer shall conduct a fact finding hearing at which he may consider written, oral and physical evidence. All evidence considered by the hearing officer shall be presented in the presence of the inmate except informant information which shall be presented in accordance with the provisions of 103 CMR 430.15.

(3)   The inmate shall be allowed, but shall not be compelled, to make an oral statement or to present a written statement in his own defense or in mitigation of punishment. An inmate's silence may be used to draw an adverse inference against him, but his silence shall not be the sole basis for a guilty finding.

(4)   The inmate shall be allowed to call and question witnesses in his defense, or to present other evidence, when permitting him to do so will not be unduly hazardous to personal safety, institutional safety or correctional goals. The factors that the hearing officer may consider when ruling on an inmate's request to call witnesses, questioning of witnesses, or offer of other documentary or physical evidence shall include, but shall not be limited to, the following:
   (a)   Relevance;
   (b)   Whether the evidence is cumulative or repetitive;
   (c)   Hazards presented by an individual case;
   (d)   Unavailability of the reporting staff person or other staff person for a prolonged period of time due to illness, vacation or other authorized absence, or for other good cause;
   (e)   Failure of the inmate to provide a summary of the expected testimony of a proposed witness.

(5)   The reporting staff person shall, when requested by the inmate or the hearing officer, attend the hearing unless a determination of unavailability has been made. If the inmate does not request the presence of the reporting officer at his disciplinary hearing, the hearing officer may, at his

discretion, accept the reporting officer's statements in his report as true, provided that the report is based on the officer's eyewitness account or other personal knowledge. Further, such statements in the report may be considered by the hearing officer in making his findings pursuant to 103 CMR 430.16(1). Any determination of unavailability shall be in writing and shall be reviewed by the Superintendent or his designee prior to the commencement of the hearing. The Superintendent or his designee may approve the determination or disapprove it and require rescheduling of the hearing at a time when the staff person will be available.

(6) The hearing officer, at his discretion, may call and question witnesses on his own motion. The hearing officer may continue a hearing at his discretion.

430.15:   Procedures for the Use of Informant Information

In disciplinary cases involving informant information, the hearing officer may consider documentary evidence and/or testimony which is not presented in the presence of the inmate or his representative only if, after viewing and/or hearing such documentary evidence or testimony, the hearing officer has:

(1) Made a finding that the informant is reliable and that the information is credible. This finding shall be included in the record and should contain the following information:
   (a) the facts upon which the hearing officer based his conclusion that the informant was reliable and that the information was credible.
   (b) a statement of the information provided by the informant as specific as is possible without creating a substantial risk of disclosing the identity of the informant. The statement should demonstrate that the informant had personal knowledge of the information he provided;

(2) Made a finding that the disclosure of the documentary evidence or testimony provided by the informant to the inmate or his representative would create a substantial risk of harm to the informant, to any other person, or to the security of the institution;

(3) The hearing officer shall present a summary of the informant information to the inmate at the hearing. Such a

presentation may, however, be foregone in cases where disclosure of the information in any greater detail than that which is contained in the disciplinary report itself would create a substantial risk of disclosing the identity of the informant.

(4) The hearing officer may consider informant information and base the findings in 103 CMR 430.15(1) on information which is limited to oral or written hearsay evidence. The hearing officer shall not be required to interview the informant in person.

430.16: Deliberation and Decision by the Hearing Officer

(1) After the close of the presentation of the evidence, the hearing officer shall consider and determine the guilt or innocence of the inmate. The proponent of the disciplinary report shall have the burden of proving the offense(s) by a preponderance of the evidence, but need not necessarily appear before the hearing officer.

(2) If the inmate is found guilty, the hearing officer may impose one or more of the sanctions listed in 103 CMR 430.25. The inmate's disciplinary chronology shall not be considered by the hearing officer in determining the guilt or innocence of the inmate but it may be considered in deciding the appropriate sanction. The hearing officer may also in his discretion, recall the inmate after reaching a guilty finding but prior to deciding on a sanction to discuss issues related to his decision on a sanction. Upon a rehearing, the hearing officer may increase or decrease the sanction previously imposed without regard to a previous hearing officer's decision.

(3) The hearing officer may reduce the disciplinary report's designation from "major" to "minor". The hearing officer may also make recommendations concerning the inmate's classification status.

430.17: Record of Disciplinary Proceedings

(1) If a guilty finding is reached, the hearing officer shall prepare a written decision containing the following:
   (a) A description of the evidence relied upon in reaching the guilty finding;

(b) A statement of the reason(s) for the sanctions imposed;
(c) An explanation for the exclusion of evidence and witnesses;
(d) A notice of the right of appeal.  This written decision shall be given to the inmate within two weekdays of the close of the hearing.

