```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT,              )
        Plaintiff,              )
                                )
     v.                         )   C.A. No. 04-10451-RWZ
                                )
JEFFREY SMITH, et al.,          )
        Defendants.             )
_____

JOSEPH P. SCHMITT,              )
        Plaintiff,              )
                                )
     v.                         )   C.A. No. 04-10717-RWZ
                                )
PATRICK MULVEY, et al.,         )
        Defendants.             )
```

## ORDER ON MOTIONS FOR DOCUMENTS

For the reasons stated below, plaintiff's motions for the production of certain documents are denied without prejudice.

## BACKGROUND

In March of this year, plaintiff Joseph Schmitt, an involuntarily civilly-committed person adjudged to be "sexually dangerous" under Massachusetts law, filed an application to proceed without prepayment of fees and a complaint naming officers at MCI Cedar Junction, the superintendent of that institution, and the now-former commissioner of the Department of Correction. The complaint, which received civil action number 04-10451-RWZ, was based on disciplinary sanctions imposed on Schmitt in March and April 2002, while he was completing a criminal sentence at Cedar Junction. Schmitt claims that his constitutional rights were violated when he

was disciplined for mailing materials that prison officials deemed to be child pornography.

In April, Schmitt filed an application to proceed without prepayment of fees and a second complaint, which received case number 04-10717-RWZ. The complaint, which named many of the same defendants as his first complaint, was based on events occurring in February 2002 and again involved disciplinary sanctions imposed on Schmitt, this time for allegedly authoring child pornography materials.

In each of these actions, Schmitt has filed motions seeking an order directing the defendants to produce copies of Schmitt's legal materials. Schmitt claims that papers involving eight state court actions filed by him were improperly taken by prison officials when he was transferred to another institution.

## ANALYSIS

Because this Court was reviewing plaintiff's complaints pursuant to Section 1915, summonses have not issued and the defendants have not yet been served with a copy of the complaint. Neitzke v. Williams, 490 U.S. 319, 325 (1989)(interpreting former § 1915(d); review may occur prior to issuance of process to spare prospective defendants the inconvenience and expense of answering defective complaint). Thus, plaintiff's motions for production of documents are premature, and will be denied without prejudice to their renewal after the defendants have been

served.  I have directed service of the complaints by the United States Marshal Service in orders to be entered contemporaneously with this Order.

## CONCLUSION

ACCORDINGLY, plaintiff's motions for production of documents are DENIED without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 1st day of October, 2004.

                                          s/ Rya W. Zobel
                                          RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE