UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH PETER SCHMITT, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 2004-10717-RWZ |
| | ) | |
| PATRICK MULVEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANTS MASSACHUSETTS DEPARTMENT OF CORRECTION, MULVEY, GROSSI, ALLEN, FARIA, AND THERIEN

Now come the defendants Massachusetts Department of Correction, Mulvey, Grossi, Allen, Faria, and Therien, in the above-captioned matter, and answer plaintiff's complaint paragraph by paragraph as follows:

Introduction

The allegations contained in this paragraph are introductory in nature and do not require a responsive pleading. To the extent that the plaintiff alleges that the defendants violated any law policy or regulation, the allegations are denied.

Parties

1.  The defendants admit the allegation contained in the first sentence of this paragraph. The remaining allegations contained in this paragraph state conclusions of law and do not require a responsive pleading.

2.  The defendants admit the allegations contained in the first three sentences of this paragraph. The remaining allegations state conclusions of law and do not require a responsive

2

pleading.

3.　　The defendants admit the allegations contained in the first two sentences of this paragraph. The remaining allegations state conclusions of law and do not require a responsive pleading.

Second #3.

　　The defendants admit the allegations contained in the first two sentences of this paragraph. The remaining allegations state conclusions of law and do not require a responsive pleading.

4.　　The defendants admit the allegations contained in the first two sentences of this paragraph. The remaining allegations state conclusions of law and do not require a responsive pleading.

5.　　The defendants admit the allegations contained in the first two sentences of this paragraph. The remaining allegations state conclusions of law and do not require a responsive pleading.

6.　　The defendants admit the allegations contained in the first two sentences of this paragraph. The remaining allegations state conclusions of law and do not require a responsive pleading.

7.　　The defendants admit that the Massachusetts Department of Correction is a named defendant and an agency of the Commonwealth of Massachusetts. The remaining allegations contained in this paragraph state conclusions of law and do not require a responsive pleading.

8.　　The allegations contained in this paragraph state conclusions of law and do not require a

3

responsive pleading.

Facts

9.  Admitted.

10. Admitted.

11. Admitted.

12. The defendants admit plaintiff refused to attend the hearing and are without sufficient information or knowledge with which to admit or deny the remaining allegations contained in this paragraph.

13. The allegations contained in this paragraph are denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. The allegations contained in this paragraph are denied.

18. Admitted.

19. The defendants admit plaintiff's appeal of disciplinary report 02-0344 was denied by then Superintendent Peter Allen on March 26, 2002, and that the decision read "Appeal denied- No Merit". The defendants are without sufficient information or knowledge with which to admit or deny any remaining allegations contained in this paragraph.

20. The defendants admit that plaintiff submitted a request for representation and/or witnesses form. The defendants deny the remaining allegations contained in this paragraph.

21. The defendants admit that the disciplinary hearing officer's statement of evidence relied

4

upon stated "Schmitt has been previously warned in the past to cease such activity." The defendants admit that plaintiff received another disciplinary report numbered 01-1583 that speaks for itself and that he filed an action entitled <u>Schmitt v. Smith, et al.</u>, USDC 2004-CV-10451-RWZ. The disciplinary report and hearing forms speak for themselves and the defendants deny any remaining allegations contained in this paragraph.

22. The defendants admit the allegations contained in the first sentence of this paragraph. The defendants deny the second and third sentences of this paragraph and are without sufficient information or knowledge with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

<u>Supporting Case Law</u>

Paragraphs 1-28 cite conclusions of law and do not require a responsive pleading.

<u>Legal Arguments</u>

Paragraphs 1- 39 state conclusions of law and do not require a responsive pleading. To the extent these paragraphs state mixed allegations of fact and law they are denied.

<u>Claims for Relief</u>

The allegations contained in paragraphs 1-10 are denied.

<u>Prayers for Relief</u>

The defendants oppose each and every of plaintiff's requests for relief contained in paragraphs 1-9.

AFFIRMATIVE DEFENSES

5

1.  Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.  The defendants at all times acted within their official discretion.

3.  The defendants at all times acted reasonably, without malice, recklessness, or disregard of the plaintiffs' rights and with the good faith belief that their actions were lawful and not in violation of any of plaintiff's rights.

4.  The defendants are entitled to qualified immunity.

5.  The defendants are entitled to sovereign immunity.

## JURY CLAIM

The defendants demand a trial by jury on all issues so triable.

        Respectfully submitted,

        DEFENDANTS
        Mulvey, Grossi, Allen, Faria, Therien and Massachusetts Department of Correction
        By their Attorneys

        NANCY ANKERS WHITE
        Special Assistant Attorney General


        ___/s/ Philip W. Silva___
        Philip W. Silva, Esq.
        Bridgewater State Hospital
        20 Administration Road
        Bridgewater, MA. 02324
        Tel. No. (508) 279-4543
        B.B.O. No. 548175

6

I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail on December 16, 2004.

                                         /s/ Philip W. Silva_____
                                         Philip W. Silva, Esq.