UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH PETER SCHMITT | ) | |
| | ) | |
| v. | ) | C.A. No. 2004-10717-RWZ |
| | ) | |
| PATRICK MULVEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ROBERT MURPHY

I, Robert Murphy, hereby depose and say:

1. The Massachusetts Department of Correction ("Department") employs me as the Superintendent at the Massachusetts Treatment Center. I have held this position since November of 1997. Attached hereto as Exhibit 1 is copy of my education and employment history.

2. The Treatment Center is a correctional facility housing approximately 620 males. All of the incarcerated individuals are sex offenders. They are either civilly committed from a day to life as sexually dangerous, awaiting a civil commitment hearing to determine sexual dangerousness, or serving a sentence for a sex crime.

3. Numerous female staff are employed at the facility, holding positions such as correction officers, correction program officers, administrative and clerical staff members. In addition, there are numerous female medical and psychological service staff members employed at the Treatment Center, including many female therapists who work directly with the inmates on a regular basis.

4. Joseph Schmitt is an inmate currently housed at the Treatment Center awaiting a day to life commitment proceeding pursuant to Mass. Gen. Laws c. 123A. He was transferred to the Treatment Center on August 9, 2002, from the maximum security institution MCI-Cedar Junction having completed a four to eight year sentence for two counts of rape of a child.

5. As an inmate at the Treatment Center, Schmitt is not permitted to possess or mail "sexually explicit material that by its nature or content poses a threat to the security, good order, or discipline of the institution" or "that may interfere with the treatment and rehabilitation process" at the Treatment Center. Moreover, material that "[d]epicts, [d]escribes or encourages activities that may lead to the use of physical violence or group disruption... or encourages or instructs in the commission of criminal activity" is banned.

6. Based on my experience as a Superintendent and Deputy Superintendent, and research concerning pornography of which I am aware, the rule prohibiting pornography promotes the rehabilitation process of sex offenders and the safety and security of the institution.

7. In the context of the Treatment Center, which houses both inmates civilly committed as sexually dangerous persons and those serving criminal sentences for sexual crimes, the rational connection between the rule prohibiting pornography and the goals of rehabilitation and preserving institutional security and good order is even stronger than in an ordinary prison setting.

8. In addition, the rule is designed to prevent the harassment of female officers and treatment providers and to help preserve institutional security. Based on my experience and studies of which I am aware, it is my view that inmates exposed to sexually explicit

material become desensitized to what they are viewing and require more and more graphic material which may ultimately result in acting out sexual fantasies. Due to the lack of physical relationships of choice in prison, there is an increased possibility that inmates who view sexually explicit material will engage in consensual and non-consensual homosexual sex, thereby increasing the spread of HIV, hepatitis and other sexually transmitted diseases. Aggressive and predatory behavior, such as non-consensual sex, sexual molestation, masturbation or exposing in front of staff, and inappropriate touching or writing to staff, endangers the lives and safety of staff and inmates.

9.  In my opinion, permitting inmate Joseph Schmitt to possess and/or mail either the material, which is the subject of this case, or similar materials poses a significant and immediate risk to the security and good order of the institution. In making this determination, I considered Schmitt's history of rape of a child and the fact that the material involves sexual acts between children. It is my professional opinion, that if other inmates became aware of Schmitt's possession of sexually explicit material involving children that Schmitt may become the target of such inmates.

10. Schmitt is permitted to write compositions concerning any number of events, thoughts and experiences he wishes. The rule at the Treatment Center only prohibits him from possessing "sexually explicit material that poses a threat to the security, good order, or discipline of the institution" or "that may interfere with the treatment and rehabilitation process" at the Treatment Center.

11. While some inmates at the Treatment Center might not be adversely affected by possessing sexually explicit material involving children, any limited allowance of such

material would require a case by case review. Such a review would require professional staff and the Treatment Center is not sufficiently staffed to conduct case by case reviews of sexually explicit material. Further, a limited allowance of such material would be ineffective, as inmates are more than likely to pass their material to other prisoners.

I hereby certify on this 22nd day of March, 2005, under the penalty of perjury that the foregoing is true and correct.

Robert Murphy

ROBERT F. MURPHY, JR.

## EXPERIENCE

MASSACHUSETTS TREATMENT CENTER
30 ADMINISTRATION ROAD
BRIDGEWATER, MA 02324
*SUPERINTENDENT*
*NOVEMBER, 1997 TO PRESENT*

MCI CONCORD
PO BOX 9106
CONCORD, MA 01742
*Deputy Superintendent of Treatment*
*October 1996 - November, 1997*

MCI FRAMINGHAM
PO BOX 9007
FRAMINGHAM, MA 01701
*Deputy Superintendent of Treatment*
*October 1992 - October 1996*

BRIDGEWATER STATE HOSPITAL
20 ADMINISTRATION ROAD
BRIDGEWATER, MA 02324
*Deputy Superintendent of Patient Services*
*April 1988 - October 1992*

DEPARTMENT OF CORRECTION, CENTRAL OFFICE
100 CAMBRIDGE STREET
BOSTON, MA 02202
*Deputy Director of Classification Services*
*April 1987 - April 1988*

MCI SHIRLEY
PO BOX 1218
SHIRLEY, MA 01464
*Director of Classification*
*September 1985 - April 1987*

MCI PLYMOUTH
PO BOX 207
SO. CARVER, MA 02366
*Director of Treatment*
*February 1985 - September 1985*



EXHIBIT 1

MCI CONCORD
PO BOX 9106
W. CONCORD, MA 01742
*Supervising Counselor*
*May 1980- February 1985*

MCI NORFOLK
PO BOX 43
NORFOLK, MA 02056
*Correction Counselor*
*August 1979- May 1980*

MCI CEDAR JUNCTION
PO BOX 100
SO. WALPOLE, MA 02071
*Correctional Social Worker*
*July 1976- August 1979*

# EDUCATION

FRAMINGHAM STATE COLLEGE
*Masters of Arts, Business Administration, June 1994*

NORTHEASTERN UNIVERSITY
*Bachelors of Science, Criminal Justice, September 1977*