UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10717-RWZ

JOSEPH P. SCHMITT

v.

PATRICK MULVEY, et al.

ORDER ON VARIOUS MOTIONS

March 30, 2005

ZOBEL, D.J.

This is a companion case to Joseph P. Schmitt v. Jeffrey Smith, et al., Civil Action No. 04-10451 and raises substantially the same questions. This action also grew out of a disciplinary proceeding for allegedly sending or attempting to send pornographic materials out of MCI Cedar Junction. Plaintiff's complaint in this case refers to a disciplinary report dated February 2, 2002, but is similar to that in the Smith case, and the ensuing motion practice also tracks that in the earlier litigation. The rulings will therefore also follow those in the Smith case.

1. Plaintiff's Motion for Court to Order to Produce Evidence (#3), Plaintiff's Motion for Court to Order Defendants to Produce Evidence (#10), and Plaintiff's Motion for Order for Production of Evidence Regarding Disciplinary Report No. MCI-CJ 2002-0344. (#27)

These three motions are substantially the same and all ask for production of documents relevant to the disciplinary report at issue in the case.

The motions are allowed without opposition.

2. <u>Plaintiff's Motion for Court to Order Defendants to Produce Copy of Civil Action No. SUCV2002-01662. (#5).  Plaintiff's Motion for Court to Issue and Order for Defendants to Produce a True and Legible Copy of Suffolk Superior Court Civil Action No. SUCV2002-01662. (#11)</u>

These identical motions seek documents that pertain to a lawsuit plaintiff brought in the state court.  Defendants have no obligation under any rule or statute to provide these documents which are equally available to plaintiff.

The motions are denied.

3. <u>Plaintiff's Motion to Compel (#14)</u>

With this motion plaintiff seeks production of the current address of Michael T. Maloney, the former Commissioner of Corrections and a defendant.

The motion is denied as moot since a return of service on Mr. Maloney has been filed.

4. <u>Defendants' Motion for Leave to File Exemption from LR.7.1 (#16)</u>

The motion is allowed.

5. <u>Plaintiff's Motion for Appointment of Counsel (#25)</u>

The court has attempted since the beginning of the year to secure counsel to represent plaintiff in the two related cases.  So far its efforts have been fruitless.  If counsel can be found, the motion will be allowed and counsel appointed.  However, unless the court is able to obtain counsel within the next 10 days, the motion will be denied and both cases will continue with plaintiff pro se.

Finally, plaintiff is ordered to cease filing the same motion more than once. While his impatience with the court may be understandable, imposing additional burdens on the court with multiple identical requests does not help to streamline the process of ruling on them.

_____        /s/ Rya W. Zobel
         DATE                                                    RYA W. ZOBEL
                                                                 UNITED STATES DISTRICT JUDGE