(i)

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, PRO SE.,  )
      PLAINTIFF  )
        VS.  ) C.A. No. 2004-10717-RWZ
PATRICK MULVEY, ET AL.,  )
      DEFENDANTS  )

INTERROGATORIES

    Now comes the pro se plaintiff, Joseph P. Schmitt, in the above civil action and presents the following numbered interrogatories to the defendants through their counsel, Philip W. Silva.
    Plaintiff hereby requests that each question and sub-question be answered completely and clearly.

    1) Is the following an accurate description of what is stamped in blue ink on the back of all inmate out-going mail? "THIS CORRESPONDENCE IS FORWARDED FROM A MASSACHUSETTS CORRECTIONAL INSTITUTION. THE CONTENTS MAY NOT HAVE BEEN EVALUATED AND THE DEPARTMENT OF CORRECTION IS NOT RESPONSIBLE FOR THE SUBSTANCE OR CONTENT OF THE ENCLOSED MATERIAL".
    A) What is the purpose of stamping the back of inmates out-going mail with the above quoted warning?
    B) Please state the approximate date MCI-Cedar Junction mailroom started stamping inmates out-going mail with the indicated warning.

c) Please state the reason the above described warning is being applied to inmates out-going mail.

2) Where was the plaintiff housed at the time disciplinary report number mCI-CJ No. 02-0344 was issued by defendant Patrick Mulvey?

A) Did the Plaintiff have physical contact with other inmates in the housing unit he was assigned to at the time this disciplinary report was issued?

B) Please describe the housing unit Plaintiff was assigned to at the time this disciplinary report was issued. Description shall include the level of security of the unit, active routine for moving an inmate from his housing unit to recreation, medical, or shower.

3) At the time Plaintiff was housed in the Department Disciplinary Unit (DDU) did he request and/or was he receiving sex offender program treatment?

A) At the time the above disciplinary report was issued was there any sex offender program classes offered in DDU?

4) The subject matter of disciplinary report No. 02-0344 is a story entitled "A weekend In Paradise" containing approximately 12 pages. Is this a correct fact?

5) Please indicate the name and address to whom the subject matter of disciplinary report 02-0344 was being mailed to?

A) Is it true that the subject matter of disciplinary report 02-0344 was being mailed to Robert Bernard, 137 Fenton Mill Road, Williamsburg VA 23188-2219?

B) Is it true that the envelope was sealed and bearing two United States $.34 postage stamps?

c) Is it true that Plaintiff had his name, inmate identification number and full address on the upper left corner of the envelope in

full compliance to the Department of Correction CMR Policy for Inmate Mail?

6) Please indicate the exact Department of Correction Rule or Policy that forbids an inmate from authoring true or fantasy sexual stories and mailing such material to a consenting recipiant?

7) Does the Massachusetts Department of Correction and any of it's employees at MCI-CJ, at the time disciplinary report No. 02-0344 was authored, have any legal authority over a United States of America citizen who resides in Williamsburg, VA.?

8) Regarding Department of Correction employees known as I.P.S., please indicate what legal training they have in the area of civil rights of prisoners, Federal and State law regarding United States Postal Service Mail.

9) At any time prior to or involving this immediate disciplinary report did the plaintiff submit any legal notices, legal information, complaints, or any other material that indicated that the actions of IPS, DOC, Mailroom Officials violated his Civil Rights?

A) What if anything did the official do about the above materials submitted to various DOC officials involving his personal outgoing mail, civil rights, and the harrassment against him from DoC Officials?

B) At any time during the extended period plaintiff's mail was monitored did any DOC Official investigate the State, Federal and civil laws involving the plaintiff mail and First Amendment?

10) At any time prior to or during the authoring of disciplinary report no. 02-0344 was it know by any official involved in the on-going investigation of the plaintiff, that the plaintiff was subject to review for civil commitment under M.G.L. c. 123A?

(4)

11) At the time the plaintiff received disciplinary report No. 02-0344 was there a floroscope machine in the MCI-CJ facility which was used to check for controband in inmates outgoing/incoming mail?

12) Has plaintiff received funds from any publisher since his incarceration date of September 13, 1994?

A) Has plaintiff received any disciplinary reports for earning such funds, for writing sexual adult material in any facility besides MCI-CJ?

13) Please indicate all training, courses, defendant Mulvey, Grossi, Allen, Maloney, Faria, and Therien have obtained up to the point this disciplinary report was officially resolved? This is specifically to indicate all courses, training, or other education involving inmate civil rights, federal and state laws involving investigations and obtaining evidence, interrogations and any other subject that can be applied to the process involved in this civil action matter.

14) Prior to authoring disciplinary report No. 02-0344 did defendant Mulvey interview plaintiff regarding the material in question?

A) If no, please give reason for this.

B) If yes, please state what the outcome was.

15) Who gave authority for defendant Mulvey to open plaintiff's sealed, posted, pre-addressed out-going mail?

16) Please indicate the CMR, DOC, State or Federal Rule, Regulation, Policy, or Statute used by defendants to empower them to open sealed, posted with U.S Postage Stamps for First Class Mail?

17) Please indicate the exact threats to security or running of MCI-CJ that plaintiff's sealed out-going mail, specifically the material addressed to Robert Bernard, 137 Fenton Mill Road, Williamsburg VA. 23188-2219, poses?

18) Defendant Mulvey at the time of the authoring of disciplinary report, held the position of IPS Sergeant. As such it is correct to accept as fact that he would know about other investigations that involve Plaintiff? In other words, would it be fair to say that this defendant had inside knowledge that Plaintiff had ongoing issues with IPS CO Carter Thomas and that said CO authored numerous disciplinary reports against the Plaintiff and was in fact being sued in Suffolk Superior Civil Court, being threatened with a civil law suit, and/or actively being complained about to his higher authorities?

19) Defendants Faria and Therien at the time of this disciplinary report being authored were Disciplinary officers at MCI-CJ. It is fair to accept as fact that they would know all facts relevant to the Plaintiffs immediate disciplinary report and similar disciplinary reports.

20) Would it be accurate to state that defendants Mulvey, Grossi, Faria, Therien and non-defendant co-workers Jeffrey Smith IPS CO and Carter Thomas IPS CO have a working mutual knowledge of all issues involved in U.S. D.C. C.A.'s 04-10717-RWZ and 04-10451-RWZ and issues involved in disciplinary reports issued by defendants named non defendants named and Stephen Kennedy Investigator/Sergeant? All the forementioned persons were employed at MCI-CJ during the time the disciplinary report authored by defendant Mulvey was issued. All the named personell have had issues with Plaintiff that can be considered very identical in nature and supicious in their timing.

Plaintiff requests that answers to the above interrogatories be mailed to him at: MA Treatment Center, 30 Administration Road, Bridgewater, Massachusetts   02324-3230

Dated  February 7, 2005

Respectfully Submitted,

Joseph Peter Schmitt, pro se
MA Treatment Center
30 Administration Road
Bridgewater, Massachusetts
02324-3230

Cc: JPS File