UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
    Plaintiff,

v.

PATRICK MULVEY, et al.,
Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN EMERGENCY INJUNCTION

For the reasons that follow, defendants in the above-captioned matter oppose plaintiff's motion for an emergency injunction.

Plaintiff Joseph Schmitt ("Schmitt") is a former inmate at MCI-Cedar Junction who is currently housed at the Massachusetts Treatment Center. The District Attorney for the Middle District, John J. Conte, has petitioned for commitment of Schmitt as a Sexually Dangerous Person. The civil commitment trial is currently ongoing, with proceedings continued to February 2006.

Schmitt is seeking an injunction with this Court to order defendants, officials at the Massachusetts Department of Correction ("Department"), to remove from his institutional records all material relevant to the subject matter of the above-captioned matter and all similar materials, i.e., sexual stories and personal mail which relate to an investigation that was conducted while Schmitt was incarcerated at MCI-Cedar Junction.

As this Court is well aware, it lacks the authority to order the Department to destroy records that are kept in the ordinary course of business at MCI-Cedar Junction. Moreover, Schmitt's request to have this Court order defendants to remove from his

institutional record materials relevant to the subject matter of the instant action is absurd. If Schmitt did not want these records to come to light in this case, then he should have refrained from filing the instant lawsuit. Moreover, with regard to having these and other records removed from his institutional file, it is clear that Schmitt is attempting to use this Court and the instant action as a means of thwarting the District Attorney's petition for his civil commitment as a sexually dangerous person, and this he may not do. If Schmitt seeks to have these legitimate business records suppressed in his civil commitment hearing, then this is a matter that he should take up with his attorney in the civil commitment hearing, and not the instant action.

Accordingly, his motion for an emergency injunction should be denied, with prejudice, and any other attempts by Schmitt to use this Court and the instant proceedings for improper purposes should be sanctioned by way of dismissal of the instant case with prejudice.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated: January 5, 2006               C. Raye Poole

/s/ C. Raye Poole

B.B.O. # 632719
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300 ext. 147

**Certificate of Service**

I, C. Raye Poole, counsel for defendants, hereby certify that on this 5th day of January 2006, I served a copy of the above motion by first class mail, postage prepaid, on the

plaintiff, Joseph Schmitt, at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts  02324.

                                  C. Raye Poole

                                  <u>/s/ C. Raye Poole</u>

Case 1:04-cv-10717-RWZ     Document 48     Filed 01/05/2006     Page 3 of 3