UNITED STATES DISTRICT COURT
FOR THE
District of Massachusetts

Joseph P. Schmitt,
    Plaintiff,

v.                             Civil Action No. 04-10717-RWZ

Patrick Mulvey, et al.,
    Defendants

## Plaintiff's Rebuttal To Defendants Opposition

Now comes the plaintiff in the above entitled action and rebuts the "Defendants Opposition to Plaintiffs' Motion For An Emergency Injunction."

Defendants claim this Court does not have the authority to order the Department to destroy records that are kept in the ordinary course of business at MCI-Cedar Junction. This Court clearly has the authority to do so pursuant to 28-USCA 1651. Furthermore, defendants counsel is clearly attempting to misdirect this court by using language that would tend to indicate that such actions by the Department are perfectly ordinary and legal. It has already been established by this Court that the defendants had no regulations in place to ban the plaintiff's actions. Therefore, the act of the defendants confiscating said documents, and further turning over such illegally obtained documents to the Worcester County District Attorney is a violation of plaintiff's due process. It can also be claimed to be a "fruits of a poisoned tree" type of violation.

Defendants allege that, "If Schmitt did not want these records to come to light in this case, then he should have refrained from

-1-

filing the instant lawsuit." It is simply ignorant for the defendants counsel to allege this nonsence. Plaintiff is facing a day to life loss of liberty. The Department has confiscated personal property under illegal means and seek to use it in the Commonwealth's attempt to civilly comit him. It would be insane for the plaintiff to simply allow the Department and the Commonwealth to continue to violate his rights and the laws of the United States and the Commonwealth in the pursuit to commit him. Plaintiff has the absolute right to challenge this illegally obtained materials by the Department and having it used against him by the Worcester District Attorney. He is well within his right to seek an Emergency injunction in this Court, and if he deems it necessary he can and will seek relief in the lower Court.

 Defendants counsel closes his motion with the request that this Court deny my motion with prejudice and that any future attempts to use this Court and the instant proceedings for improper purposes should be sanctioned by way of dismissing the instant case with prejudice. Plaintiff would simply like to state that he has rights and he will exersize each and every one of his rights. The defendants counsel ending comments clearly shows the ignorant prejudicial mentality of the Department/Defendants. Plaintiff has done nothing wrong and will not lay down and be trampled by the corrupt actions of the Department or any other person or establishment. The law is for all to enjoy and obey.

 WHEREFORE, FOR ALL THE ABOVE STATED REASONS AND ANY THIS MOST HONORABLE COURT MAY DEEM USEABLE, PLAINTIFF MOVES THAT THE DEFENDANTS OPPOSITION BE DISMISSED AND THAT HIS MOTION FOR AN EMERGENCY INJUNCTION BE GRANTED WITHOUT DELAY.

Dated: January 6, 2006

Respectfully filed,

/s/ Joseph P. Schmitt
Joseph P. Schmitt, pro se.
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

Certificate of Service

I, Joseph P. Schmitt, Plaintiff of the above action, hereby certify that a true copy of the above motion was served upon counsel for the defendants via pre paid first class US Mail on January 7, 2006

/s/ Joseph P. Schmitt
Joseph P. Schmitt, pro se

## Additional Rebuttal

Defendants counsel alleges that the materials noted in the Motion for Emergency Injunction were obtained and/or kept in the ordinary course of business at MCI-Cedar Junction. First of all if there was any shred of truth to this statement, defendants surely would not have issued repeated disciplinary reports to plaintiff for allegedly disrupting the orderly running of the institution, (See exhibits of plaintiff "A", "B", "E", "F", "G," and "H".) and other alleged infractions. This clearly shows the excessive attention forced on this plaintiff by the Department and its employees. Documented evidence will prove the plaintiff was being monitored since 1999. This by no stretch of lies, or imagination is "ordinary course of business", as counsel attempts to deceive this Court into believing.

Contrary to what counsel erroneously alleges, plaintiff's filing of this action was in no way the reason for records to come to light. Plaintiff's complaint clearly states how said records came to light. Plaintiff is now challenging this issue. Furthermore, it is only the Department going to the newspapers to bring to light issues of the actions to potential jury members. The department is doing sneaky underhanded actions to compromise plaintiff's actions. See motion for Gag order submitted to this Court dated January 3, 2006. This case should be decided by laws not public opinion or emotions.

The fact that plaintiff is being petitioned as a SDP under MGL 123A has no bearing on the fact of determining that the Department illegally obtained records and then supplied these records to

-4-

the Worcester District Attorney, and in doing so violated the plaintiff's rights, and as a direct result his motion for an emergency injunction must be allowed by law.

It is very curious that the Department has taken such a great and substantial part to civilly commit plaintiff and it is the same governmental agency who illegally obtained records for the District Attorney to use to show, or attempt to show, plaintiff is SDP.

The Plaintiff has rights and this Honorable Court is duty bound to protect his rights. In this case this Honorable Court is duty bound to Grant Plaintiff's emergency injunction. Plaintiff has faith that the Court will protect his constitutional rights.

Respectfully,

*[signature]*

-5-