UNITED STATES DISTRICT COURT
FOR THE
District of Massachusetts

Civil Action No.
2004-10717-RWZ

Joseph P. Schmitt, pro se
Plaintiff

-vs-

Patrick Mulvey, et al,
Defendants

## Plaintiff's Motion for Emergency Injunction

Now comes the pro se plaintiff, Joseph P. Schmitt, in the above-entitled action and moves this Honorable Court for an Emergency Injunction to stop the defendants, Department of Correction, from releasing any and all information regarding this action and or any civil actions against the D.O.C. and its employees to the media.

### Statement of undisputed facts:

1. On April 7, 2004 Plaintiff filed the instant action against the defendants.

(1)

2. On December 16, 2004 Defendants Answered Plaintiff's complaint.

3. On February 3, 2005 a conference was held and the defendants were ordered to file their motion to dismiss or for summary judgment within 30 days, this also included 04-10451-RWZ

4. On March 31, 2005, well beyond the time frame order by the Honorable Court, Defendants filed a motion to dismiss or, in the alternative, for summary Judgment...

5. On April 7, 2005 plaintiff's motion opposing defendants motion to dismiss was filed

6. On December 6, 2005 this Honorable Court ruled on defendants motion to dismiss, allow plaintiff's action to move forward.

7. As a direct result of D.O.C. spokeswoman Diane Wiffin a story entitled "Judge: Rapist can send porn stories from prison. See attached story from "The Enterprise, dated Thursday December 8, 2005. It should be noted that this story was originally published in the "Patriot Ledger". Also perhaps the "Boston Herald".

8. On or about December 21, 2005 plaintiff filed a civil action against the D.O.C. regarding lost wages and civil rights violations.

(2)

At this time plaintiff does not have the docket number

9. As a direct result of plaintiff exercising his United States Constitutional Rights, DOC spokeswoman Kelly Nantel instigated the publishing of a story in the Tuesday December 27, 2005 edition of the Boston Herald entitled, "Silenced smut bard, behind bars, sues DOC". See attached copy.

10. During testimony of many D.O.C. officials ranking from Captain to Correction Officer it was testified to that plaintiff was the victim of extortion of his funds by many civil detainees at the Nemansket Correctional facility also know as the Massachusetts Treatment Center. Specifically two of the facility's IPS COs testified to this fact, which clearly indicates that DOC has knowledge of plaintiff's vulnerability to financial extortions.

### Argument:

11. Plaintiff's safety is the primary responsibility of the D.O.C. By attempting to prosecute his civil law suits in the News Paper, the D.O.C has brought instant and negative attention to the plaintiff from fellow civil detainees, and those who have extorted him to the point he is completely without funds.

12. Defendants actions place plaintiff at an extreme high risk of being extorted. Also since the DOC have demanded trial by jury in

(3)

this action, as well as every other action ever filed against them, it is logical to presume they shall do so in the recently filed action refered to in the Boston Herald story, and therefore a clear and deliberate attempt to contaminate and prejudice the jury pool.

13. Defendants actions can also be viewed as an attempt to create a political assassination of this Honorable Court for its lawful and just rulings which do not favor the Department of Correction Defendants.

14. Plaintiff can almost understand all the above deceitful actions of the defendants but it greatly offends him that the defendants, in their attempt to contaminate and prejudice the plaintiff's actions, they feel it justified to continuously bring attention to the victims, whom the defendants know full well are relatives of plaintiff whom reside in the Commonwealth. To have to see such stories in the variety of newspapers time after time only revictimizes the innocent, and this is not acceptable or necessary in any sense at all. Defendants must be held to a higher level of professionalism, and sensativity, and compassion.

15. Defendants surely have a guaranteed right for freedom of speech, but when doing so, as described above, has no true and legitimate governmental interest value, and taking into consideration how the action of their speech can tramatize the innocent victims, and lead to further criminal acts of financial extortion against the plaintiff, said right can and should be infringed upon by the Court.

16. In the defendants motion to dismiss.... dated March

(4)

31, 2005, defendants have repeated a theme involving safety and security to the facility and plaintiff. Both defendants affidavits of Murphy and Luongo state in part... "Schmitt may become the target of such inmates". See paragraph 9 of Robert Murphy affidavit.

17.  It is highly curious as to why the defendants claim its only interest is the safety and security of its inmates and the facility in its answers and motions to dismiss or oppositions to motions by plaintiff to obtain evidence, but now that they face the very real reality of losing this action they GO OUT OF THEIR WAY TO CAUSE A SAFETY RISK TO THE PLAINTIF. Defendants have willfully and neglegently put this plaintiff's safety and well-being in harms way.

WHEREFORE, plaintiff prays this Honorable Court grant his above emergency motion for injunction and for this Honorable Court to issue an ORDER to the defendants to cease and desist any and all actions that can lead to the furtherance of such stories, as attached to this motion, and risk plaintiffs' safety and well being and financial assets.

In short, plaintiff prays for the Honorable Court to issue a <u>GAG ORDER</u> on the Ma. Dept of Correction and its employees on all USDC cases pending and to be filed in the near future.

Dated January 3, 2006

(5)

Attachments:  1 page "The Enterprise" story
              1 page "Boston Herald" story

Respectfully filed,

*Joseph P. Schmitt*

Joseph P. Schmitt, pro se
Plaintiff
30 Administration Road
Bridgewater, Ma. 02324-3230

### Certificate of Service

The undersigned plaintiff hereby certifies that a true copy of the above motion and attachments have been served upon the following personel via institution/pre paid first class US mail on January 4, 2006. DOC Spokeswomen Diane Wiffin and Kelly Nantel, DOC Counsel, Silva and C. Raye Poole.    Signed under pains and penalties of perjury

*Joseph P. Schmitt*



# The Enterprise

**Thursday**
December 8, 2005
50¢

CELEBRATING **125** YEARS OF SERVICE
1880-2005

## Judge: Rapist can send porn stories from prison

■ The inmate, now imprisoned at the Bridgewater Sex Treatment Center, sued after being punished for mailing the stories he wrote.

