UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
    Plaintiff,

v.

PATRICK MULVEY, et al.,
Defendants.

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OUTSTANDING MOTIONS AND FOR FURTHER SANCTIONS

Defendants in the above-captioned matter hereby move to strike plaintiff's outstanding motions and further move that he be monetarily sanctioned for his failure to comply with this Court's Order to cease in the filing of duplicative motions. As grounds therefor, Defendants state as follows.

On January 3, 2006 plaintiff Joseph Schmitt ("Schmitt") filed an emergency injunction (docket number 47), in which he requested that the Court order that Defendants remove all sexual stories and materials from his institutional records, in an attempt to use this Court and the instant action as a means of thwarting the District Attorney's petition for his civil commitment as a sexually dangerous person, which is currently ongoing. Defendants opposed this motion on January 5, 2006 (docket number 48).[1]

---

[1] Since then, Schmitt has flooded the Court with more frivolous motions, including: (1) a motion for a court order on January 9, 2006 (docket number 49) (seeking to have this Court order the Department to photocopy documents which he claims pertain to his cases in the manner in which he sees fit, rather than be subject to the established photocopying procedures in place at the Treatment Center, and to further order the Department to provide him with typewriter ribbons and other supplies free of charge so that he can become a "litigating machine" at the Commonwealth's expense); (2) a motion for emergency injunction on January 9, 2006 (docket

In his most recent motion, a motion for declaratory judgment (docket number 53), Schmitt is seeking the exact same frivolous relief which he sought in the January 3, 2006 emergency injunction (docket number 47), an injunction to preclude any use or transmission of child pornographic type material confiscated from him to prosecute him criminally or civilly. Although he attempts to disguise this identical motion by giving it a different title and wording his request somewhat differently, it is clear that it is the same motion which he filed on January 3, 2006.

Accordingly, given Schmitt's failure to comply with this Court's March 30, 2005 Order, in which "plaintiff is ordered to cease filing the same motion more than once," Defendants move that these two motions, along with all of Schmitt's other outstanding motions, be stricken, that monetary sanctions be imposed, and that the instant case be dismissed with prejudice should he fail to pay the monetary sanctions within a date certain set by the Court. Defendants further move that the filing of any future duplicative motions by Schmitt or the filing or any additional frivolous motions by Schmitt result in dismissal of the instant case, with prejudice, as a sanction for his defying the Court Order and/or continuing to waste the valuable resources of both this Court and of the Commonwealth.

---

number 54) (seeking a gag order and falsely accusing Department spokespeople of "leaking" his pending cases to the media, when in fact it is the Department's policy not initiate contact with the media about any case or to discuss the particulars of pending cases, but only to discuss issues in general, and, furthermore, if Schmitt did not want these cases to come to light then he should have refrained from filing the lawsuits, as they are a matter of public record); (3) a motion to produce on January 11, 2006 (docket number 50) (requesting a copy of the Department's policy regarding Inner Perimeter Security investigations, when, if such a document even existed, it would not be turned over to Schmitt as it would pertain to matters of institutional security; and (4) a motion for court order on January 11, 2006 (docket number 52), (seeking an order that the Department process his legal mail free of cost, even though it is currently doing so, as is evidenced by his numerous filings, and further requesting that it be done in the manner in which he chooses, rather than be subject to the procedures in place regarding the processing of mail at the

        Respectfully submitted,

        NANCY ANKERS WHITE
        Special Assistant Attorney General

DATED: January 17, 2006        C. Raye Poole

        /s/ C. Raye Poole

        B.B.O. # 632719
        Department of Correction
        Legal Division
        70 Franklin Street, Suite 600
        Boston, MA 02110
        (617) 727-3300 ext. 147

        Certificate of Service

I, C. Raye Poole, counsel for the defendants, hereby certify that on this 17th day of January 2006, I served a copy of the above motion by first class mail, postage prepaid, on the plaintiff, Joseph Schmitt, at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts  02324.

        /s/ C. Raye Poole
        C. Raye Poole

Treatment Center.