**MASSACHUSETTS DEPARTMENT OF CORRECTION**
**MCI-CEDAR JUNCTION AT WALPOLE**
**DISCIPLINARY REPORT**

INMATE: Joseph Schmitt   ID#: W-57126   HOUSING UNIT: DDU #113

DATE: February 21, 2002   D-REPORT NO.: 02-0344

OFFENSES(S) & CODE NO.: #1; #2; #8

MINOR ___   (MAJOR) ___ REFERRED TO DISTRICT ATTORNEY ___

MAJOR ___ REFER TO SPECIAL DDU HEARING OFFICER ___

DESCRIPTION OF OFFENSE(S):

On February 21, 2002 I, Sergeant Mulvey was monitoring outgoing mail from inmate Joseph Schmitt, as outlined under 103 DOC 481 and discovered that this inmate was attempting to mail out a pornographic story involving children. Inmate Schmitt has been warned that this type of behavior will not be allowed, therefore by attempting to continue to mail these stories, he was in violation of the rules and regulations of this institution. Furthermore, inmate Schmitt's actions disrupted the orderly running of the institution as this officer took time from his regular duties to prevent inmate Schmitt in succeeding from his illicit actions. IPS Commander Lieutenant Grossi notified.

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS?  YES ___ NO ✓

REPORTING STAFF PERSON'S SIGNATURE _____
Patrick Mulvey, IPS Sergeant

DAYS OFF  F / S

SHIFT  7 / 3   (PLEASE PRINT NAME)

SHIFT COMMANDER'S SIGNATURE  John Bialleck   Date: 2/25/02

DISCIPLINARY OFFICER'S SIGNATURE _____   Date: 2-26-02

APPEAL RESULTS _____

REVIEWING AUTHORITY  JBialleck   EXHIBIT A   DATE: 3/20/02

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                                    Trial Court
                                                  Superior Court Department
                                                  Civil Action No. 02-2632

WILLIAM SANTIAGO

v.

NASIR KHAN & others[1]

<u>MEMORANDUM OF DECISION AND ORDER ON CROSS MOTIONS FOR
JUDGMENT ON THE PLEADINGS</u>

The plaintiff, William Santiago, is an inmate in the custody of the Massachusetts Department of Correction ("DOC"), currently held at the Souza Baranowski Correctional Center ("SBCC"). He brings this action pursuant to G.L. c. 249, § 4, requesting judicial review of his October 9, 2002 disciplinary hearing.[2] Santiago claims the defendants

---

[1] John Flowers, correctional officer, Sousa Baranowski Correctional Center ("SBCC"), Karen Collins, hearing officer, SBCC, Joel Maillet, disciplinary officer, SBCC, and Edward Ficco, Superintendent, SBCC, individually and in their official capacities

[2] In his complaint, Santiago also refers to G.L. c. 30A, G.L. c. 231A, and G.L. c. 127, § 40. The Administrative Procedures Act, G.L. c. 30A, does not apply to disciplinary proceedings in correctional institutions. <u>Wightman</u> v. <u>Superintendent, Mass. Corr. Inst., Walpole</u>, 19 Mass. App. Ct. 442, 444 n.3 (1985). Relief under G.L. c. 231A is inappropriate because an inmate may not bring a claim for declaratory relief to challenge the validity of a disciplinary hearing in an individual case. <u>McLellan</u> v. <u>Comm'r of Corr.</u>, 29 Mass. App. Ct. 933, 934 (1990) (rescript). Finally, Santiago fails to make any allegations regarding G.L. c. 127, § 40, which limits the amount of time an inmate may spend in isolation for disciplinary infractions. Disciplinary isolation involves "a significant loss of freedom," and thus represents a state-created liberty interest. See <u>O'Malley v. Sheriff of Worcester County</u>, 415 Mass. 132, 139 (1993). Here, Santiago appears to have abandoned any argument regarding disciplinary isolation or this statute in his subsequent submissions to the court. The court, therefore, does not address whether Santiago's disciplinary isolation violated his due process rights or G.L. c. 127, § 40.

