COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                               C.A. No. 02-00335

JOSEPH SCHMITT, *Pro Se,*        )
            Plaintiff,           )
                                 )
v.                               )
                                 )
MASSACHUSETTS DEPARTMENT OF CORRECTION,    )
            Defendant.           )

## MOTION TO VACATE PLAINTIFF'S INDIGENCY STATUS AND TO DISMISS CASE BASED UPON FRAUD ON THE COURT

Now comes defendant, Department of Correction, through counsel, and hereby moves this

Court to vacate plaintiff's indigency status and to dismiss this action.1 In support thereof, defendant

states as follows:

### INTRODUCTION

This is a *pro se* action brought by Joseph Schmitt, Massachusetts state prisoner currently

confined at the Massachusetts Correctional Center, at Cedar Junction ("MCI-Cedar Junction"), in

Walpole, Massachusetts.  At all times relative to this cause of action, plaintiff was confined at

MCI-Cedar Junction.  On or about January 23, 2002, plaintiff filed an affidavit of indigency,

swearing that he was indigent, and subsequently, plaintiff filed a copy of his canteen account to

demonstrate his finances.  On March 6, 2002, this Court found plaintiff to be indigent and

---

1  It should further be noted that around the same time period that this action was filed, plaintiff further filed
Suffolk Civil Action 02-590.  Moreover, since the filing of these cases, plaintiff has filed two (2) additional cases in
Suffolk County, Civil Actions 02-1074 and 02-1066.  In all of these case, he also signed an affidavit of indigency
and, in some, was found to be indigent by the Court based upon plaintiff's misrepresentations and fraud.
Defendants in C.A. 02-590, 02-1074, and 02-1066, are all DOC officials and/or employees and hereby request that
plaintiff's indigency be vacated in these actions as well, and that the actions be dismissed for fraud upon the Court.



EXHIBIT
C

allowed the Complaint to enter without payment of a filing fee in Civil Actions 02-335 and 02-590. See Docket Sheets, attached hereto at Exhibits A and B. Additionally, plaintiff has filed the appropriate paperwork claiming indigency and requesting a waiver of fees and costs in Civil Actions 02-1066 and 02-1074; however, these pleadings have not been ruled upon by the Court. See Docket Sheets, attached hereto at Exhibits C and D. For the reasons set forth below, defendant asserts that the financial status of plaintiff warrants entry of an order vacating the indigency status in this case and requiring that plaintiff pay the requisite civil action filing fee of $185.00 in this action and plaintiff's other actions. Defendant further argues that plaintiff has, once again, committed a fraud upon this Court, and therefore, this action and his other actions in which he has misled this Court, should be dismissed.

## ARGUMENT

The waiver of Court costs for indigent litigants is governed by M.G.L. c. 261, §27A. A three-part statutory test to determine indigency is set forth in §27A. An indigent person is: (a) a person who receives public assistance under the Massachusetts Aid to Families with Dependent Children, General Relief or Veteran's Benefits programs or receives assistance under Title XVI of the Social Security Act, or the Medicid Program, 42 USC 1396, *et seq.*, or (b) a person whose income, after taxes, is one hundred twenty-five percent or less of the current poverty threshold annually established by the Community Services Administration pursuant to section six hundred twenty-five of the Economic Opportunity Act, as amended, or (c) a person who is unable to pay the fees and costs of the proceeding in which he is involved, or is unable to do so without depriving himself or his dependents of the necessities of life, including food, shelter or clothing.

The only part of the statutory test that applies to long term prisoners such as plaintiff at

bar is the portion of ground (c) that focuses on inability "to pay the fees and costs of the proceeding in which [the inmate] is involved." Langton v. Pepe, et al., No. 97-J-874, (Appeals Court, December 1, 1997) (Armstrong, J.) (order pursuant to G.L. c. 261, §27D affirming the Order of the Superior Court (Zobel, J.) vacating a prisoner's indigency status and requiring payment of a partial filing fee in Langton v. Pepe, Middlesex C.A. No. 97-4319). See copies of Orders attached hereto at Exhibits E and F. Grounds (a) and (b), (a) being the receipt of public assistance, Welfare or Medicaid, and (b) referring to persons with income after taxes of 125% of a poverty threshold standard, are inapplicable to state prisoners. Id. This is because all of a prisoner's needs, including housing, clothing, food and medical care are paid by the Commonwealth. Murphy v. Cruz, et al., No. 95-5969-B (Suffolk, April 25, 1997) (Order Relative to Defendants' Motion to Stay Discovery and Vacate Indigency Status), King, J., appended hereto at Exhibit G; Perito, et al. v. Correctional Medical Services, et al., No. 97-00327 (Nofolk, July 31, 1997) (Memorandum of Decision and Order on Defendants' Motion to Vacate Indigency Status and to Require Payment of a Filing Fee, Borenstein, J.) affirmed under G.L. c. 261, §27D (Laurence, J.), appended hereto at Exhibits H and I. Justice Armstrong in his Appeals Court decision, observes that:

> the statutory grounds were intended to operate as rules of thumb for determining need, and it does no violence to the statutory purpose to deny a waiver of fees where there is no need, although one of the statutory grounds is technically met. The only part of the statutory test that should apply to long-term inmates is the portion of ground (c) that focuses on inability "to pay the fees and costs of the proceeding in which [the inmate] is involved."

