UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, pro se,

          Plaintiff,

vs.                               Civil Docket No. 04-10717-RWZ

PATRICK MULVEY, et al.,

          Defendants.

( PLAINTIFF'S MOTION FOR COURT ORDER OF PRODUCUCTION  )
(      OF MAIL MONITOR RECORDS FROM DEFENDANTS        )

       Now comes the pro se plaintiff in the above-captioned action and moves this Honorable for an ORDER to have the defendants produces records relevent to their mail monitor on the plaintiff's mail.

       Plaintiff specifically requests all mail monitor records created from his incarceration at the Commonwealth's Department of Correction facility MCI-Cedar Junction in Walpole Massachusetts.

       As ground therefor, plaintiff states as follows.

1.       In defendants' motion for reconsideration it is alleged that the reason they censored plaintiff's mail was because the contents violated MGL statute with regard to assault and battery on a child under sixteen with intent to commit rape, indecent assault and battery on a child under fourteen, or unnatural and lascivious acts on a child under sixteen, unnatural sexual intercourse.

2.       Defendants' allege that plaintiff's fictional story entitled, A Weekend In Paradise," violates the Commonwealth's General Law Statute, specifically G.L. c. 272, § 35A  and G.L. c. 265, §23. This assertion directly controdicts well established law that such writings are protected under the Constitution's Fisrt Amendment because such fictional material does not record a crime and therefore does not create any victim. See plaintiff's complaint "LEGAL ARGUEMENTS" §1.

3.       Based simply on the facts noted above defendants absurd assertions must be dimissed as moot and without merit.

(1)

5.        Defendants counsel alleges that the defendants acted against the plaintiff's First Amendment Rights and Due Process Rights and Privacy Rights, as well as the identical rights of the intendended recipients of plaintiff's mail who are clearly not regulated by any policy of the Department of Correction of this Commonwealth, (DOC). However, this argument has never been brought up prior to new counsel for defendants motion to reconsider. The original Disciplinary Report relevent to this cause of action mentions nothing of any alleged MGL being violated. However, IPS Sergeant Patrick Mulvey, a member of the IPS Team at MCI-Cedar Junction, all of which were invovled in the mail monitor/investigation of plaintiff, clearly states in his official report,"Inmate Schmitt has been warned that this type of behavior will not be allowed..." On this statements face value, it becomes clear that defendant Patrick Mulvey had a cognitive understanding of plaintiff's history of writing fictional stories.

6.        Plaintiff respectfully states here and now that it is his experienced belief that this allegation by defendants new counsel is simply designed to create muddy waters for this Honorable Court to sift through in order to take attention off the relative issues of this action. Defendants have a clear and documented history of flooding the court with volumes of motions and pleadings containing facts that stray wildly off the basis of the "Inmates" claims. This is not an honorable way of litigating an action in court in the opinion of this layman plaintiff.

7.        Plaintiff is confident is his belief that upon reviewing the so far non-existant documents revolving around the authorization of plaintiff's mail being censored this Honorable Court will discover that there was never any concern noted that the fictional stories authored by plaintiff violated any MGL as now alleged by counsel C. Raye Poole.

## CONCLUSION

For all the reasons stated above this Honorable Court is requested to GRANT the above motion and issue an order to the defendants to produce a certified copy of the alleged documents pertaining to plaintiff's mail monitor at MCI-Cedar Junction.  Plaintiff further states that defendants have absolutely no grounds to oppose this motion as it can only support their latest allegations, if in fact such allegations are not a product of desperate imagination by defense counsel.

dated: January 30,2006

Respectfully Submitted,

Joseph Peter Schmitt, pro se
Nemansket Correctional Facility
30 Adminstration Road
Bridgewater, Massachusetts
02324-3230

## Certificate of Service

I, Joseph P. Schmitt, hereby certify that a true copy of the above
motion was served upon counsel for defendants' C. Raye Poole via
institutional mail at 70 Franklin Street suite 600 Boston Massachusetts
02110-1300 on January 31,2006

Joseph Peter Schmitt, pro se