UNITED STATES DISTRICT COURT

FOR THE

THE DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, pro se,

    Plaintiff,

vs                                    CIVIL DOCKET NO. 04-10717-RWZ

PATRICK MULVEY, et al.,

    Defendants.

(    PLAINTIFF'S EMERGENCY MOTION TO STAY DEFENDANTS'    )
(    PENDING MOTIONS UNTIL SUCH TIME AS THE COURT HAS RULED    )
(    ON PLAINTIFF'S OUTSTANDING MOTIONS AND    )
(    SPECIFICALLY PLAINTIFF'S MOTION FOR COURT ORDER OF    )
(    PRODUCTION OF MAIL MONITOR RECORDS FROM DEFENDANTS    )

    Now comes the pro se plaintiff in the above entitled action and moves for this Honorable Court to stay defendants' pending motions until such time as the Court has ruled on plaintiff's outstanding motions and specifically plaintiff's motion for court order of production of mail monitor records from defendants'.

    As grounds therefor, plaintiff states as follows.

1.    Defendants have filed a motion for reconsideration in which counsel C. Raye Poole seks to introduce some very far fetched allegations which on face value have no merit.

2.    Defendants counsel is attempting to introduce facts that justify the defendants alleged unjustified and abusive actions against the plaintiff's rights, e.g. the actions discribed in plaintiff's personal correspondence violated MGL statute and therefore defendants had the authorization to censor plaintiff's outgoing mail to a private citizen.

3.    The arguement is moot on the grounds that MGL statute has absolutely no authorization or lawful standing in the state of Connecticut in the year of 1977, in which the plaintiff's account of his sexual coming out took place.

4.    Counsel C. Raye Poole clearly indicates that defendants' were following the Department's mail policy, 103-CMR-481, in order to censor the plaintiff's outgoing mail. This allegation is asserted strongly by defendants' counsel, yet there has

been no physical evidence produced by defendants to support these claims. The fact that no written authorization from the superintendent or Commissioner for a mail monitor on plaintiff's mail in his Department of Correction Six Part File, which a true and complete copy of is in the possession of Assistant District Attorney Peter Pratt at the Worcester Superior Court and, an identical copy in the possession of Massachusetts Bar Certified Attorney Christopher P. LoConto, the plaintiff's counsel at this time in the MGL c. 123A Civil Committement Trial he is facing, the defendants allegations that they first had authorization to censor plaintiff's outgoing mail and secondly did so because of allegedly criminal depictions rings hollow and unjust in this light.

5. Having no recorded authorization for their censorship (and non-delivery) of plaintiff's mail further supports plaintiff's claims and tends to give merit to the fact that the defendants violated their own policy even further than plaintiff has alleged in his complaint.

## CONCLUSION

For the above noted reasons, this Honorable Court should stay the defendants motions until such time as it has ruled upon the plaintiff's outstanding motions including his latest motion, "Plaintiff's Motion For Court Order Of Production Of Mail Monitor Records From Defendants'," as such motions will no doubt shed light upon this action that will make the defendants' motion for reconsider a moot issue.

Dated January 30, 2006

Respectfully Submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

### Certificate of Service

I, Joseph P. Schmitt, hereby certify that a true copy of the above motion was served upon counsel for defendants' C. Raye Poole via institutional mail at 70 Franklin Street suite 600 Boston Massachusetts 02110-1300 on January 31, 2006

Joseph P. Schmitt, pro se

(-2-)