UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, pro se,
    Plaintiff,

vs.                              Civil Docket No. 04-10717-RWZ

PATRICK MULVEY, et al.,
    Defendants.

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO STAY PLAINTIFF'S
PENDING MOTIONS AND ALL FURTHER PROCEEDINGS UNTIL SUCH TIME
AS THE COURT HAS RULED ON DEFENDANTS MOTION FOR RECONSIDERATION
AND DEFENDANTS MOTION TO STRIKE PLAINTIFF'S OUTSTANDING MOTIONS
AND FOR FURTHER SANCTIONS

      Now comes the pro se plaintiff, Joseph P. Schmitt, in the above captioned action and opposes the defendants motion to stay plaintiff's pending motions and all further proceedings until such time as the court has ruled on defendants motion for reconsideration and defendants motion to strike plaintiff's outstanding motions and for further sanctions.

1      Counsel, C. Raye Poole, has been an attorney since 1996 yet she is making allegations best suited for the position of a Judge. It is without doubt the job of this Honorable Court to make a ruling, if necessary, that plaintiff's motions are frivolous. Considering the **Court's Memorandum** of Decision dated December 6,2005, it would be illogical at best for defendants counsel to take such a weak stand alleging that plaintiff's motions are frivolous. This is the same simpleton mentality that pervades the Department of Correction when it comes to the treatment of its prisoners and is why the courts are so overwhelmed with prisoner law suits. The forefathers of this great country wrote the Constitution for all men and woman, not just for prison officials and attorneys. Plaintiff has the absolute right to equal access to this court just as the defendants have the same rights. Plaintiff, a layman, pro se party in this action does not have the education or the access to information or a staff of fellow attornys to aid him as the defendants counsel clearly has at her disposal. Defendants counsel claims

Plaintiff is wasting the Court's time and the Commonwealth's resources because he has filed a motion to add a co-plaintiff, Docket No. 56, and a motion for seperate trials, Docket No.57. Plaintiff has the right to exercise his Constitutional Rights regardless if defendants counsel approves or not.  Plaintiff, as stated above, is not an experienced attorney and therefore he must learn as he proceeds with his actions. He was not prepared to answer the Courts inquiry about combining both his actions, and as evidenced by his mental health records, he suffers from panic attacks and anxiety attacks. Plaintiff was too nervous to object to the combining of the two cases and after the phone conference he had time to reflect on the **pros and cons of agree**ing to do so and as records show (Docket No. 57) he has decided that it is in his best interest to have seperate trials as he has the right to do.

2.       Plaintiff opposes the request to stay plaintiff's motions because the defendants motion for reconsideration and defendants motion to strike plaintiff's outstanding motions and for further sanctions should be determined to be without merit and be dismissed by the Court.

3.       Plaintiff has conducted himself as professional as he can be with regards to his complaint and pleadings. His patience and temperment are seriously strained by defendants newly appointed counsel however. Since new counsel has been appointed she has requested that this court sanction plaintiff monetarily twice, and dismiss his case with prejudice once or twice. Counsel has complete access to the plaintiff's files and therefore knows that he is INDIGENT and has NO INCOME, yet she continues to flood the court with motions pleading for plaintiff to be sanctioned. This action is in direct conflict with her assertions that plaintiff, an unskilled, pro se, high school drop out, party in this action, is filing frivolous motions. Defendants counsel's motions to santion plaintiff monetarily is frivolous beyond all doubt and this is from an allegedly skilled attorney. If said counsel was so concerned with the Court's time and the Commonwealth's resources she would make a serious attempt to resolve this case with the plaintiff out of court instead of filing motions for reconsideration and to dismiss which clearly have to fail and only waste the Court's time and the Commonwealth's resources. As an unskilled pro se plaintiff the Court should take into consideration that he has no experience and in his unskilled opinion every motion filed is not frivolous, but rather very important to him and his case to protect his rights which the defendants repeatedly violate(d).

In conclusion, Plaintiff would request that this Honorable Court review all of his motions and make a ruling on each of them without staying them or the

action before this Court. Furthermore, he requests that this Court review the defendants Motion for Reconsideration eventhough it is the plaintiff's opinion, based on this Court's December 6,2006 Memorandum Of Decision and the facts of the action, that said motion will be dismissed and the case allowed to go to trial. Lastly, plaintiff asks this Honorable Court to extend its utmost understanding and patience towards him, and for it to understand that he is simply trying to protect his case the best and only way he knows how against such skilled and clearly malicious and determined defendants. Plaintiff's rights clearly have been violated, not once or twice, but for many years by the defendants and he surely has the right to pursue his actions as he feels justified to do so. If he is wrong in his beliefs, he sincerely hopes this Honorable Court will inform him of his errors and not deem it necessary to impose monetary sanctions to an indigent plaintiff as the defendants counsel has moved this Court to do twice in her very short period of time representing the defendants.

Dated; January 26,2006

Respectfully Submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

Certificate of Service

I, Joseph P. Schmitt, pro se plaintiff of the above captioned action, hereby certify that a true copy of the above opposition was served upon C. Raye Poole, counsel for the defendants, via institutional mail on January 27, 2006

Joseph P. Schmitt, pro se