UNITED STATES DISTRICT COURT
For The
DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, pro se,
    Plaintiff,

vs                                  CIVIL DOCKET NO. 04-10717-RWZ

PATRICK MULVEY, et al.,
    Defendants.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR RECONSIDERATION

1. THE DEPARTMENT OFFICIALS ARE ENTITLED TO QUALIFIED IMMUNITY:

    In the defendants' original motion to dismiss they attempted to classify themselves as "law enforcement officers." In the present motion for reconsideration they now classify themselves as "government officials." According to MGL correctional officers are "public employees."

    The question remains whether a reasonable person would have known that their actions violated clearly established rights. This case involves the taking of the Plaintiff's United States Mail which he had duly sealed and placed in the institutions US Mail receptical. Any reasonable person would know that piece of mail was protected by the laws and regulations of the United States Postal Service. Further, the Department of Correction's own mail policy provides that outgoing mail will only be opened and examined "where necessary to protect a legitimate governmental interest(s)', 103-CMR-481.14.

    As noted in plaintiff's exhibit 'A' the defendants charged him with offenses number(s) 1,2 and 8. He was found guilty of charges 1 and 2. Charge number 8 "CONDUCT WHICH DISRUPTS OR INTERFERES WITH THE SECURITY OR ORDERLY RUNNING OF THE INSTITUTION" was dismissed as being "not applicable." Yet now the defendants attempt to claim they had a legitimate governmental interest to violate plaintiff's rights. Thier actions seriously controdict their after-the-fact allegations.

    As stated above, the only prohibited outgoing mail (relative to this complaint), falls within 103-CMR-481.14(2) (d). That prohibition only applies

to:
> threatening or harassing correspondence, including the sending of sexually explicit material to unwilling recipiants.

Defendants have not made any attempt to establish that the intended recipiant of plaintiff's letter and fictional story was not in fact a willing recipiant. Therefore this noted prohibition can not apply to the plaintiff's mail.

Because the defendants know, or are expected to know, the governing rules and regulations of the institution where they are employed, or more narrowly, the rules and regulations related to their specific assignment or job description, they are not entitled to qualified immunity.

2. DISCIPLINING SCHMITT FOR ATTEMPTING TO MAIL OUT MATERIAL THAT ENCOURAGES OR INSTRUCTS IN CRIMINAL ACTIVITY DID NOT VIOLATE HIS DUE PROCESS RIGHTS.

Due process requires that the text of a statute or regulation must provide "fair and effective notice" of the conduct proscribed. U.S. v. Cardiff, 344 U.S. 174, 177 (1952). Also see, Reeves v. Petticox, 19 F3d 1060 (5th Cir. 1994).

The fact that the defendants have sanctioned the plaintiff for the same or related mail violations clearly shows a persistant pattern of abuse of plaintiff's Constitutional Rights. This can be described as an "atypical and significant hardship on the plaintiff in relationship to the ordinary incidents of prison life." The infringement of his Constitutional Rights still exist from the instant action's issues.

3. CENSORING SCHMITT'S OUTGOING MAIL, WHICH CONTAINED MATERIAL THAT ENCOURAGES OR INSTRUCTS IN CRIMINAL ACTIVITY, DID NOT VIOLATE HIS FREE SPEECH RIGHTS.

Defendants once again attempt to assert a legitimate governmental interest in the order and security of penal institution. Plaintiff refers this Court to plaintiff's exhibit 'A', which clearly shows that the alleged violated rule number 8 "CONDUCT WHICH DISRUPTS OR INTERFERES WITH THE SECURITY OR ORDERLY RUNNING OF THE INSTITUTION" was in fact dismissed as being "NOT APPLICABLE." This action on behalf of the defendants clearly makes their present assertion moot.

Procunier v. Martinez, 416 U.S. 396, 40 LEd 2d 224, 94 S.Ct 1800 (1974) clearly states "Mail censorship regulations violated the First Amendment protections of lawful expression."

Procunier v. Martinez, 416 U.S. at 415, 94 S.Ct at 1812, states, "The Supreme Court has held unconstitutional the censorship of prisoners mail when prison officials censor simply by indulging their 'personal prejudices and opinions' while purporting to apply constitutional standard. Other Courts have agreed that when reviewing officials merely 'apply their own personal prejudices for mail censorship' they deprive prisoners of Constitutional Protection."

Trapnell v. Riggsby, 622 F.2d 290, 293 (7th Cir. 1980) Pepperling v. Crist, 678 F.2d 787, 790 (9th Cir. 1982) states,"Prison officials have no legitimate governmental interest in imposing their own standards of sexual morality on the inmates."

Defendants allege that they have the right to censor plaintiff's mail based on Policy Statement 7300.1A of the Federal Bureau of Prisons. The Department of Correction of Massachusetts is not a "Federal Prison" and is not governed by the same rules and regulations as Federal Prisons. The Defendants are governed by 103-CMR-481, and said CMR is promulgated by MGL and therefore carries the force of law, and as such gives me a due process right.

