UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT, pro se,
            Plaintiff,

vs.                                    CIVIL DOCKET NO. 04-10717-RWZ

PATRICK MULVEY, et al.,
            Defendants

PLAINTIFF'S MOTION FOR COURT ORDER

    Now comes the pro se plaintiff, Joseph Peter Schmitt, and
hereby moves this Honorable Court for an ORDER to the defendants
to process his legal mail.

    As grounds therefor, plaintiff states the following.

1.    Plaintiff recently filed a motion, in part for the same issue,
and the defendants opposed this motion by falsely alleging to this
Honorable Court that defendants are in fact processing all plaintiff's
mail free of cost to him.

2.    Plaintiff has been the subject of having his legal mailings
returned to him under the pretense that he is not indigent.

3.    Plaintiff is presently temporarily civilly detained at the
Nemansket Correctional Facility (also alleged to be the Massachusetts
Treatment Center when it serves the defendants cause) pursuant to
M.G.L. c. 123A. He has been determined indigent by the Commonwealth
at the Worcester Superior Court. Furthermore, this very Court has
found plaintiff to be indigent in various cases.

4.    In the defendants latest motions to have this case and the
related case 04-10452-RWZ Schmitt vs. Smith dismissed, they clearly
claim plaintiff is nolonger an inmate serving a sentence for the
Commonwealth. However, they now deem it justified to claim plaintiff
is not indigent based on policies created for the Commonwealth's

-1-

priosoner population within the Commonwealth prison facilities.
5.    Plaintiff is not a prisoner. He is entitled to more liberty and rights than an average "prisoner".
6.    Plaintiff files this motion not to duplicate his previous motion but rather to add new facts and allegations so this Honorable Court will see the up until now, hidden truths of the defendants actions against the plaintiff.

### CONCLUSION

Plaintiff is being violated his Constitutional Rights to access the courts by the very individuals (and their co-public employees) whom he is sueing. The counsel for the defendants has filed false misleading allegations in formal pleadings to prejudice this plaintiff.

Plaintiff prays this Honorable Court issue an immediate ORDER to the defendants to process all the plaintiff's legal mail without the delays now caused him by defendants refusal to process his mails because he does not meet standards for indigency applied to state inmates by policy created specifically for the commonwealth's prisons and prisoners.

Dated; February 2, 2006

Respectfully Filed,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

Additionally, it must be reported to this court that on the dates of January 31st and February 1st plaintiff was ejected from the law library, which deprived plaintiff of Due Process as he was subjected to sanctions without the benefit of a disciplinary type hearing. It is the belief of the plaintiff that he is being subjected to such treatment because he is sueing the Department of Correction's officials. The latest incident involved libray officials alleging that plaintiff stole a typewriter ribbon, yet a humiliating strip search resulted in no discovery of the alleged stolen ribbon, and plaintiff was

deprived the right to return to the library to conduct his legal work. Plaintiff reminds this Honorable Court that he filed a motion to have the defendants supply him with legal supplies. Defendants vigerously opposed this motion and now they conspire to deprive this plaintiff of the precious little time he can have in the law library to prosecute his actions against the very same defendants depriving him of law library access. Plaintiff can only pray this Court review his motions and GRANT them in this new light this motion brings to the situation.

Plaintiff prays this Court consider this motion as an Addendum to his previously filed motions, or an affidavit in support of the previous simular issues brought to this Court's attention in motions.

Joseph P. Schmitt, pro se

CC: Defendants Counsel, C. Raye Poole
    J.P.S.

-3-