UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
    Plaintiff,

v.

PATRICK MULVEY, et al.,
    Defendants.

## DEFENDANTS' MOTION FOR PROCEDURAL ORDER

Defendants hereby move for a procedural order in the above-captioned matter directing plaintiff to refrain from engaging in communications with counsel or filing any material that is insulting, insolent, or otherwise not in compliance with the standards of decorum appropriate to this forum. As grounds therfor, defendants state as follows.

Pending before the Court is defendants' motion for reconsideration as to whether the writings which plaintiff attempted to mail out of the prison are accorded First Amendment protection. Defendants, in their motion, argued that the censored material, a story describing the rape of a child, constitutes an instruction manual for pedophiles, thereby warranting its confiscation under the Department's regulations. (Defs.' Mot. for Recon. at 8.) In his response, plaintiff equated this analysis to prosecuting the Wile E. Coyote cartoon character for assault and battery on the Road Runner. (Pl.'s Opp'n at 4.)

However, now plaintiff has exceeded the bounds of decorum by mailing to undersigned counsel (utilizing institutional mail) the attached letter and cartoon. This letter serves absolutely no legitimate function in this litigation. Rather, it is clear that it was written and intended solely to harass, mock, and insult the undersigned counsel. It is a hard and fast rule that pro se litigants are held to the same standards that bind counsel, and simply because this plaintiff is pro se and in

2

confinement, he is not privileged to flaunt these standards under any circumstances. See, e.g., International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983) (quoting Faretta v. California, 422 U.S. 806, 834-35 n.46 (1975)) ("The right of self-representation is not 'a license not to comply with the relevant rules of procedural and substantive law.'"); Curtis v. J.J. Duffy Adjustment Serv., Inc., 31 Mass. App. Ct. 949, 950 (1991), review denied 411 Mass. 1105 (an appearance by a pro se party is to be treated as the equivalent of an appearance by an attorney in a civil case).

Accordingly, defendants request that this Court issue an Order directing that any further inappropriate communication on the part of plaintiff shall result in dismissal of this case and of docket number 04-10451 (the companion case), with prejudice.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ C. Raye Poole
C. Raye Poole

DATED: February 15, 2006

B.B.O. # 632719
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300 ext. 147

Certificate of Service

I, C. Raye Poole, counsel for the defendants, hereby certify that on this 15th day of February 2006, I served a copy of the above motion by first class mail, postage prepaid, on the plaintiff, Joseph Schmitt, at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts 02324.

/s/ C. Raye Poole
C. Raye Poole