UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10717-RWZ

JOSEPH P. SCHMITT

v.

PATRICK MULVEY, et al.

ORDER ON PENDING MOTIONS

March 1, 2006

ZOBEL, D.J.

On March 30, 2005, the court ordered plaintiff to cease filing the same motion more than once. Since then plaintiff has continued his exceedingly active motion practice, including motions with titles different from each other, but seeking identical or substantially identical relief. In addition, many of the motions are legally baseless. The court will now rule on all pending motions on the merits, but plaintiff is warned that any subsequent duplicative motions will result in the dismissal of the action.

A. Plaintiff's Motions

   1. Motion for Reconsideration of the Order Dismissing Counts 6 and 7 of the Complaint (#45)

The motion is denied.

   2. Motion for Emergency Injunction (#47)

Plaintiff seeks to remove from his institutional file "all materials relevant to the subject matter of this action."

The motion is denied as the court does not have any authority to order defendants to remove said records.

3. <u>Motion for an Order that Defendants "photo copy case law and relevant materials that plaintiff deems necessary to process" his several actions</u> (#49)

The motion is denied.

4. <u>Motion for Production</u> (#50)

Plaintiff seeks a copy of the DOC policy regarding "IPS Investigations." The document apparently describes the Department's Inner Perimeter Security Investigations which pertains to institutional security and is irrelevant and not discoverable.

The Motion is denied.

5. <u>Motion for Court Order</u> (#52)

Plaintiff seeks an order that defendants provide free mailing services in connection with all "legal mail."

The motion is denied.

6. <u>Motion for Declaratory Judgment</u> (#53)

With this motion, plaintiff seeks to short circuit this matter to the end result without trial.

The motion is denied.

7. <u>Motion for Emergency Injunction</u> (#54)

This is a variant (duplicate) of #47. Whereas the first motion sought an injunction requiring removal of certain materials from plaintiff's institutional file, this

motion seeks an injunction against its dissemination.  This is apparently an attempt to neutralize the evidence for the commitment hearing in state court.

Since this is properly a matter for the state court, the motion is denied.

8. <u>Motion to Add Party</u> (#56)

The party plaintiff seeks to add as an additional plaintiff is one Robert Bernard, the recipient of the allegedly contraband material which gave rise to the disciplinary proceeding at the bottom of the instant case.  Plaintiff also wishes to act as "pro se counsel" for this "co-plaintiff" who clearly has not consented to his inclusion in this law suit.

The motion is denied for all the reasons inherent in the description above.

9. <u>Motion for Separate Trials</u> (#57)

This is a request to try separately the two cases pending in this court, Civil Action 04-10717 and Civil Action 04-10451 "so that plaintiff may learn from any mistakes and errors from one case to the other."

Since the court serves as a means for resolving disputes, not as a school for litigating, the reasons advanced by plaintiff for separate trials will not carry the day. And, since the issues in the two cases are substantially similar, a consolidated trial may well be both fair and efficient.  The court will discuss the matter with the parties at the pretrial conference.

10. <u>Motion to Amend Plaintiff's Motion Number 49 on the Docket</u> (#61)

By this motion plaintiff asks that, in addition to photocopying services, defendants provide him with a range of supplies -- paper, pens, typewriter, correction

ribbons and the like -- to be able to prosecute the 10 to 11 cases in which he is involved.

The motion is denied.

11.  Motion for Production (#62)

Plaintiff seeks production of all records pertaining to the monitoring of all of his mail for the entire period of his incarceration and detention.

Since the actions of defendants in this regard implicate security matters in the institutions, the motion is denied.

12.  Motion for Sanctions against Defendants' Counsel (#63)

This is plaintiff's riposte to defendants' motion for sanctions.

The motion is denied.

13.  Motion for Court Order (#64)

Plaintiff asks this court to stay the civil commitment proceeding in the Worcester Superior Court, Commonwealth v. Schmidt, 02-01529, pending resolution of this matter.

The motion is denied as the court has no authority to grant the relief, and the two cases are, in any event, unrelated.

14.  Motion for Court Order of Production of Mail Monitor Records (#65)

This motion is a duplicate of plaintiff's motion for production, number 62.  Apart from violating this court's order, it is without merit.

The motion is denied.

15.  Emergency Motion to Stay Defendants' Pending Motions until Rulings on Plaintiff's Motions (#66)

Since the court has with this memorandum addressed every pending motion, this motion is moot and denied as moot.

16. Plaintiff's Motion for Court Order (#69)

Plaintiff acknowledges that this motion for an order that defendants process his legal mail, covers in part the same issue addressed in motion number 52. In fact it entirely duplicates the earlier request.

The motion is denied.

B. Defendants' Motions

1. Motion to Strike Plaintiff's Outstanding Motions and for Sanctions (#55)

The motion to strike is denied. The motion for sanctions is denied without prejudice to renewal if plaintiff violates the explicit order post.

2. Motion for Reconsideration of the Denial of the Motion to Dismiss (#58)

Defendants now join petitioner in violating the court's order not to file the same motion more than one time. Inexplicably, defendants filed a motion for reconsideration followed by a supplement to their earlier motion to dismiss and/or for summary judgment, and the two filings are identical in all relevant respects except for their names. To make matters worse, defendants' motion for "reconsideration" in fact raises a host of new arguments without any explanation of why these were not introduced in the earlier motion. Defendants have essentially filed serial dispositive motions and, as a result, now create inefficiencies and work for the court in the same manner as has petitioner. Because defendants' new and more fully developed arguments fairly

challenge and dispose of certain issues and defendants, however, the court will briefly address them in turn.

