UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
    Plaintiff,

v.

JEFFREY SMITH, et al.,
Defendants

AND

JOSEPH SCHMITT,
    Plaintiff,

v.

PATRICK MULVEY, et al.,
Defendants.

## DEFENDANTS' PRETRIAL MEMORANDUM

Pursuant to Rule 16.5(d) of the Local Rules of the United States District Court for the District of Massachusetts, defendants submit the following pretrial memorandum. Counsel for defendants has not conferred with plaintiff Joseph Schmitt ("Schmitt") regarding this memorandum because he is *pro se* and currently residing at the Massachusetts Treatment Center in Bridgewater, Massachusetts.

    1.    Summary of the evidence:

    (a)    It is expected that plaintiff will argue that his constitutional rights were violated because his outgoing mail, which contained graphic descriptions of unlawful sexual acts between an adult and a fourteen-year old boy, and unlawful sexual acts between twelve-year old boys, was censored.

    (b)    Defendants will argue that plaintiff's constitutional rights were not violated because the censoring of outgoing inmate mail is permissible in certain

circumstances, including those in which the material as a whole or in significant part encourages or instructs in the commission of criminal activity.

    2.    <u>Facts established by the pleadings</u>

Schmitt is a former Department of Correction ("Department") inmate. In 2002, Schmitt was confined at the Massachusetts Correctional Institution, Cedar Junction ("MCI Cedar Junction") in Walpole. In 2002, Patrick Mulvey and Jeffrey Smith were Inner Perimeter Security ("IPS") officers at MCI Cedar Junction; Peter Allen was the Superintendent of MCI Cedar Junction; William Faria was a disciplinary hearing officer and Ernest Therien was a disciplinary officer at MCI Cedar Junction.

Prior to February 21, 2002, plaintiff had been placed on a mail monitor with the authorization of the Superintendent. On or about February 21, 2002, plaintiff attempted to mail a letter which contained a story entitled "Weekend in Paradise" out of the institution. The mail, which contained graphic and sexually explicit descriptions of the "seduction" of a fourteen-year boy by an adult male, was censored. On or about March 15, 2002, plaintiff attempted to mail a letter which included a story entitled "Rain Dance" to an inmate incarcerated in New Mexico. The mail was censored in this case because it contained a graphic and sexually explicit story about sexual activity between twelve year-old boys.

    3.    <u>Contested issues of fact</u>

(a) Whether defendants, who are entitled to substantial deference and the presumption of validity in interpreting the Department's regulations, reasonably determined that the contents of the mail in question as a whole or in significant part encouraged or instructed in the commission of criminal activity.

    4.    <u>Jurisdictional questions</u>

None.

    5.    <u>Questions Raised by Pending Motions</u>.

None.

6.  Issues of Law, Including Evidentiary Questions.

Defendants request clarification with regard to this Court's March 2006 Order, in which the claims against defendants Faria and Therien were not dismissed, even though their only involvement in this case concerned the disciplinary proceedings, not the censoring of the mail in question.

7.  Amendments to the pleadings

None requested by defendants.

8.  Additional matters to aid in disposition of action

None at this time.

9.  Probable length of trial

Two to three days.

10. Names and addresses of witnesses for defense[1]

(a) John Marshall, MCI Cedar Junction.

(b) Peter Allen, retired.

(c) Ernest Therien, MCI Norfolk

(d) Patrick Mulvey, MCI Cedar Junction.

(e) William Faria, no longer employed by the Department.

(f) Jeffrey Smith, MCI Cedar Junction.

11. Proposed defense exhibits

(a) Department Inmate Mail Regulation, 103 CMR 481.

(b) Plaintiff's letter censored on or about February 21, 2002, which contained a story entitled "Weekend in Paradise."

(c) Plaintiff's letter censored on or about March 15, 2002, which contained a story entitled "Rain Dance."

---

[1] Per Department policy and state confidentiality laws (G.L. c. 66, § 10), defendants will not provide the home addresses of any Department employee or former employee. Disclosure of these addresses poses a significant threat to the safety of the employee or former employee. Thus, if plaintiff has concerns as to how to direct a subpoena, the Department will accept service of a subpoena at the Department employee's place of business.

(d) Mail monitor authorization.

(e) Mail monitor log.

                                            Respectfully submitted,

                                            NANCY ANKERS WHITE
                                            Special Assistant Attorney General

DATED: March 14, 2006        /s/ C. Raye Poole
                                            C. Raye Poole
                                            B.B.O. # 632719
                                            Department of Correction
                                            Legal Division
                                            70 Franklin Street, Suite 600
                                            Boston, MA 02110
                                            (617) 727-3300 ext. 147

Certificate of Service

     I, C. Raye Poole, counsel for the defendants, hereby certify that on this 14th day of March 2006, I served a copy of the above motion by first class mail, postage prepaid, on the plaintiff, Joseph Schmitt, at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts  02324.

                                            /s/ C. Raye Poole
                                            C. Raye Poole