FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
FOR THE
DISTRICT OF MASSACHUSETTS 2006 MAR -9 P 3: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

Joseph Peter Schmitt,
        Plaintiff,

vs.                                          USDC-04-10717-RWZ

Patrick Mulvey, et al.,
        Defendants

### MOTION FOR RECONSIDERATION/NOTICE OF APPEAL.

Now comes the pro se Plaintiff and moves this Court to
reconsider its decision dated 03/01/2006 insofar as dismissing
Plaintiff's claim of Due Process violations against defendants
Mulvey, Allen, Faria and Therien in their individual capacities.

Plaintiff further moves that this Court reconsider its decision
to grant immunity to defndants in their official capacity.

As grounds Plaintiff states the following:

The defendants did beyond any and all doubt sanction Plaintiff
for allegedly violating the inmate mail policy. This sanctioning
was not limited to a one time event as clearly detailed in documents
filed in this court. The defendants repeatedly sanctioned Plaintiff
even when Plaintiff filed appeals and letters of complaint to said
defendants. There is absolutely no policy within the department of
correction that would prohibit the Plaintiff from writing any type
sexual stories (and or selling said material to any publisher) and
mailing it to consenting adults. The defendants, while acting under
color of law, took it upon themselves to act against the Plaintiff
in such a way as to punish him for violations that do not have any
support by any policy or rule of the department of correction. The
fact that Plaintiff was punished for doing what is his lawful right
to do is in itself a violation of his due process rights. When an
inmate is suffering the loss of all the state created liberties he
can possibly have, this clearly meets a level of cruel and unusual
punishment.

When an official acting under color of law takes action against
an individual without legal authority, and in this immediate case,
continues to do the same action, it is clearly an abuse of authority

and is not protected by immunity. See Plaintiff's Opposition To Defendants' Motion For Reconsideration §7.

Plaintiff further moves this Court to reconsider its decision to deny motions #50, #62, #64, #65. PLaintiff also moves for clearification for all denied motions, and gives notice of his intention to appeal the above denied motions.

As grounds therof Plaintiff states:

During Plaintiff MGL c.123A civil Committment Trial in the Worcester Superior Court Action WOCV2002-01529A on February 17,2006 it was testified to by former Special Investigator Stephen Kennedy that Plaintiff was placed on a mail monitor for allegedly commiting income tax fraud. It was stated by Kennedy that the IRS was given all the alleged evidence and that no charges have ever come to fruitation against the Plaintiff. On other trial dates IPS Officers also testified to the same issue. The general consensus is that the so-called mail monitor was not initiated because of any writings Plaintiff sent to his adult friends. It was because of alleged income tax fraud, which Plaintiff has never been charged for.

Plaintiff's motion #50 is highly relevant because he has the right to challenge the way the DOC officials conducted their alleged investigation against him. Furthermore, this court is in error by claiming this motion is irrelevant. Plaintiff is nolonger a prisoner, and by treating him as such, this court and the defendants are violating his rights. Plaintiff has the absolute right to challenge every and any aspect of this matter caused by the illegal actions of the DOC officials. To hide behind the allegation that said material is a security issue is nothing more than another way for the defendants to hide behind their alleged immunity when abusing an inmates rights.

With respect to Motion # 62 and #65 Plaintiff has the right to obtain and present as evidence in trial any and all evidence that will support his claims. This court, by denying the above motions, is doing nothing more than allowing the defendants abuse to continue unchalleged. As described above, DOC employees have testified under oath in civil action WOCV2002-1529A as to the reasons behind the mail monitor against the Plaintiff. This very much controdicts any and all allegations made by the defendants to date, and clearly shows

a pervasive and abusive trend by the defendants to abuse the Plaintiff's rights since 1997 to the present date. The Defendants have to obey CMR Policy. They do not have the authority or right to simply violate Plaintiff's rights, and the rights of his intended mail recipients. To be deprived the right tp obtain and present this evidence clearly gives the defendants an advantage over the Plaintiff even greater than they have now. It is clearly established that both (all) parties in an action must have an equal playing ground. Plaintiff has been deprived equal protection because he is being detained by the very defendants he seeks to take legal actions against. This surely is not just and fair by any means.

With respect to Motion #64 Plaintiff states that this court does have authority over the lower court as detailed in his motion. If this court finds that the defendants violated Plaintiff's rights and did confiscate materials under such circumstances, then it is obligated to prevent the lower court from using illegally obtained materials against the Plaintiff. It is a clear case of fruits of the poisoned tree. This court is in error by alleging that the two cases are unrelated. The lower court, due to the illegal actions of the defendants, have obtained materials that are being used against the PLaintiff to declare him as a sexually dangerous person. The issue remains that if the defendants did not violate Plaintiff's rights in the first place, then the lower court would never had had access to the Plaintiff's personal letrters and or stories he mailed to willing adults.

Plaintiff must also bring to the attention of this court the fact that it has erred insofar as stating that Plaintiff has not brought up the issue that defendants violated his 4th Amendment Rights. Plaintiff brings the court's attention to his original complaint. See "SUPPORTING CASE LAW §4." Plaintiff clearly indicates case law that supports his claim that the defendants should not invade his privacy. Also see,"LEGAL ARGUEMENTS §9". Plaintiff is not perfectly sure but he believes that throughout his pleadings he has made it a point, perhaps not an express point, but a point nevertheless, that the defendants have violated his privacy rights. Therefore, this court must consider this violation against all parties of this action. As a pro se litigant, the plaintiff's pleading must be construed in there most widest meanings.  Plaintiff must request that this

court reevaluate plaintiff's opposition briefs and make a ruling
on his Fourth Amendment claims as they are part of his original
complaint as clearly indicated above. Plaintiff does not make any
excuses for his error in not making a stronger point of this violation
of his Fourth Amendment Rights, but he shall simply say that he is
not an experienced attorney and he is/was in the process of fighting
for his life long liberty in the lower court, as well as prosecuting
other civil actions brought before this US District Court.

In closing Plaintiff again states that he intends to appeal
any and all issues presented in this motion in which this court does
not change its rulings on during the requested reconsideration.

Plaintiff would also like to request that this court clearify
its ruling on Motion #56. Plaintiff requests reconsideration of this
motion, and moves for a stay of action in order to once again contact
Robert Bernard and obtain notorized authorization from him to include
him in this action and to represent him in same action. Because this
court has threatened to dismiss this action if plaintiff files repeated
motions, Plaintiff is now unsure if he must file a seperate motion
to stay this action and to include Robert Bernard as a co-plaintiff.
Plaintiff request clearification from this court on this matter so as
to avoid the unjust dismissal of his just lawsuit.

Dated: March 6,2006


Respectfully Filed,

Joseph P. Schmitt, pro se


CERTIFICATE OF SERVICE

I, Joseph Peter Schmitt, hereby certify that a true copy of
the above pleading was served upon C. Raye Poole, via pre paid first
class mail on March 7,2007

Joseph P. Schmitt, pro se