UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
    Plaintiff,

v.

JEFFREY SMITH, et al.,
Defendants

AND

JOSEPH SCHMITT,
    Plaintiff,

v.

PATRICK MULVEY, et al.,
Defendants.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDMENT TO WITNESS LIST

Defendants in the above matter hereby oppose plaintiff's amendment to witness list for the following reasons.

At the final pre-trial conference on March 22, 2006, plaintiff requested five witnesses, and the Court allowed him to subpoena three of them: C.O. Paul Gordon, Sergeant Stephen Kennedy, and C.O. Carter Thomas. The Court denied plaintiff's request to subpoena Attorney Julie Daniele and General Counsel Nancy White. Plaintiff now seeks to add three new witnesses, C.O. Gary Hebda, Captain William Grossi, and paralegal Cheryl Maher.

Plaintiff "served" counsel for defendants with this motion by addressing it to the legal division at the Treatment Center, where it was received on March 30, 2006, and was

then forwarded to counsel for defendants at her address in Boston.  Counsel did not receive this motion until today, Friday, March 31, 2006.  The trial is scheduled to begin on Monday, April 3, 2006.  Given plaintiff's request to include these witnesses at this late hour in the litigation, thereby constituting unfair surprise, his request should be denied.

Furthermore, plaintiff's motion should be denied because he failed to state why these witnesses are necessary to his case.  Paralegal Maher is not an appropriate witness, as she works under the attorney-client privilege with the Department.  Plaintiff has provided no reasons why C.O. Hebda, who has been the mail officer at MCI Cedar Junction since 2000, and who in that role has no involvement whatsoever in making determinations as to the censoring/disapproval of outgoing mail based on its written contents,[1] should be taken away from his daily responsibilities to appear in Court on this matter.  Nor are there any allegations in plaintiff's filings concerning this individual.

Finally, plaintiff has failed to state why Captain Grossi is necessary to his case, and, moreover, this Court has already allowed Captain Grossi be dismissed as a defendant because plaintiff has failed to allege Captain's Grossi's involvement in the violation of plaintiff's First Amendment rights.

Accordingly, plaintiff's amendment should be denied.

                                      Respectfully submitted,

                                      NANCY ANKERS WHITE
                                      Special Assistant Attorney General

DATED: March 31, 2006            /s/ C. Raye Poole
                                      C. Raye Poole
                                      B.B.O. # 632719
                                      Department of Correction
                                      Legal Division

---

[1]     Officer Hebda's only role in screening outgoing mail to is put it through a fluoroscope before bringing it to the United States Post Office.

2

>70 Franklin Street, Suite 600
>Boston, MA 02110
>(617) 727-3300 ext. 147

Certificate of Service

I, C. Raye Poole, counsel for the defendants, hereby certify that on this 31st day of March 2006, a copy of the above motion was served in hand on the plaintiff, Joseph Schmitt, at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts 02324.

>/s/ C. Raye Poole
>C. Raye Poole