UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

JOSEPH P. SCHMITT, pro se,
    Plaintiff

2007 OCT 19  P 12: 46

v

CIVIL CASE NO.: 2004-10717-RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

PATRICK MULVEY, et al,
    Defendants

PLAINTIFF'S EMERGENCY RESPONSE TO DEFENDANTS
MOTION FOR CLARIFICATION OF THIS COURT'S ORDER
DATED OCTOBER 10, 2007:
AND MOTION FOR SANCTIONS AGAINST OPPOSING COUNSEL

    Now come the pro se plaintiff and gives the following response to defendants latest motion, motion for clarification of this court's order dated October 10, 2007. And, motion for sanctions against opposing counsel.

1.    This court clearly and plainly ordered the defendants to return the two stories/letters and envelopes that were the subject of litigation in the combined cases 2004-10717-RWZ and 2004-10451-RWZ, because said court is constrained to accept the jury's determination that the defendants violated plaintiff's rights to free speech by confiscating said stories. Plaintiff respectfully points out the undisputed fact that defendants opted for a jury trial, not bench trial as plaintiff was ready and willing to go forward with. As such they are bound by the jury's determinations, whether they agree or disagree with it.

2.    Defendants have made countless attempts to deprive this pro se plaintiff his rightful property since the conclusion of the jury trial.

3.    Counsel is now filing frivolous and malicious motions which only delays the return of the letters and envelopes as this court so clearly and plainly ordered October 10, 2007.

4.    This court's October 10, 2007 order was plain and clear. The return of plaintiff's stories and envelopes are not hinged upon his past desire to have them mailed to a friend, namingly Derek Kolb in New Mexico, whom at this time plaintiff has no contact with and has no such desires to have any such contact with. It is further believed that Kolb is incarcerated in New Mexico.

5.    Defendants have the authority to deny me possession of the material while at the Treatment Center as a SDP pursuant to G.L. c. 123A. However, plaintiff also has the undisputed right to review the material to ensure that it is in fact the exact material

unconstitutionally confiscated from him, as determined by a jury of the defendants peers demanded by said defendants. Plaintiff will then make the decision as to how to dispose of said property as the Department of Correction property policy uses at the MA. Treatment Center (Bridgewater).

    WHEREFORE, plaintiff moves that this Court Sanction the Opposing counsel, C. Raye Poole, for her continued filings of malicious and frivolous motions regarding the return of said letters and envelopes, and to further order the defendants, Opposing counsel C.Raye Poole, to forward to plaintiff said stories/letters and envelopes they were originally mailed so he may review said material and make an informed decision as to how to dispose of such material.

Dated: October 16, 2007

Respectfully filed,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

Undersigned pro se counsel/plaintiff hereby certifies that a true copy of the above motion was mailed to C. Raye Poole, Esq. at 70 Franklin Street, Suite 600, Boston, Massachusetts, 02110-1300 via inter department mail on or about October 18, 2007.

Joseph P. Schmitt, pro se
Counsel/Plaintiff