(2) The evidence relied upon for the guilty finding and the reasons for the sanction shall be set out in specific terms. Where the hearing has involved the use of informant information, the statement of the evidence shall be set out in accordance with 103 CMR 430.15.

(3) All disciplinary decisions and dispositions shall be documented in the records of the disciplinary officer.

(4) Where the inmate has been found guilty, a copy of the disciplinary report, notice of hearing, request for representation/witnesses form, waivers, the hearing officer's decision and appeal forms, shall be kept in the inmate's institutional and central office records.

430.18:   Appeal Procedures

(1) All inmates may appeal the finding or sanction(s) of the hearing officer regarding a major matter or an appeal of a minor matter to the Superintendent within five days following the inmate's receipt of the hearing officer's written decision.  The Superintendent at his discretion, may consider an appeal filed after the expiration of the five day period but no later than 15 days after, the inmate has received the hearing officer's decision.

(2) The Superintendent or his designee acting as the appellate authority may sustain the finding and sanction of the hearing officer, order a rehearing, reduce the designation from "major" to "minor", reduce or suspend the sanction, dismiss the charges, or take whatever remedial action he deems appropriate.  In no event shall a Superintendent or his designee increase any sanction on an appeal from a decision of the hearing officer.  The Superintendent shall normally decide an appeal within five weekdays of its receipt and notify the inmate in writing of his decision.

(3) The Commissioner may, at his discretion, appoint an individual or group of individuals to serve as the appellate authority in place of the Superintendent in any disciplinary case or class of cases. The Commissioner or his designee shall serve as the appellate authority in any disciplinary case in which an inmate is sentenced to a Department Disciplinary Unit.

430.19:   Review of Dispositions

The Superintendent or his designee shall review all disciplinary dispositions regardless of outcome and upon such review may take any action which a Superintendent may take under 103 CMR 430.18. This review shall be documented.

430.20:   Not Guilty Findings Expunged

If an inmate is found not guilty of a disciplinary offense, the disciplinary report and the hearing officer's decision and all references thereto shall be removed from the inmate's folder, unless the disciplinary report also includes offenses on which the inmate was found guilty by the hearing officer. Dismissed and not guilty reports, as well as hearing officer decisions which are expunged from the inmate's folder pursuant to court order or settlement agreement may be kept by the disciplinary officer for the specific and exclusive purposes of and may only be used for research, officer training and statistical data.

430.21:   Placement On Awaiting Action Status/Transfer to Higher Custody

(1) At the discretion of the Superintendent or his designee, and subject to any applicable review requirements, an inmate who is under investigation for a possible disciplinary offense or has been charged with or found guilty of a disciplinary offense, may be placed on awaiting action status at the institution where he is then confined. Such status may include more restrictive confinement as deemed appropriate by the Superintendent or his designee.

(2) An inmate who is under investigation for a possible disciplinary offense, may be transferred to another Massachusetts institution, or an out-of-state institution prior to a classification hearing. An inmate so transferred may, at the discretion of the Superintendent or his designee

at the receiving institution, and subject to any applicable review requirements, be placed on awaiting action status. Such status may include more restrictive confinement as deemed appropriate by the Superintendent or his designee.

430.22:   Isolation

(1)   An inmate may be placed in isolation only pursuant to a sanction imposed by a hearing officer. Placement in isolation shall not occur until:
   (a)   The inmate has waived his right to appeal either through submitting a written waiver to the disciplinary officer or failure to file an appeal within the time prescribed in 103 CMR 430.18; or
   (b)   The inmate's appeal has been decided against him; or
   (c)   The inmate has requested in writing that he begin his isolation time notwithstanding the fact that the appeal is pending.

(2)   The Superintendent shall designate such person or persons as he deems appropriate to review the status of inmates housed in isolation on a weekly basis. No inmate shall be retained in isolation continuously for more than 15 days for any one violation. No more than 30 days isolation shall be imposed on an inmate for all violations arising out of the same or substantially connected incident(s), unless specifically authorized by the Commissioner. No inmate shall, at any given time, be facing more than 30 days of closed solid door isolation time, unless specifically authorized by the Commissioner.

430.23:   Time Limits

All procedural time limits set forth in 103 CMR 430.00 are directory and may be waived by the Superintendent or the Commissioner or their designees.

430.24:   Code of Offenses

Disciplinary offenses shall include the following acts:

(1)   Disobeying an order of, lying to, or insolence toward a staff member.

(2)   Violating any departmental rule or regulation, or any other rule, regulation, or condition of an institution or community based program.

(3)   Failure to keep one's person or one's quarters in accordance with institutional rules.

(4)   Being out of place.

(5)   Unexcused absence from, willful failure to properly perform, or refusal to accept a work assignment, housing assignment or program.

(6)   Counterfeiting, forging, misrepresentation on or unauthorized reproduction of any document, article of identification, money, security, or official paper.

(7)   Tampering with or blocking any locking device, door, gate, or window.

(8)   Conduct which disrupts or interferes with the security or orderly running of the institution.

(9)   Escape or possession of escape tools.

(10)   Manufacture, possession, introduction, or use of any unauthorized controlled substance, alcoholic beverage or associated paraphernalia.

(11)   Misuse of authorized medication, for example the unauthorized accumulation of prescribed medication.

(12)   Refusal to take a breathalizer test or to provide a urine specimen.

(13)   Gambling.

(14)   Participating in or encouraging a riot, work stoppage, hostage taking, or unauthorized group demonstration.

(15)   Possession, manufacture, or introduction of a gun, firearm, explosive, ammunition, weapon, sharpened instrument, knife or tool.

(16)   Killing.

(17)   Self mutilation.

(18)   Fighting with, assaulting, or threatening another person with any offense against his person or property.

(19)   Use of obscene, abusive or threatening language, action, or gesture to any inmate, staff member, or visitors.

(20)   Engaging in unauthorized sexual acts with others.

(21)   Setting fire.

(22)   Willfully destroying or damaging state property or the property of another person.

(23)   Unauthorized possession of property belonging to another person.

(24)   Possession of items, including money or currency, not authorized for retention or receipt by the inmate.

(25)   Giving money or any item of value to, or accepting money or any item of value from another inmate, a member of his family or his friend, without authorization.

(26)   Stealing.

(27)   Giving or offering any official or staff member a bribe.

(28)   Giving or offering any official or staff member any item or service of value.

(29)   Extortion, blackmail, protection; demanding or receiving money or anything of value in return for any reason.

(30)   Charging or receiving money or anything of value, either directly or indirectly, from another inmate, a member of his family, or any other person, for rendering legal assistance.

(31)   Wearing or displaying colors or any type of emblem, insignia or logo suggesting possible membership or affiliation with a gang, group, party or other association whenever such wearing or display may, in the opinion of the superintendent,

pose a threat to the security, good order and safety of the institution.

(32)   Violating any law of the Commonwealth of Massachusetts or the United States.

(33)   Attempting to commit any of the above offenses, making plans to commit any of the above offenses or aiding another person to commit any of the above offenses shall be considered the same as the commission of the offense itself.

430.25:   Sanctions

(1)   Minor sanctions include, but are not limited to, the following:
   (a)   Reprimand;
   (b)   Loss of privileges for a specified period of time;
   (c)   Room, grounds, or house restriction;
   (d)   Restitution;
   (e)   Extra-work duty for a specified period of time.

(2)   Minor sanctions may be suspended for a specified period of time not to exceed three months.

(3)   Major sanctions include:
   (a)   Isolation, for a specified period of time not to exceed 15 days for one offense, and no more than 30 days for all violations arising out of one incident.
   (b)   Recommended good time forfeiture.
   (c)   All minor sanctions.
   (d)   Sentence to a Department Disciplinary Unit for a period not exceeding ten years. An inmate shall be credited for time served on a monthly basis except when an inmate fails to attend his monthly review or is found guilty of a disciplinary offense.

(4)   Major sanctions may be suspended for a specified period of time not to exceed six months.

(5)   Any case in which the sanction includes a recommended good time forfeiture shall be submitted to the Commissioner for his determination as to what part, if any, of an inmate's good time credits shall be forfeited pursuant thereto. The Commissioner may order a forfeiture of all good time credits by an inmate. M.G.L. c. 127, § 129. The Commissioner may

accept or reduce the hearing officer's recommended forfeiture of good conduct credits.

### 430.26:   Emergency

Whenever in the opinion of the Commissioner, Deputy Commissioner or the Superintendent of a state correctional institution, an emergency exists which requires the suspension of part or all of 103 CMR 430.00, he may order such a suspension, provided that any such suspension beyond 48 hours must be authorized by the Commissioner.

### 430.27:   Responsible Staff

The Superintendent of each institution shall be responsible for implementing and monitoring 103 CMR 430.00 in his institution.

### 430.28:   Review Date

103 CMR 430.00 shall be reviewed at least annually from the effective date by the Commissioner or his designee. The party or parties conducting the review shall develop a memorandum to the Commissioner with a copy to the Central Policy File indicating revisions, additions, or deletions which shall be included for the Commissioner's written approval and shall become effective upon such approval.

### 430.29:   Severability Clause

If any article, section, subsection, sentence, clause or phrase of 103 CMR 430.00 is for any reason held to be unconstitutional, contrary to statute, in excess of the authority of the Commissioner or otherwise inoperative, such decision shall not affect the validity of any other article, section, subsection, sentence, clause or phrase of 103 CMR 430.00.

REGULATORY AUTHORITY

103 CMR 430.00:   M.G.L. c. 124. § 1(b), (i), (q); c. 127, § 33.
NON-TEXT PAGE