**By Sue Reinert**
THE PATRIOT LEDGER

State prison rules don't ban a convicted child rapist from mailing out pornographic stories about children or possessing sexually explicit writings, a federal judge has ruled.

U.S. District Court Judge Rya Zobel allowed a lawsuit by Joseph P. Schmitt, who is currently at the Massachusetts Treatment Center for sexually dangerous offenders in Bridgewater, to go forward over the objection of prison officials. Schmitt, 40, was convicted of raping two children in Massachusetts and one in Connecticut.

Schmitt had challenged prison officials for taking away his television, radio and telephone privileges for 10 weeks in 2002 while he was serving four to eight years for raping a 10-year-old boy and a 9-year-old girl in Fitchburg.

Officials at MCI Cedar Junction in Walpole said Schmitt violated prison rules by trying to send a story describing sexual acts by children to a Florida man with instructions to mail it to a Georgia prisoner.

Schmitt had previously been disciplined for selling stories about sex between homosexual adults to publishers of gay sex magazines such as "Kinky Fetishes," "Boy Next Door," and "Coming Out."

Zobel said a prison rule barring prisoners from mailing or possessing "sexually explicit" material define it as "pictorial," not written.

Besides that, the rules prohibit mailing sexually explicit material only to "unwilling recipients," Zobel said.

PORN/Page A4

## Judge: Rapist can send porn stories from prison

PORN/From Page A1

In court papers, the Department of Correction argued that a rule barring a child rapist from possessing or mailing "sexually explicit material involving children" had a "rational connection to the successful treatment and rehabilitation of inmates," especially sex offenders such as Schmitt.

But Zobel said the state had not demonstrated the connection or cited any rule that banned written material.

The lack of regulations deprived Schmitt of due process because he did not know he was in violation, Zobel's ruling said.

The judge refused to dismiss Schmitt's claim that authorities violated his free speech rights, but she did toss out allegations that the 10-week loss of privileges was excessive punishment and that prison authorities discriminated against him because he is homosexual.

Schmitt, formerly of Fitchburg, pleaded guilty in 1992 to forcibly raping the two Fitchburg children in 1987 and 1988. At the time, he was completing a sentence on a Connecticut conviction for sexually assaulting a 12-year-old boy in 1987.

He began serving his Massachusetts sentence of four to eight years in 1994 after he completed the Connecticut term. When the Massachusetts sentence ended in August 2002 authorities moved to commit him as a sexually dangerous person, citing his writings from prison as one reason.

Schmitt is appealing his conviction and his commitment. He has filed more than 20 lawsuits in state and federal courts against prison officials for allegedly violating his rights and mistreating him; most were quickly dismissed.

> *Schmitt said in court papers that prison authorities had known since at least 1996 that he was selling articles to adult sex magazine publishers because officials keep track of inmates' income.*

Schmitt contended that his stories about child sex described real events that happened to him and that he has been trying to uncover unreported child abuse.

Schmitt said in court papers that prison authorities had known since at least 1996 that he was selling articles to adult sex magazine publishers because officials keep track of inmates' income.

Authorities did not move against him until 1991 when there was an alleged crackdown in the Cedar Junction disciplinary unit, Schmitt said in a court filing.

Prison officials are considering their legal options, including appealing or trying to dismiss Schmitt's suit on different grounds, Department of Corrections spokeswoman Diane Wiffin said Wednesday. She said she could not comment on the substance of Zobel's ruling.

**BOSTON Herald**

# Silenced smut bard, behind bars, sues DOC

By LAUREL J. SWEET

The clink was the muse for Miguel de Cervantes' "Don Quixote."

Fellow "writer" Joseph Schmitt, 41, a convicted child rapist, simply wants to save for retirement by churning out pulp-fiction gay porn. But the state Department of Correction thinks it's time he find a new hobby.

Banned-behind-bars Schmitt, who claims his naughty novellas, published in raunchy periodicals, once earned him $19,400 in one year, filed suit against the DOC Thursday, arguing it's not just a paycheck, but his constitutional rights on the line.

Four years ago, while Schmitt was doing time for raping a 9-year-old girl and a 10-year-old boy, the DOC "confiscated" 40 of his sexually explicit works.

"We, as an agency, feel we are within our rights to discipline any inmate who is engaging in pornography," DOC spokeswoman Kelly Nantel said yesterday.

"They have to be held accountable for their behavior."

In court papers, Schmitt, who is currently a civil detainee at the state's Nemansket Correctional Facility in Bridgewater for the sexually dangerous, argues it's his right "to earn a living."

He seeks to recoup the $19,400 in lost wages, plus an additional $50,000 for the damage done to his reputation as a smut laureate.

Three months after the manuscripts were seized, according to federal court papers, the DOC revoked Schmitt's television, radio and phone privileges when he tried to mail a child pornography story to an inmate in New Mexico.

Schmitt insisted the work was autobiographical and based on a boyhood experience, but a DOC hearing officer, apparently not inspired by his prose, wrote, "Hopefully inmate Schmitt will re-evaluate his personal goals and intentions while incarcerated."

TUESDAY, DECEMBER 27, 2005 BOSTON HERALD