Entered and Copies Mailed 12/30/04


EXHIBIT
B

denied him a fair and impartial hearing in violation of his due process rights, under both the federal and state constitutions, and in violation of his regulatory rights, pursuant to 103 Code Mass. Regs. §§ 430.00-430.29. He seeks damages pursuant to 42 U.S.C. § 1983.[3] He also asks the court to expunge the disciplinary action from his record, award him unearned good time, and enjoin the defendants from retaliation and harassment. Both parties now move for judgment on the pleadings pursuant to Mass. R. Civ. P. 12(c) and Superior Court Standing Order 1-96. For the reasons set forth below, the defendants' motion for judgment on the pleadings is **ALLOWED** and Santiago's motion for judgment on the pleadings is **DENIED**.

## BACKGROUND

The administrative record reveals the following factual and procedural background.

On January 25, 2002, the defendant, Correctional Officer Nasir Khan ("Khan"), filed the disciplinary report giving rise to this lawsuit. Khan reported Santiago had just retrieved items of personal property taken from him during a cell shakedown. During a subsequent conversation between the two, Santiago called Khan by his first name, stating, "I can find out where you live," and "I can find out where your girlfriend lives. So, if you don't want any problems, don't give me any problems." The defendant,

---

[3] Santiago also brings a claim under the Massachusetts Civil Rights Act, G.L. c. 12, §§ 11H-11I. Although Santiago makes a brief remark regarding harassment by Khan and Flowers, the complaint fails to allege interference with his rights by threats, intimidation, or coercion, as required by the statute. Reprod. Rights Network v. President of the Univ. of Mass., 45 Mass. App. Ct. 495, 505 (1998) (defining "threat," "intimidation," and "coercion").

2

Sergeant John Flowers ("Flowers"), witnessed the incident and filed an incident report. He reported that Santiago told Khan, "I can find out if you have any DUI's and where you live. I can also find out where your girlfriend lives so if you don't want any problems then don't give me any problems." The DOC subsequently charged Santiago with violations of its regulations, pursuant to 103 Code Mass. Regs. § 403.24.[4]

The DOC held a disciplinary hearing about the incident on March 1, 2002. The hearing resulted in guilty findings against Santiago. The hearing officer sanctioned Santiago with 30 days isolation and the loss of several privileges. It appears Santiago fully served the sanctions, which included 52 weeks loss of telephone privileges. Subsequently, the defendant, Superintendent Edward Ficco ("Ficco"), granted Santiago a rehearing on the charges. The defendant, Sergeant Karen Collins ("Collins"), conducted the rehearing on October 9, 2002.

At the rehearing, both Khan and Flowers testified about the incident. Khan recounted the statements listed in the disciplinary report and added that he considered Santiago's statements threatening. Flowers testified about his incident report, and stated Khan had told him he found the comments to be threatening. Santiago testified that he did not make the statements. Collins denied Santiago's request to call

---

[4] Santiago was charged under the following subsections of § 430.24: "(1) Disobeying an order of, lying to, or insolence toward a staff member. (2) Violating any departmental rule or regulation, or any other rule, regulation, or condition of an institution or community based program. . . . (8) Conduct which disrupts or interferes with the security or orderly running of the institution. . . . (18) Fighting with, assaulting, or threatening another person with any offense against his person or property. (19) Use of obscene, abusive or threatening language, action, or gesture to any inmate, staff member, or visitors. . . . (32) Violating any law of the Commonwealth of Massachusetts or the United States. (33) Attempting to commit any of the above offenses . . ."

Correctional Officer McGinty ("McGinty"), an eyewitness to the end of the incident, inmate Steven Johnson ("Johnson"), and SBCC paralegal Maria Sazonick ("Sazonick") as witnesses on his behalf. Collins credited the testimony of Khan and Flowers and discredited Santiago's testimony. She found Santiago guilty of four offenses under 103 Code Mass. Regs. § 403.24.[5] She sanctioned him with 30 days isolation, crediting him for time served, 26 weeks loss of canteen privileges, 26 weeks loss of telephone privileges, and 26 weeks loss of visiting privileges.

Santiago alleges numerous violations of his due process rights and DOC regulations during the disciplinary process. Specifically, he alleges the following actions violated his rights: (1) denial of his request for the assistance of a neutral staff person under 103 Code Mass. Regs. § 430.12(2); (2) denial of his request for witnesses; (3) inability to cross-examine Flowers due to him refusing to answer Santiago's questions and leaving during the hearing; (4) the use of incident reports as part of the evidence used to find him guilty; (5) findings of guilt on duplicative charges; (6) unreasonable delay between the time of the incident and the time of the rehearing, in violation of 103 Code Mass. Regs. § 430.11(2); (7) violation of the time limits in which Ficco was required to respond to his appeal of the disciplinary hearing; and (8) the automatic loss of employment and the accompanying earned good time credits. Santiago also attacks the underlying guilty findings of the hearing, specifically arguing that the hearing officer lacked the substantial evidence necessary to find him guilty of threatening Khan. Additionally, Santiago argues Ficco and Maillet violated his due process rights by

---

[5] Collins found Santiago guilty of violating 103 Code Mass. Regs. § 430.24 (1), (2), (19) & (33). She consolidated charges § 430.24 (8) and 430.24 (18) with subsections (1), (2), (19) and (33), and dismissed the charge of violating § 430.24 (32).

4

requiring him to serve the telephone sanctions from his first hearing, despite the order for a rehearing.

## DISCUSSION

### I. G.L. c. 249, § 4

Under General Laws c. 249, § 4, inmates may bring an action in the nature of certiorari to challenge the validity of a disciplinary board adjudication. Hill v. Superintendent, Mass. Corr. Inst., Walpole, 392 Mass. 198, 199 n.2 (1984), rev'd on other grounds, 472 U.S. 445 (1985). Similarly, an action in the nature of certiorari is appropriate where an inmate alleges the disciplinary board failed to adhere to regulations. Ford v. Comm'r of Corr., 27 Mass. App. Ct. 1127, 1128 (1989) (rescript). The court acts "to correct errors of law apparent on the record adversely affecting material rights." Sullivan v. Comm. on Rules of the House of Representatives, 331 Mass. 135, 139 (1954). Judicial review of a disciplinary proceeding is not de novo. The court may not limit or revise the findings of fact from the proceeding. The court reviews the proceedings to determine whether the evidence is legally sufficient to support the hearing officer's findings. Hill, 392 Mass. at 202.

Inmates retain some constitutional rights when imprisoned. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). They retain the protections of the Due Process Clause and cannot be deprived of life, liberty, or property without due process of law. Id. at 556. These rights, however, are balanced with the institutional needs and objectives of the penal system. Id. Prisoners involved in prison disciplinary proceedings do not receive "the full panoply of rights due a defendant" in a criminal proceeding. Id. Inmates are

5

entitled to the protections of due process only where an existing liberty or property interest is at stake. Torres v. Comm'r of Corr., 427 Mass. 611, 617 (1998). While the Due Process Clause standing alone does not create a liberty interest "in freedom from state action taken 'within the sentence imposed,'" Sandin v. Conner, 515 U.S. 472, 480 (1995), "states may under certain circumstances create liberty interests which are protected by the Due Process Clause." Id. at 483-484. Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Santiago alleges several procedural errors occurred in the proceeding, and claims many of these errors involved both due process and regulatory violations. Accordingly, the court considers these issues together, as they relate to each of these claims. He also challenges the legal sufficiency of the evidence used to support Collins' findings.

A. Claimed Due Process and Regulatory Errors

1. Denial of Santiago's Request for Assistance

Santiago claims that failure to provide him with the assistance of a neutral staff person violates his due process rights and 103 Code Mass. Regs. § 430.12 (2). This regulation requires the Superintendent to designate a neutral staff person when the inmate is "illiterate or non-English speaking, or where the issues presented are complex." § 430.12 (2). Inmates do not have a right to counsel in disciplinary proceedings under due process. However, where an inmate is illiterate or the issue is complex, he may seek assistance from another inmate or from the staff. Wolff, 418 at

6

570. Santiago's submissions to the court, along with his articulate argument at the hearing on these motions, show that he is neither illiterate nor non-English speaking. Moreover, the court does not view charges involving a threat to a correctional officer as particularly complex. Accordingly, the court rules that the Superintendent's failure to provide Santiago with the assistance of a neutral staff person does not violate his due process rights and does not violate § 430.12 (2).

**2. Denial of Witnesses**

Santiago claims Collins' refusal to hear testimony from inmate Johnson, McGinty, and paralegal Sazonick violated his due process rights and 103 Code Mass. Regs. § 430.14 (4). For due process purposes, an inmate has the right to "call witnesses . . . in his defense when doing so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. Limits on this right exist, however, and prison officials have "discretion to keep the hearing within reasonable limits." Id. Section 430.14 (4) tracks the language of Wolff, and provides several factors for hearing officers to consider when deciding whether to limit an inmate's request. These factors are not exclusive; the hearing officer may consider other factors. See § 430.14 (4).

Collins had discretion to deny Santiago's request to call Johnson, McGinty and Sazonick. She found McGinty's proposed testimony repetitive and Johnson's testimony irrelevant. Given Santiago's summary of these witnesses' expected testimony, the court sees no abuse of discretion in Collins' denials. Collins' reasoning, while not enumerated in § 430.14 (4), reflects her role as the hearing officer. Since Collins' responsibility includes fact-finding, 103 Code Mass. Regs. § 430.13 (5), denying

7

testimony from Sazonick on whether Santiago's statements constituted a legal threat was entirely appropriate.

### 3. Cross-Examination of Flowers

Santiago claims that his ability to question witnesses was limited by Flowers refusing to answer his questions and walking out of hearing. Under 103 Code Mass. Regs. § 430.14 (4), an inmate may question witnesses "when permitting him to do so will not be unduly hazardous to personal safety, institutional safety or correctional goals." Id., see also Wolff, 418 U.S. at 566. Under due process principles, prison officials possess sound discretion in deciding whether to allow cross-examination. Baxter v. Palmigiano, 425 U.S. 308, 321 (1976); see Murphy v. Superintendent, Mass. Corr. Inst., Cedar Junction, 396 Mass. 830, 832 (1986). Due process does not require prison officials to provide any reason for limiting an inmate's ability to cross-examine. Baxter, 425 U.S. at 321.

The court views Flowers' refusal to participate fully in the disciplinary proceeding as disrespectful and unprofessional. The regulations promulgated by the DOC specifically require "[a]ll . . . witnesses . . . present at a hearing . . . to conduct themselves in a professional manner consistent with the standards of decorum commonly observed in the courts of the Commonwealth." 103 Code Mass. Regs. § 430.13 (4). Flowers' behavior clearly fails to conform to this regulation. The court also finds Collins' failure to even mention Flowers' departure in her written findings troubling. Collins' duties as a hearing officer include taking appropriate actions when confronted with the improper conduct of a hearing participant. See § 430.13 (4). That she failed to do so shows a decided lack of professionalism. Nevertheless, since Santiago does not

8

possess a right to cross-examine witnesses under due process or the applicable regulation, the court must hold that no due process or regulatory violation regarding his cross-examination of Flowers has occurred.

**4. Use of Incident Reports**

Santiago argues Collins' use of incident reports as part of the basis for her guilty finding violates federal case law. Santiago relies on portions of a Court of Appeals for the Seventh Circuit opinion prohibiting the use of incident reports in disciplinary proceedings. See Merritt v. De Los Santos, 721 F.2d 598, 600 (1983). The court's reading of this opinion reveals it to be irrelevant to the instant case. DOC regulations clearly contemplate the use of a disciplinary report as part of the evidence a hearing officer may use to determine an inmate's guilt or innocence. See 103 Code Mass. Regs. § 430.14 (5). Section 430.14 (2) also allows a hearing officer to consider written evidence during the hearing. Accordingly, the court finds that Collins did not violate any applicable law by relying on the disciplinary report and incident reports in making her findings.

**5. Findings of Guilt on Duplicative Charges**

Santiago argues Collins found him guilty of duplicative sanctions. The court agrees that Collins should not have found him guilty of violating 103 Code Mass. Regs. § 430.24 (33), attempting to commit an offense, where she found him guilty of committing the completed offense. Cf. Commonwealth v. Capone, 39 Mass. App. Ct. 606, 609 (1996) ("[A] charge of a completed crime logically includes a charge of an attempt to commit it."), quoting Commonwealth v. Gosselin, 365 Mass. 116, 121 (1974). Santiago does not allege, and the record does not suggest, that the finding of guilt on

9

this duplicate charge significantly impacted the sanctions he received. Accordingly, the court will not disturb Collins' findings to correct this technical error. Mass. Prisoners Ass'n Political Action Comm. v. Acting Governor, 435 Mass. 811, 823 (2002).

### 6. Violations of Regulatory Time Limits

Santiago alleges violations of two time limits established by the Department's regulations. First, he alleges the rehearing, held nine months after the incident giving rise to the charges, did not occur in a reasonable time.[6] See 103 Code Mass. Regs. § 430.11 (2) (requiring the disciplinary officer to schedule a hearing "within a reasonable time"). Second, Santiago alleges Ficco failed to comply with 103 Code Mass. Regs. § 430.18 (2), which requires the Superintendent to decide appeals of disciplinary decisions within five weekdays of its receipt. The court does not reach the question of whether these claims present technical violations of DOC regulations because it will not disturb the disciplinary proceedings simply to correct technical errors. Chick's Constr. Co. v. Wachusetts Reg'l High Sch. Dist. Sch. Comm., 343 Mass. 38, 41 (1961) (certiorari "does not issue on account of formal or technical errors or those which have not resulted in manifest justice to the plaintiff").

### 7. Sanctions Served

Santiago alleges Ficco and Maillet made him serve all sanctions he received from the first hearing. The defendants admit an administrative error caused Santiago to serve 52 weeks loss of telephone privileges rather than the 26 weeks of sanctions that he received at the rehearing. Santiago does not enjoy a liberty interest in the loss of

---

[6] The record does not indicate when Ficco ordered the rehearing, although the defendants describe the time between the first hearing in March 2002 and the rehearing in October 2002 as "relatively brief."

telephone privileges. Cf. Drayton v. Comm'r of Corr., 52 Mass. App. Ct. 135, 139 (2001) (finding no liberty interest in curtailing visitation rights). While the court may provide remedies for regulatory violations under G.L. c. 249, § 4, it may only do so when the violation affects the material rights of the plaintiff. Id. at 140. The loss of telephone privileges for more than the sanctioned time is unfair. Moreover, it is a sign of poor management by prison officials. The loss of this privilege does not affect Santiago's material rights, however, and his claim must unfortunately fail.

**8. Loss of Employment and Accompanying Earned Good Time Credits**

Santiago claims that, as the result of the disciplinary proceedings, the defendants unlawfully deprived him of prison employment and the earned good time credits that accompany successful employment. Prison inmates "do[] not have an unqualified right to work and receive the attendant benefits." Jackson v. Hogan, 388 Mass. 376, 379 (1983). Moreover, the court may not award unearned good time credits as a remedy. Haverty v. Comm'r of Corr., 440 Mass. 1, 8-9 (2003). Accordingly, Santiago's claim fails.

**B. Substantial Evidence**

Santiago argues the findings are not supported by substantial evidence. Specifically, he asserts the statements he allegedly made to Khan do not constitute a threat because he expressed no intent to cause physical harm. The court should not disturb disciplinary proceedings unless it determines that the findings are not supported by substantial evidence. Murphy, 396 Mass. at 833-834. Substantial evidence is "evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." Id. at 833. The court holds that the disciplinary findings in this case are

supported by substantial evidence. The hearing officer had discretion to credit the testimony of Khan and Flowers and to discredit Santiago's testimony. Moreover, Collins had discretion to determine whether Santiago's statements constituted a "threat" within its common meaning. Accordingly, the court will not examine the legal and dictionary definitions offered by Santiago to determine whether he threatened Khan.

### II. 42 U.S.C. § 1983

Santiago seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color'" of state law. Gomez v. Toledo, 446 U.S. 635, 638 (1980), quoting 42 U.S.C. § 1983. As explained above, Santiago's claims do not involve liberty interests that implicate the constitutional protections of the Due Process Clause. See Sandin, 515 U.S. at 483-484. Thus, he can not satisfy the first requirement for a valid § 1983 claim, and accordingly, it must fail.

### III. Motion to Strike

While the court recognizes that the defendants violated the time limits set forth in Superior Court Standing Order 1-96(4), it chooses to deny Santiago's motion to strike. The defendants served its motion for judgment on the pleadings only six days after it was due. As the defendants note, it would have taken longer to ask for an expansion of time under Mass. R. Civ. P. 6(b) than it did for them to file their motion. Mr. Santiago filed a nine-page memorandum of law in opposition to the defendants' motion for

judgment on the pleadings which was fully considered by the court. The plaintiff has not shown how the delay prejudiced him, and, in light of Santiago's ability to prepare opposition materials, the court finds no such prejudice. Moreover, since Santiago's claims fail, the court finds that it is in the interests of justice to enter judgment on the pleadings at this stage of the litigation.

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that the plaintiff William Santiago's motion for judgment on the pleadings be **DENIED**, and the defendants' motion for judgment on the pleadings be **ALLOWED**.

*[signature]*
Tina S. Page
Associate Justice of the Superior Court

DATED: 15 December 2004

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

05-P-328

WILLIAM SANTIAGO

vs.

NASIR KHAN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After being found guilty of violating prison disciplinary rules, the plaintiff brought this action seeking certiorari review, declaratory and injunctive relief, and damages pursuant to 42 U.S.C. § 1983. In a thorough memorandum of decision on cross motions for judgment on the pleadings, a judge of the Superior Court ruled in favor of the defendants, rejecting the plaintiff's various claims and concluding that there was substantial evidence to support the guilty finding. We affirm, substantially for the reasons stated by the judge.

Although we affirm, it bears reiterating that this was not a model proceeding. We agree with the judge that the plaintiff's extended loss of telephone privileges beyond the sanction ultimately imposed was unfair and a sign of poor management by prison officials. Nevertheless, because it did not affect the plaintiff's material rights, it did not constitute a due process violation. See <u>Sandin</u> v. <u>Conner</u>, 515 U.S. 472, 484, 487 (1995).

---

[1] John Flowers, Karen Collins, Joel Maillet, and Edward Ficco.

We also agree that the hearing officer's adverse finding on a duplicative charge was erroneous, but that no relief is warranted because there is no suggestion in the record that this error had any impact upon the sanctions imposed. See Massachusetts Prisoners Assn. Political Action Comm. v. Acting Governor, 435 Mass. 811, 823-824 (2002). Finally, we, too, are troubled by the behavior of Sergeant Flowers, who walked out of the hearing before the plaintiff had completed his cross-examination, and by the hearing officer's failure to respond at that time or to mention this behavior in her decision. While the plaintiff may not have had a constitutional right to cross-examine the witness, see Baxter v. Palmigiano, 425 U.S. 308, 321 (1976), a prison disciplinary proceeding should be conducted with the respect befitting a serious, adjudicatory process. That said, we discern no basis for reversal.

Judgment affirmed.

By the Court (Kafker, Cohen & Trainor, JJ.),

First Assistant Clerk

Entered: December 23, 2005.

2