Langton v. Pepe, et al., Appeals Court No. 97-J-874; Order attached at Exhibit B.

Application of the standard set forth in §27(c) requires a review of plaintiff's institutional

financial records, id., which are attached hereto as Exhibit J, and other evidence.

"If the plaintiff's records indicate either that he was solvent at the time of the filing of his claim or that he is 'able to summon up cash from outside sources as he needs them,' his request for indigency will be denied." Jiles v. Maloney, et al., No. 98-417-B (Suffolk, June 30, 1998) (Memorandum of Decision and Order on Defendants' Motion to Vacate Indigency Status and to Require Payment of a Filing Fee), Hinkle, J., attached hereto at Exhibit K. In the case at hand, based upon the account records, plaintiff is clearly able to pay the requisite filing fee under the statutory standard without depriving himself of the necessities of life. It is undisputed that plaintiff is already provided the necessities of life by the Department of Correction. He receives, without cost, his housing, meals, clothing, medical care and dental care. It is a prisoner's lack of significant expenses that compels the conclusion that a fee provision "will not result in any hardship above that faced by the average citizen considering whether to bring a lawsuit." Hampton v. Hobbs, 106 F.3d 1281, 1284-85 (6th Cir. 1997) (rejecting constitutional challenges to the federal filing fee requirement imposed on prisoners by the Prison Litigation Reform Act and noting that prisoners are provided the necessities of life, housing, food, clothing and medical care, at state expense). See Tucker v. Branker, 142 F.3d 1294, 1298 (D.C. Cir. 1998) (rejecting constitutional challenges to the federal filing fee requirement imposed on prisoners by the Prison Litigation Reform Act and based on prisoner's claim that paying fee would leave him with only $16 per month to spend for discretionary purposes).

   Moreover, a plaintiff has committed a fraud upon the Court, if defendants can show that plaintiff has "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the

4

trier[.] <u>Rockdale Management v. Shawmust Bank, N.A.,</u> 418 Mass. 596, 598 (1994)(internal

citations omitted). "In other words, a fraud on the court has occurred when a party has created

and presented false evidence in support of a claim or defense." Order, <u>Schmitt v. DOC</u>, Civil

Action 99-3683, et al., at 9, citing <u>Rockdale</u>, <u>supra</u>, at 599.

    In plaintiff's previous cases in which this Court found he had committed fraud, the Court

went on to state that "[w]hen a party attempts to demonstrate a fraud on the court, he must show

more than just the presence of fraud . . . . That party must show that the wrongdoer's conduct

formed a pattern or scheme to defraud[.]" <u>See id.</u>, at 9. The Court then went on to hold that once

a fraud is proven, the court has "broad discretion to dispose of the matter," and in this case did

dismiss the cases. <u>See id.</u>

    First, it is important to preview plaintiff's history with regard to his previous indigent

status in this Court. On or about November 29, 1999, this Court allowed a Department of

Correction Motion to Vacate Indigency Status with regard to Mr. Schmitt. <u>See</u> Defendants'

Motion to Vacate Indigency in Civil Action 99-3683, attached hereto at Exhibit L. In addition,

this Court dismissed the following actions with prejudice due to Mr. Schmitt's fraud upon the

Court: C.A. No. 99-3683; C.A. No. 99-4369; C.A. No. 99-3680; C.A. No. 99-0546; C.A. No.

99-3630; C.A. No. 99-3687. <u>See</u> Order Relative to Defendants' Motion to Vacate Plaintiff's

Indigency Status and Motion for Sanctions/Dismissal, attached hereto at Exhibit M; <u>see also</u>,

Defendants' Motion for Sanctions in 99-3683, et al., attached hereto at Exhibit N.

    In his previous cases in 1999, DOC counsel demonstrated that plaintiff had deliberately

hidden his assets from the Court for the express purpose of appearing indigent to avoid paying

the filing fee. At this time, plaintiff wrote and sold pornography for publication, and deposited

5

his profits in an account established in a Connecticut Bank.  See Supplemental Memorandum in

Support of Defendants' Motion to Vacate Plaintiff's Indigency Status and to Stay Proceedings

Pending Payment of a Filing Fee and in Support of Defendants' Motion for Sanctions, in Civil

Action 99-3683, attached hereto at Exhibit N.  This Court found the Department's evidence to be

credible and its arguments persuasive in demonstrating that plaintiff had other funds and was

attempting to circumvent the rules and deceive the Court to save the cost of filing.  See Order, at

Exhibit M.  Specifically, the Court found that plaintiff "did, in fact, forge Carmella's signature

on the September 27, 1999 affidavit."  Id.  In so doing, the Court made a careful comparison of

plaintiff's signature and that allegedly of his mother, Carmella.  At this time, the Court found that

plaintiff had attempted to deceive the Court by committing the following acts:

> (1) the forgery itself, (2) plaintiff's proffering this forged affidavit to the court as
> authentic, (3) plaintiff's testimony under oath to the court that the signature on the
> affidavit was Carmella's signature, (4) the letter to Michaud, which reveals plaintiff's
> steady income from writing pornography for a publishing company which he kept in an
> outside bank account, (5) plaintiff's conspiring with Michaud to hide the existence of the
> bank account from the court, (6) the letter with the blackened out balance that plaintiff
> admitted that he blackened out himself, which is clearly an act taken by plaintiff in an
> attempt to conceal his income from the court, (7) the September 28, 1999 affidavit filed
> by plaintiff in which plaintiff again misrepresented his financial situation to the court.
> All of these events clearly and convincingly demonstrate plaintiff's pattern of deception
> constituting a fraud on the court.

Order, at Exhibit M; see also, Affidavit of Carmella Schmitt, attached hereto at Exhibit O.

Despite plaintiff's representations to counsel and this court that he has always been

forthright with the court, he clearly tells his friends otherwise.  For example, plaintiff previously

stated that,

> Kathy really screwed me by sending the checks here.  I really am sure I wrote
> and purposely told her to send them to my home address.  Sorry . . . I'm bitchin
> too much right?  I'm going to be ok I guess.  I lost over a grand and will get fines

> but screw it I'll get mine in the long haul. I'm a con man, it's in my blood to get
> even especially against the system! . . . I just tore up the motions to withdraw the
> other cases. I'm just going to save my $ and by not doing anything the cases
> will eventually be dismissed as I don't intend to pay any filing fee.

See Correspondence, attached hereto at Exhibit P. Plaintiff simply wants to milk the system for

all he can, without paying a filing fee. Frankly, if plaintiff truly believed he had a legitimate

claim against defendants, he would be willing to part with the $185.00 filing fee, as he clearly

has sufficient funds. This same correspondence further demonstrates another fraud on the court

in which plaintiff destroyed legal papers, yet claimed to have not received them from his out of

state transfer. See Correspondence and corresponding pleading, attached hereto at Exhibit P.

Similarly, plaintiff has now fallen into this same pattern. Specifically, plaintiff has been

continuing to circumvent the Department's policies and write pornographic articles for payment

from an outside publisher. As such, the Department is funding the overhead and copying costs

for plaintiff's business, which is banned pursuant to DOC rules and regulations. In so doing, he

has further had payments sent directly to a friend on the outside to avoid payment, while also

sending money out of the institution to make it appear that he is indigent.

Mr. Schmitt's institutional account record strongly suggests that he was solvent at the

time this action was filed and demonstrates the probable existence of financial resources

maintained outside of the Department of Correction. See Institution Account Sheet, attached

hereto at Exhibit J. He is utilizing his Department of Correction account essentially as a

checking account, maintaining a low balance in order to appear indigent. Schmitt is clearly able

to pay a filing fee under the statutory standard without depriving himself of the necessities of

life. It is undisputed that Schmitt is already provided the necessities of life by the Department of

Correction. He receives, without cost, his housing, meals, clothing, medical care and dental care. It is a prisoner's lack of significant expenses that compels the conclusion that a fee provision "will not result in any hardship above that faced by the average citizen considering whether to bring a lawsuit." Hampton v. Hobbs, 106 F.3d 1281, 1284-1285 (6th Cir. 1997)(rejecting constitutional challenges to the federal filing fee requirement imposed on prisoners by the Prison Litigation Reform Act and noting that prisoners are provided the necessities of life, housing, food, clothing and medical care, at state expense). See also Tucker v. Branker, 142 F.3d 1294, 1298 (D.C. Cir. 1998)(rejecting constitutional challenges to the federal filing fee requirement imposed on prisoners by the Prison Litigation Reform Act and based on prisoner's claim that paying fee would leave him with only $16 per month to spend for discretionary purposes).

On or about February 7, 2002, plaintiff wrote a letter to his friend, Diana Sheridan, which stated,

> [y]esterday I sent you a check payable to Joseph Schmitt, so you can cash it, for the amount of $1400.00. I received the funds on the voided ck I sent to you for my mom (1,167.44) plus a 384.00 tax ck dropped out of the sky (shhh don't tell). And my good friend Joe Chavez informed me in a much delay letter that he is sending a 200.00 check to you for me – in my name. I expect another 600.00 from J.C. Hope you don't mind that I told him to send it directly to you. It's a prison ck not person ck of course so its guaranteed not to bounce. I may send you another 100.00 to bring my account to just under 70.00. I hope all the cash isn't stressing you out??? . . . I'm hoping for 300.00 from another friend . . . If I can get everything from AJA before Aug. that'd be awesome. I'd have over 3 grand to start out with and that's clothes and a van. I need the 'van' to live in as well as to get around.

See Correspondence, attached hereto at Exhibit Q. Plaintiff further goes on to ask Ms. Sheridan, "how much do you have now $$," after some rather unsavory statements and threats regarding the administration and undersigned counsel. See id.

8

Plaintiff continues his rampages about undersigned counsel, while further seeking Ms. Sheridan's assistance in his financial matters in a February 27, 2002 letter. Specifically, plaintiff states,

> [r]e. the cks. Please cash em and safe keep the $. I'm ok as far as $. I've got too much! I'll be sending a ck for 1000.00 payable to me so you can use the power of attorney to sign my name and cash it. Best thing to do is get all $100.00 bills. Easy to stash and to count. To avoid confusion, unless you need it right away, I'll send a ck for my debt to you out of the tax refund I got coming, ok? My plan is to have at least 2000.00 with you in a couple months. I figure once I'm sure I'm free I'll have you send it to me, or sooner, I'm unsure right now. All I know is I have to stay poor for a while. I've got 384.00 tax return and if shit goes right a friend is sending me 600.00 and another will send 200.00. All of which I'll send to you.

See Correspondence to Diana Sheridan, attached hereto at Exhibit R; see also, Copy of IRS Check, attached hereto at Exhibit S, and Correspondence to Joe Chavez, at 4, attached hereto at Exhibit T. Here, plaintiff spells out a large amount of money that he either has now or has coming into his possession in the near future. More importantly, he recognizes that he "has too much" money, and thus must send some of this money out of his account if he is to maintain his indigency status. As such, plaintiff is clearly attempting to defraud the Court.

On or about March 11, 2002, inmate Schmitt filed an Inmate Request to Staff form requesting that he be allowed to send $1,400.00 to Diana Sheridan. In so doing, inmate Schmitt threatens to file criminal charges against the Department, claiming that he has a right to send this money out of the institution. See Inmate Request to Staff Form, attached hereto at Exhibit U. Due to the current litigation and plaintiff's attempts to shield this money from the Court, the Department has placed this money in plaintiff's savings account in order to ensure that the Superintendent must authorize any expenditures. This has been done to ensure that plaintiff is unable to siphon any further money out of the institution, in order to maintain his indigency

9

status and defraud the court. The majority of this money came into the institution in the form of a bank check closing out plaintiff's account at the Dime Savings Bank. See Inmate Fund Receipt Form, attached hereto at Exhibit V. This is the same bank that the Department previously found plaintiff's unidentified money in. See Motion to Vacate Indigency, attached hereto at Exhibit L.

Plaintiff was further found to have been writing sexual stories and submitting them to a publishing company for payment in violation of Department policies. See Memorandum, attached hereto at Exhibit W. Based upon Department investigations, it appears that plaintiff has earned over $5,000.00 in this manner. See id.; see also, Publishing Group Productions, Ltd., Monthly Bookkeeping Report and contracts, attached hereto at Exhibit X, identifying well over $5,000.00 in income between February 1996, and November, 2001. Moreover, plaintiff is expecting further payments in February, 2002. See discussion, infra.

Plaintiff recently sent a letter to his mother, first thanking her for sending him $20.00, and next telling her not to forward him "the 100.00 check from the publisher." Specifically, inmate Schmitt requests that this money be used to open a savings bank outside the institution. See Correspondence, attached hereto at Exhibit Y.

Plaintiff's Department of Correction Inmate Account further demonstrates that he is clearly not indigent, as he has had a continuous intake of cash throughout his incarceration. More recently, from April, 2000 to the present, plaintiff has received income of almost $3,500.00. See Inmate Account, attached hereto at Exhibit J. Moreover, plaintiff has, on a number of occasions had prison checks made out to himself. See id. Based upon plaintiff's prior correspondence with his mother and with Diana Sheridan and based upon the fact that Diana Sheridan has been given power of attorney over plaintiff's affairs, it is quite obvious that plaintiff

10

has sent this money out of his institution account to conceal it from the Department and the

Court.

Plaintiff further accentuates his fraud upon the court, by forwarding correspondence to

undersigned counsel stating the following,

> [b]efore you make a further spectical of yourself know that the $1,167.44 you
> instructed Peter Allen to freeze in my savings does belong to Carmela N. Schmitt.
> I have and always do inform the court of my financial status. Be certain I will file
> official charges against all parties involved in this larceny of $1,167.44. I will not
> accept corruption! I'll face it and destroy it as is my right per the confrontation
> clause of Article 12 of the Massachusetts Declaration of Rights. Be certain, I
> will confront you in person.

See Correspondence, attached hereto at Exhibit Z (emphasis in original). Plaintiff states here that

he has always and does always inform the Court of his financial status; however, this Court has

already found that plaintiff clearly committed a fraud upon the Court with regard to his financial

status. See Order, attached hereto at Exhibit M. Plaintiff verifies his fraud upon the court in his

own pleadings by stating the following:

> [w]ith respect to Ms. Daniele's intentions to file motion to vacate indigency.
> Plaintiff has irrefutable documentation that funds from a bank accounts were sent
> to him due to lack of communication between bank and plaintiff. Ms. Daniele's
> and Peter Allen have illegally taken possession of $1,167.44, which by rights
> belongs to Carmela Schmitt who knowing I'm being release enabled me to put
> funds aside. Plaintiff did not hide his income from the court and maintains he is
> legally indigent. Plaintiff attempted to have said funds returned to Carmela Schmitt
> but is unable to contact her do to MA DOC employees placing viscious sanctions
> against me for illegal reasons, for which civil actions have been and are being filed
> in this court. Plaintiff had to have the check payable to Carmella Schmitt cancelled
> and did request a check for $1,400.00 be issued in his name so it could be cashed by
> his editor/friend (who possesses a notorized power of attorney to cash checks payable
> to me) and held until she could make contact via phone with my mother, Carmela
> Schmitt and or other family member so said funds could be returned and used by
> Carmela Schmitt[.]

See Plaintiff's Opposition to Defendant's Motion to Enlarge Time in these and related cases, at

4, attached hereto at Exhibit AA. In this statement, plaintiff first states that he was giving

Carmela Schmitt money to put aside for himself, then realizing that this was improper if he is

claiming indigency, goes on to state that the money is for his mother. Because plaintiff is so

busy attempting to manipulate and violate the policies and procedures of the Department and

defraud the Court, he cannot even keep his lies straight.

      Moreover, plaintiff further admits to this Court that he is writing pornographic stories to

support himself in his exhibits to his Motion for Summary Judgment. See Exhibits to Plaintiff's

Motion for Summary Judgment at 2D, attached hereto at Exhibit BB. Plaintiff further admits

that he sends money to a personal savings account. See id. Although this may not violate

Department of Correction policies, it certainly impacts upon his indigency. Any money plaintiff

has in any account is relevant to his indigency status with regard to this Court's determination of

indigency. Plaintiff is being provided all the necessities of life by the Department. Where he has

the funds to support litigation, he is responsible for such. Plaintiff further states that he has

supplied checks for a number of articles written and that he writes these stories for financial gain.

See Exhibit 1 to plaintiff's Motion for Summary Judgment, at ¶¶8, 10, 11, attached hereto at

Exhibit CC.

      Plaintiff further attaches correspondence from Diana Sheridan to his motion for summary

judgment. These exhibits further demonstrate that plaintiff has income from his stories, and thus

is not indigent. See Correspondence, attached hereto at Exhibits DD and EE. More specifically,

Ms. Sheridan informs plaintiff of when he will be paid for a number of articles written. A

number of these payments were expected in February, 2002. Moreover, Ms. Sheridan states,

"[n]o, the missing bank stuff has not turned up. I do not know where it could have got to though

I know whatever he did with it was accidental[.]"  <u>See</u> Correspondence, attached hereto at

Exhibit CC.  This statement clearly demonstrates some sort of financial dealings with plaintiff,

indicating that he has outside bank accounts which he has failed to disclose to the Court.

<b><u>CONCLUSION</u></b>

Because plaintiff has more than sufficient funds to pay the requisite filing fee at bar

without depriving himself of the necessities of life, the Court should vacate his indigency status

and require that the filing fee be paid.  Moreover, due to plaintiff's blatant fraud upon the Court,

entirely consistent with his prior fraud, these civil actions should be dismissed with prejudice.

Respectfully Submitted,

NANCY A. WHITE
Special Assistant Attorney General

Dated: 4/10/02

Julie E. Daniele, Counsel
BBO#600093
Legal Division
Department of Correction
70 Franklin Street
Boston, MA 02110-1300
(617) 727-3300, ext. 115

13

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## Schmitt, M81137 v Mass Dept of Correction

Details for Docket: SUCV2002-00335

**Case Information**

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCV2002-00335 | **Caption:** | Schmitt, M81137 v Mass Dept of Correction |
| **Filing Date:** | 01/23/2002 | **Case Status:** | Dismissed |
| **Status Date:** | 06/25/2004 | **Session:** | Civil D, 3 Pemberton Sq, Boston |
| **Lead Case:** | NA | **Case Type:** | Prisoner Cases |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 11/19/2002 |
| **Service Date:** | 04/23/2002 | **Disposition:** | 03/19/2003 |
| **Rule 15:** | 06/22/2002 | **Rule 12/19/20:** | 06/22/2002 |
| **Final PTC:** | 01/18/2003 | **Rule 56:** | 12/19/2002 |
| **Answer Date:** | 06/22/2002 | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: SUCV2002-00335

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Mass Dept of Correction | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Schmitt, M81137 | **First Name:** | Joseph P |
| **Address:** | Mass. Treatment Center | **Address:** | 30 Administration Road |
| **City:** | Bridgewater | **State:** | MA |

http://www.ma-trialcourts.org/tcic/fc/?app_ctx=print_docket

EXHIBIT

D

Zip Code:        02324                    Zip Ext:
Telephone:

---

## Attorneys Involved

1 Attorneys Involved for Docket: SUCV2002-00335

| Attorney Involved: | | Firm Name: | MA14 |
|---|---|---|---|
| Last Name: | Daniele | First Name: | Julie E |
| Address: | 70 Franklin Street | Address: | Suite 600 Legal Division |
| City: | Boston | State: | MA |
| Zip Code: | 02110 | Zip Ext: | 1300 |
| Telephone: | 617-727-3300 | Tel Ext: | 115 |
| Fascimile: | 617-727-7403 | Representing: | Mass Dept of Correction, (Defendant) |

---

## Calendar Events

No Calendar Events found for Docket: SUCV2002-00335.

There are currently no calendar events associated with this case.

---

## Full Docket Entries

165 Docket Entries for Docket: SUCV2002-00335

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 01/23/2002 | 1 | Affidavit of indigency and Request for Waiver, substitution or state |
| 01/23/2002 | 1 | payment of fees & costs Filing fee service fee waived (IMPOUNDED) |
| 01/23/2002 | | Origin 1, Type E96, Track F. |
| 01/24/2002 | 2 | Complaint |
| 01/24/2002 | 3 | Civil action cover sheet filed |
| 01/31/2002 | 4 | ORDER: After a review of your petition and correspondence, the Court |
| 01/31/2002 | 4 | has instructed the Clerk's office to take the following action: |
| 01/31/2002 | 4 | Service is to be made upon defendant by means of certified mail by |
| 01/31/2002 | 4 | plaintiff. A copy of the complaint is to be sent to the Office of the |
| 01/31/2002 | 4 | Attorney General or the Department of Corrections by the Plaintiff. |
| 01/31/2002 | 4 | (White, Justice 01/30/2002) Notice Sent 01/31/2002. |

AOTC Information Center                                                          Page 3 of 6

| | | |
|---|---|---|
| 02/15/2002 | 4 | Motion of plff to issue an order to deft to return manuscripts (w/o |
| 02/15/2002 | 4 | opposition) |
| 02/19/2002 | 5 | SERVICE RETURNED: Mass Dept of Correction(Defendant) certified mail |
| 02/19/2002 | 6 | Motion of plff for Protective Order (w/o opposition) |
| 02/25/2002 | 7 | Motion of plff for court to order the Dept of Corr. to instruct thier |
| 02/25/2002 | 7 | MCI Cedar Junctiion officials to photo copy plff's evidence for his |
| 02/25/2002 | 7 | motion and or other matters specifically involving this action w/o |
| 02/25/2002 | 7 | opposition |
| 03/01/2002 | 8 | Motion of plff to enter exhibits (w/o opposition) |
| 03/01/2002 | 9 | Request of plff for stay of action (w/o opposition) |
| 03/06/2002 | | Motion (P#4.1) Denied. (White, Justice) (entered 03/05/2002) |
| 03/06/2002 | | Notice Sent 03/06/2002. |
| 03/06/2002 | | Motion (P#6) Denied. (White, Justice) (enered 03/05/2002) Notice |
| 03/06/2002 | | Sent 03/06/2002. |
| 03/06/2002 | | Motion (P#7) Denied. (White, Justice) (entered 03/05/2002) Notice |
| 03/06/2002 | | Sent 03/06/2002. |
| 03/06/2002 | 10 | FURTHER ORDER RELATIVE TO PLAINTIFF'S INDIGENCY -- When the above |
| 03/06/2002 | 10 | entitled matter was filed, the court entered an order conditionally |
| 03/06/2002 | 10 | allowing the plaintiff's Motion to proceed in forma pauperis. The |
| 03/06/2002 | 10 | plaintiff was directed to file with the court a copy of his canteen |
| 03/06/2002 | 10 | account for the past six months to confirm his indigency. The Court |
| 03/06/2002 | 10 | has examined the canteen account statement filed by the plaintiff. |
| 03/06/2002 | 10 | Based upon that information, the court finds that the plaintiff is in |
| 03/06/2002 | 10 | fact indigent. (White, Justice) Notice Sent 03/06/2002. |
| 03/08/2002 | 11 | Motion of plff for Court's ruling as to whether or not non published, |
| 03/08/2002 | 11 | fictional stories of sexual nature involving minors is subject to |
| 03/08/2002 | 11 | protection under the lst amendment of the United States of America |
| 03/08/2002 | 11 | (w/o opposition) |
| 03/08/2002 | 12 | Motion of plff for Protective Order (w/o opposition) |
| 03/08/2002 | 13 | Request of plff for Court's ruling as to the lawfulness of |
| 03/08/2002 | 13 | "pedephilia" being a sexuality (or "pederast) |
| 03/25/2002 | 14 | Motion of plff for summary judgment (w/o opposition) |
| 03/25/2002 | 15 | Plff's notice of appeal & motion for stay of action to the Supreme |
| 03/25/2002 | 15 | Judicial Court (w/o opposition) |
| 03/28/2002 | 16 | Moiton of deft to enlarge time for filing response to various motions |
| 03/28/2002 | 16 | and issues to & incl April 5, 2002 (w/o opposition) |
| 04/09/2002 | | MOTION (P#8) There will be kept on file until appropriate time. They |
| 04/09/2002 | | may then be offered as exhibits and a ruling will be made in that |
| 04/09/2002 | | context. (White, J.)(dated 04/05/02). Notices mailed April 09, 2002 |
| 04/09/2002 | | Motion (P#9) to stay DENIED. It is up to plaintiff to review this |
| 04/09/2002 | | filings and file whatever motions he believes are necessary with |

Page 4 of 6

| | | |
|---|---|---|
| 04/09/2002 | | respect to consolidation of dismissal. (White, J.)(dated 04/05/02) |
| 04/09/2002 | | Notices mailed April 09, 2002 |
| 04/09/2002 | | Motion (P#11) DENIED (White, J.)(dated 04/05/02) Notices mailed |
| 04/09/2002 | | April 09, 2002 |
| 04/09/2002 | | Motion (P#12) DENIED (White, J.)(dated 04/05/02) Notices mailed |
| 04/09/2002 | | April 09, 2002 |
| 04/09/2002 | | Motion (P#14) DENIED even before a response is filed. The attachments |
| 04/09/2002 | | raise many questions of fact including whether the plaintiff is |
| 04/09/2002 | | indigent and whether he was less than forthright in claiming to be |
| 04/09/2002 | | without funds to file a lawsuit when he is receiving checks from a |
| 04/09/2002 | | publisher. The Court awaits the filing of a response from the |
| 04/09/2002 | | defendant. (White,J.) (dated 04/05/02) Notices mailed April 09, |
| 04/09/2002 | | 2002 |
| 04/09/2002 | 17 | Motion of plff to bar opposing counsel Julie E Daniele (w/o |
| 04/09/2002 | 17 | opposition) |
| 04/10/2002 | 18 | Defendant Mass Dept of Correction's MOTION for leave to Vacate Plff's |
| 04/10/2002 | 18 | Indigency Status and to Dismiss case based upon fraud on the Court |
| 04/10/2002 | 18 | w/o opposition |
| 04/11/2002 | 19 | Opposition of deft to plff's motion to bar opposing counsel |
| 04/22/2002 | 20 | Moton of plff to strike court's denial of Motion (P#14) as court |
| 04/22/2002 | 20 | clearly shows Bras against the plff (w/o opposition) |
| 04/23/2002 | 21 | Motion of plff for Court order re: documents to plf (w/o opposition) |
| 04/25/2002 | | Motion (P#16) ALLOWED. (White, Justice) Notice Sent 04/25/2002 |
| 04/25/2002 | | (dated 04/23/2002). |
| 04/25/2002 | | Motion (P#17) DENIED. (White, Justice) Notice Sent 04/25/2002 |
| 04/25/2002 | | (dated 04/23/2002). |
| 04/25/2002 | 22 | ORDER RELATIVE TO DEFENDANT'S MOTION TO VACATE PLAINTIFF'S INDIGENCY |
| 04/25/2002 | 22 | STATUS AND TO DISMISS -- The Court is in receipt of defendant's |
| 04/25/2002 | 22 | motion to vacate plaintiff's indigency status and to dismiss. The |
| 04/25/2002 | 22 | Court orders the plaintiffs to file an opposition to this motion by |
| 04/25/2002 | 22 | 05/25/2002. (White, Justice) Notice Sent 04/25/2002 (dated |
| 04/25/2002 | 22 | 04/24/2002). |
| 04/29/2002 | 23 | Plaintiff Joseph P Schmitt's notice of appeal |
| 04/29/2002 | 24 | Request of plff to order deft to answer plff's complaint |
| 04/29/2002 | 25 | Motion of plff for stay of action (w/o opposition) |
| 04/29/2002 | 26 | Moiton of plff to withdraw earlier request for stay of action (w/o |
| 04/29/2002 | 26 | opposition) |
| 04/30/2002 | 27 | Motion of plff challengiang defts illegal action by transferring |
| 04/30/2002 | 27 | funds into prison's inmates savings (w/o opposition) |
| 04/30/2002 | 28 | Motion of plff to challenge defts use of plff's personal mail as |
| 04/30/2002 | 28 | evidence/exhibits (w/o opposition) |

http://www.ma-trialcourts.org/tcic/fc/?app_ctx=print_docket

1/5/2006

AOTC Information Center                                                    Page 5 of 6

| | | |
|---|---|---|
| 05/07/2002 | 29 | Motion of plff for hearing (w/o opposition) |
| 05/29/2002 | 30 | Motion of plff for courts action on filed motions (w/o opposition) |
| 06/24/2002 | 31 | Motion of plff to amend complaint (w/o opposition) |
| 06/24/2002 | 32 | Motion of plff to consolidate action with 02-1066; 02-1662; 02-590; |
| 06/24/2002 | 32 | 02-1461; 02-1492 & 02-1074 (w/o opposition) |
| 06/27/2002 | | Letter to Catherine White to order an immediate hearing in all cases |
| 06/27/2002 | | of Joseph Schmitt, dated Jun 04, 2002. This Court does not respond |
| 06/27/2002 | | to personal correspondence (White, Justice)(dated 06/26/02) Notice |
| 06/27/2002 | | sent 06/27/02 |
| 06/27/2002 | | Letter to Catherine White to order an immediate hearing in all cases |
| 06/27/2002 | | of Joseph Schmitt, dated Jun 20, 2002. This Court does not respond |
| 06/27/2002 | | to personal correspondence (White, Justice)(dated 06/26/02) Notice |
| 06/27/2002 | | sent 06/27/02 |
| 07/03/2002 | 33 | Defendant Mass Dept of Correction's emergency MOTION to enlarge time |
| 07/03/2002 | 33 | in these and related cases to respond to plff's motin to consolidate |
| 07/03/2002 | 33 | w/o opposition |
| 07/16/2002 | 34 | Defendants respone to plaintiff's motion to Consolidate |
| 07/18/2002 | | Motion (P#33) ALLOWED (White,J) (Dated 7/15/02) Notices mailed July |
| 07/18/2002 | | 16, 2002 |
| 07/24/2002 | 35 | Motion of plff to amend or withdraw previous motion to consolidate |
| 07/24/2002 | 35 | actions or alternatively withdraw all civil actions filed by plff in |
| 07/24/2002 | 35 | this Court without prejudice dated 6/12/02 (P#32) (w/o opposition) |
| 07/31/2002 | 36 | Plaintiff's response to "Defendants response to plaintiff's motin to |
| 07/31/2002 | 36 | consolidate" |
| 07/31/2002 | 37 | Plaintiff's Further response to defendants response to plaintiff's |
| 07/31/2002 | 37 | Motion to consolidate all actions |
| 08/27/2002 | 38 | ORDER AND JUDGMENT The plaintiff has filed a motion to dismiss |
| 08/27/2002 | 38 | (withdraw) the above captioned actions without prejudice to his |
| 08/27/2002 | 38 | seeking relief in federal court. No opposition to his motion (P#13 |
| 08/27/2002 | 38 | in case 02-1461) has been filed. The motion is allowed and the court |
| 08/27/2002 | 38 | orders that: Judgment shall enter dismissing the above seven actions |
| 08/27/2002 | 38 | without prejudice (King, J.) entered on docket pursuant to Mass R Civ |
| 08/27/2002 | 38 | P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) |
| 09/18/2002 | 39 | Motion of plff seeking Justice King to withdraw his 8/27/02 Ruling to |
| 09/18/2002 | 39 | dismiss plff's civil action (w/o opposition) |
| 10/04/2002 | 40 | Motion of plff for copy of case file (w/o opposition) |
| 10/08/2002 | | Motion (P#39) Denied (King,J) Notice Sent 10/7/02 (entered |
| 10/08/2002 | | 10/3/02) |
| 02/26/2003 | | Motion (P#40) DENIED (Patrick King, Justice) Notices mailed February |
| 02/26/2003 | | 24, 2003 (entered 2/7/03) |
| 12/03/2003 | 41 | Motion of plaintiff for copy of case file Denied (White, J). Notice |

TCIC Information Center                                      Page 6 of 6

| 12/03/2003 | 41 | sent 12/4/03 |
|---|---|---|
| 12/03/2003 | | ORDER ON PLAINTIFF'S MOTIONS FOR CERTIFIED COPIES OF CASE FILES AND |
| 12/03/2003 | | UPDATED DOCKET SHEETS Plaintiff has filed a motion for certified |
| 12/03/2003 | | copy of case file and updated docket sheet in each of the above |
| 12/03/2003 | | enumerated cases. This motion in each case is Denied As to at least |
| 12/03/2003 | | eight of the cases. the same request has already bee Denied by King, |
| 12/03/2003 | | J. on Feb. 7 2003 In addition Plaintiff seeks in excess of 2,500 |
| 12/03/2003 | | pages of certified copies the cost of which totals $6,425.00 He is |
| 12/03/2003 | | not entitled to this extraordinary expense particularly at this time |
| 12/03/2003 | | of inadequate court resources (White, J.). Notice sent 12/4/03 (See |
| 12/03/2003 | | P#48 in case #99-0546) |
| 12/03/2003 | | MOTION (P#41) DENIED. See order this date. (White, Justice) |
| 12/03/2003 | | Notices mailed December 4, 2003. |
| 12/24/2003 | 42 | Plff's motion for hearing date on his motion for reconsideration |
| 12/24/2003 | 42 | regarding justice White J Denial of motion for copy of case file and |
| 12/24/2003 | 42 | motion for court to have plff to court hearing (w/o opposition) |
| 12/24/2003 | 43 | Plff's motion for reconsideration regarding justice White J Denial |
| 12/24/2003 | 43 | of motion for copy of case file (w/o opposition) |
| 03/04/2004 | 44 | Plaintiff Joseph P Schmitt, M81137's notice of appeal |
| 03/11/2004 | | MOTION (P#42) DENIED. No hearing necessary. (White, Justice) |
| 03/11/2004 | | (dated 03/03/2004) Notices mailed 03/11/2004. |
| 03/11/2004 | | MOTION (P#43) DENIED. (White, Justice) (dated 03/03/2004) |
| 03/11/2004 | | Notices mailed 03/11/2004. |
| 04/27/2004 | 45 | Plaintiff Joseph P Schmitt, M81137's notice of appeal |
| 05/03/2004 | | Notice to Justice Catherine White of the filing of Notice of Appeal |
| 05/03/2004 | | Notice of service of the filing of Notice of Appeal to Julie E. |
| 05/03/2004 | | Daniele, Esquire, Mass Corrections Department |
| 06/18/2004 | | Notice of assembly of record on Appeal |
| 06/25/2004 | 46 | COPY of notice of docket entry received from Appeals Court: ORDER |
| 06/25/2004 | 46 | for the foregoing reasons, the consolidated appeals are dismissed." |
| 06/25/2004 | 46 | (Mills, J.) |