Defendants allege that plaintiff's mail contained information concerning criminal activity. If in fact this allegation had any merit whatsoever, plaintiff question the fact that no criminal charges have been mounted against him, nor did the defendants refer the disciplinary report to the District Attorney's Office which is a clear option as evidenced by their own Disciplinary Forms. See plaintiff's exhibit 'A' in complaint.

It is an established fact of State and Federal law that the specific material at issue in this action is; 1) protected under the First Amendment of the U.S. Constitution and, 2) perfectly legal. Furthermore, the Omnibus Appropriation Act of 1997, Sec 121, cited as the Child Pornography Prevention Act of 1996, (C.P.P.A.) does not classify fictional written sexual stories involving children as Child Pornography because it records no crime nor does it create a[ny] victim[s] by its production. Additionally, and highly relative to the instant action, such written material has "NOT" been found to be intrinsically related to the sexual abuse of children.

It is troublesome to plaintiff that defendants claim 103-CMR-481 gives them authorization to censor his mail, yet nowhere in the plaintiff six part folder, now part of his MGL c. 123A Civil Commitment Trial, is there any written authorization from either the superintendent or commissioner as the policy used by the defendants clearly indicates is a prerequisite for the opening and reading of plaintiff's outgoing mail. They further claim a prerequisite for mail

censorship is that it must fails to successfully pass the fluoroscope examination. At no time has the defendants stated a factual reason for the act of opening this specific letter. The very disciplinary report itself should indicate these facts but it doen not. It simply alleges that it was discovered that plaintiff was attempting to mail out a pornographic story involving children.

Defendants now allege that plaintiff's Constitutionally Protected fictional story is in fact an "instructional manual for pedophiles." Based on this absurd allegation by defendants counsel, Steven King, Agitha Christy and othe world famous authors have published countless manuals for murderers, rapists and sociopaths worldwide and their manuscripts should be impounded and never viewed by consenting adults in this free country called the United States Of America which is governed by the United States of America Constitution.

Defendants counsel, a member of the Commonwealth's Bar, and as such clearly is educated in issues of Mass. General Law, now trying to confuse fiction with reality by alleging that the described plot of the fictional story entitled "A Weekend In Paradise" authored by this plaintiff and the basis of this action violates real life sexual offenses under the Commonwealth's General Law Statutes. This can be compared to the United States Attorney General pressing assault and battery, possession of explosive charges on the Warner Brothers fictional cartoon charactor Wille Coyote when he uses an Acmme Rocket to try to catch the ellusive Road Runner.

Plaintiff's written story and letter did not violate any rule or regulation of the Department of Correction. This fact has been proven already. The Defendants mail policy clearly states what is and is not a violation and the material authored and mailed by the plaintiff failed to meet up to any rule or policy violation. Consequently, defendants did violate plaintiff's rights by censoring his mail at issue, and further violated the rights of the intended recipient of the mail at issue. See, Hall v. Curran, 818 F2d 1040 (2nd Cir. (1987) "A pointed case on censorship and the inextricably meshed rights of both the writer and intended recipient of the mail."

4. THE RIGHT WAS NOT CLEARLY ESTABLISHED WITH REGARD TO THE CENSORSHIP OF AN INMATE'S OUTGOING MAIL WHICH CONTAINS SEXUAL BEHAVIOR THAT VIOLATES THE LAW.

Defendants' arguement is based on the assumption that the written material is a real life situation or event, not the already established fact that the material is fictional. Defendants can point to no established law holding that Federal or Massachusetts General Law can be applied to fictional charactors.

Defendants continue to avoid the basic fact of this action; their 103-CMR-481 Inmate Mail Policy did not and does not prohibit the specific material this action is based upon. Their policy did not provide "fair and effective notice" of the conduct proscribed. See, U.S. v. Cardiff, 344 U.S. 174, 177 (1952) (finding that constructive notice may not be inferred where the statute on its face did not provide "fair warning" of the conduct prohibited).

5. SCHMITT'S CERTIORARI CLAIM IS MOOT AND IS BARRED BY THE STATUTE OF LIMITATIONS:

This action is based on violations of plaintiff's right's under DOC regulations, the Massachusetts Declaration of Rights, and the United States Constitution and therefore it was filed pursuant to 42 U.S.C. §1983, not an action pursuant to MGL. c249 (Certiorari action). As such, plaintiff will not respond to this moot issue presented by defendants counsel.

6. ANY CLAIMS AGAINST NAMED DEFENDANT MICHAEL MALONEY MUST BE DISMISSED BECAUSE HE WAS NEVER SERVED:

Plaintiff attempted to make service on Michael T. Maloney by serving the action directly to the Department of Correction as the former employer of said defendant. The DOC refused such service. However, it did accept service for Peter Allen, yet another former employyee of the DOC. It is curious as to why the DOC would purposely attempt to prevent the plaintiff from conducting service upon one former employee while accepting service for the second former employee. Furthermore, the DOC deliberately withheld information from plaintiff which he needed to conduct service, even when they were fully aware of this defendants present address (personal and business).

Plaintiff, not completely aware of such legal matters, fully believes that he was well within his rights to serve Michael T. Maloney at his last known address, and to his last know employee. The DOC could have accepted service for this defendant legally, just as it did for Peter Allen, a former employee.

7. SCHMITT HAS NO §1983 CLAIM FOR DAMAGES AGAINST THE DEPARTMENT OR THE DEPARTMENT OFFICIALS IN THIER OFFICIAL CAPACITIES:

The Plaintiff states that officials who act without legal authority, that is, without statatutory pervisions or do to an immediate threat to the health and safety of others, are acting in their individual capacities as officials. The defendants, each as individuals, acted to deprive this plaintiff of his Constitutional Rights, privileges, and immunities by use of official

titles/powers. It is the obligation/duty of state officials to have a reasonable knowledge/understanding of the state and federal constitutions. Therefore the defendants used their official capacity to impose punitive sanctions and censorship of his first amendment rights. Eventhough the plaintiff was incarcerated at the time of the of the unauthorized censorship of his mail, or seizure of his mail he addressed to a private citizen, may also violate the fourth amendment's prohibition of unreasonable search and seizure. This arguement arises out of the plain and simple language of the fourth amendment. "The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrents shall issue, but upon probable cause, supported by oath or affirmation, and particulary describing the place to be searched, and the persons or things to be seized." U.S. Constitution Fourth Amendment. Clearly, by this a few federal questions arise: 1) Does the first amendment prohibit an incarcerated person from writing/creating/expressing pornographic "stories," and mailing them to another citizen; and 2), Does the fourth amendment's provisions protecting plaintiff's property extend to him while he's incarcerated, and does his personal pornographic writings qualify as such property. The plaintiff believes that because the defendant's acted without direct statutory/regulatory authority prohibiting his actions, the defendant's deliberately violated his constitutional rights. And, without the legal authority required to abrogate his free speech and personal property, the defendant's acted as individuals, in violation of the federal constitution.

8. COMMISSIONER MALONEY AND WILLIAM GROSSI ARE ENTITLED TO DISMISSAL OF THE CLAIMS UNDER §1983 IN THE ABSENCE OF SUPERVISORY LIABILITY:

There is an abundant amount of evidence contained in the plaintiff's institutional file reflecting the fact that he wrote to both these defendants about the violations he suffered at the hands of MCI-Walpole officials (named defendants in this action). The defendants named above deliberately chose to turn a blind eye to plaintiff's situation. The afirmative link in this matter is that both defendants were aware of the issue and in their position of high authority chose to allow their subordinates to continue the violations against the plaintiff. Deliberate indifferance is clearly reason to hold these two defendants liable for the violations of plaintiff's constitutional guaranteed rights.

9. SCHMITT'S CONSTITUTIONAL CLAIMS REGARDING THE CENSORING OF HIS OUTGOING MAIL ARE MOOT:

The fact that the plaintiff is nolonger serving a prison sentence has absolutely no bearing on the fact that pusuant to 42 U.S.C. §1983 he is entitled to monetary damages for the violations of his rights by the defendants.

Furthermore, the fact that plaintiff is presently being involuntarily detained at the Nemansket Correctional Facility pending a MGL c. 123A Civil Commitment Trial is completely irrelevant to the issue before this Court.

Contrary to the defendants erroneous allegation that plaintiff concedes that he is not permitted to send out or receive descriptive materials of a sexual nature while housed there. (Pl.'s Opp'n to Mot. to Dismiss at 1.). Plaintiff in fact stated, "Further, the plaintiff has not, and does not, seek to be allowed to send or receive material of a sexual nature from the institution he is presently being detained." This quoted statement is in direct referance to the "Defendants Memorandum of Law in Support of Motion to Dismiss or, in the Alternate, for Summary Judgment" I. Introduction: "Schmitt's complaint also appears to challenge the Department's authority to prohibit him from possessing or mailing sexually explicit material involving young men or children while housed at the Treatment Center."

In no way at all do I concede that I am not allowed to exersize my Constitutional Rights of Free Speech and Free Expression. Nor do I concede that there are any rules or regulations in place at the Nemansket Correctional Facility to prevent me from exersizing these rights.

## CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration should be dismissed with prejudice, and this action moved to Trial.

Dated: January 26, 2006

Respectfully Submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

### Certificate of Service

I, Joseph P. Schmitt, pro se plaintiff of the above captioned action, hereby certify that a true copy of the above opposition was served upon C. Raye Poole, counsel for the defendants, via institutional mail on January 27, 2006

Joseph P. Schmitt, pro se