First, defendants correctly assert that the Massachusetts Department of Corrections ("MDOC") and the six individual state officials – to the extent they are named in their official capacities – may not properly be defendants in a case where all claims derive from the right to sue as granted in 42 U.S.C. § 1983, and only retrospective injunctive relief (expungement of disciplinary actions from a prison record) and monetary damages are sought. Wilson v. Brown, 889 F.2d 1195, 1197 & n.4 (1st Cir. 1989)(finding a state penal system and its officials to be "essential appendage[s] of the state corpus" and explaining that "it is well settled that while prospective injunctive relief is permissible, retrospective relief is barred"). Accordingly, MDOC is dismissed from the suit, as are the individual state defendants in their official capacities.

Plaintiff's suit against the six individual state officials in their individual capacities is dismissed in part. With respect to Commissioner Michael Maloney and William Grossi, defendants argue that plaintiff failed to allege any specific conduct by them in support of his allegations. Plaintiff asserts their involvement through his writing letters to them, although he never received any acknowledgment of, much less a response to, his communication. "[B]ecause respondeat superior is not available as a theory of liability of § 1983, . . . a supervisory official's liability must stem from his or her own actions or omissions, which must be 'affirmatively connect[ed] to the subordinate's violative act or omission,' and which must themselves rise to the level of deliberate indifference." Navedo v. Maloney, 172 F. Supp. 2d 276, 284 (D. Mass. 2001), citing

6

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 696 n. 58 (1978) and Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). Receiving letters without responding does not rise to this level, and plaintiff asserts no other relevant conduct by these two defendants. Commissioner Maloney and Mr. Grossi are thus dismissed from the suit.

As to the other four individual defendants, they rightly assert qualified immunity to plaintiff's claim for denial of due process. Defendants' motion more clearly develops the basis for qualified immunity and persuasively argues that plaintiff's claim does not satisfy the first prong for defeating qualified immunity, namely, whether "taken in the light most favorable to [plaintiff], . . . the facts alleged show the [defendants]' conduct violated a constitutional right[.]" Saucier v. Katz, 533 U.S. 194, 201 (2001). A successful claim for deprivation of due process by a convicted inmate "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). The loss of television, radio and telephone privileges for a couple of months does not amount to an "atypical and significant hardship" constituting deprivation of due process. This claim is therefore dismissed against remaining defendants Patrick Mulvey, Peter Allen, William Faria and Ernest Therien, in their individual capacities.

Defendants contend that the facts also fail to show violation of plaintiff's first amendment right to freedom of speech, because state regulation permits censoring of

7

prisoner mail that instructs criminal activity, and they believed that plaintiff's stories amounted to "an instruction manual for pedophiles." (Defs.' Mot. for Reconsideration 8). Although defendants characterize plaintiff's complaint as challenging this rule, he does not question so much defendants' general regulatory authority to censor mail as their prosecutorial discretion in specifically choosing to censor his outgoing mail. As a factual matter, a reasonable juror may reject defendants' version of the events on the ground that nothing in the record suggests that they really believed plaintiff's correspondence instructed criminal activity. In fact, the present motion marks the first time defendants have raised this defense, as their earlier briefs justified the censorship for reasons of rehabilitation, security and punishing a violation of the prohibition on accepting money or other valuables without prior authorization. As a legal matter, whether plaintiff's pedophile stories may be properly construed as instruction manuals for actually carrying out such illegal acts is entirely unclear, especially in the absence of any legal authority or a means of distinguishing between such stories and other legally permitted erotic stories that involve fictional crimes. Defendants have thus failed to demonstrate that they did not violate plaintiff's constitutional right to freedom of speech. Moreover, the claim that they disciplined plaintiff because his letters instructed criminal activity and, thus, they lacked fair warning under the test for qualified immunity that the discipline was unconstitutional is not persuasive on the present record, as defendants have not pointed to any evidence that such reasoning truly informed their actions. Accordingly, defendants' motion for dismissal of the counts regarding freedom of speech on the basis of qualified immunity is denied.

Of plaintiff's original ten counts, only Counts 1 through 5 remained after defendants' initial dispositive motion. With the additional dispositions herein, only Counts 4 and 5 against defendants Patrick Mulvey, Peter Allen, William Faria and Ernest Therien, in their individual capacities, remain.

Additionally, plaintiff's opposition briefs raised new allegations of violations by defendants of his Fourth Amendment rights. Because plaintiff may not state new claims without first seeking leave to amend his complaint, and he has not sought such leave, these allegations are not considered part of the complaint and no consideration shall be given to them.

3. <u>Motion to Stay Plaintiff's Pending Motions Pending Rulings on the Motion for Reconsideration</u> (#59)

The motion is denied as moot; all pending motions have been decided.

C.  <u>Court Order Concerning Duplicative Motions</u>

Plaintiff is hereby ordered to cease filing motions that duplicate by title or in substance ones filed earlier. Any violation will result in dismissal of this case.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |