UNITED STATES DISTRICT COURT

FILED
IN CLERKS OFFICE

CIVIL DOCKET NO.:
USDC2004-10717-RWZ

2007 NOV -2 A 11: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOSEPH P. SCHMITT, Pro se.,
    Plaintiff,

v.

PATRICK MULVEY, et al.,
    Defendants.

EMERGENCY MOTION FOR PROTECTIVE ORDER,
AND MOTION FOR SANCTIONS AGAINST DEFENDANTS

    Pro se plaintiff, Joseph P. Schmitt moves this honorable court, Rya W. Zobel, for an emergency protective order and sanction against the defendants, specifically the department of correction and Jody T. Adams, Esq.

    As grounds thereof, Plaintiff states the following under pains and penalties of perjury.

1.    On October 23,2007 plaintiff was awokened by IPS Sergeant Eugene Benevides and brought into the hall way before his housing unit to be questioned regarding issues concerning the Courts Order Dated October 10,2007 and subsequent motions filed by both the defendants and this Pro Se Plaintiff.

2.    Pro se Plaintiff informed Eugene Benevides that the matter was before the court and that he objected to Robert Murphy ordering the IPS at the Nemansket Correctional Facility to interfer in such matters. Plaintiff further informed Benevides that he was not sure who if anyone would be the recipiant of the materials ordered by this Court to be returned to said Pro se Plaintiff, and that such matters were before the Court and not within the administrations jurisdiction at this time.

3.    On October 24,2007 Pro se Plaintiff was again confronted by IPS Sergeant Eugene Benevides regarding the exact issues of the previous day, as described above. Pro se Plaintiff instructed Benevides of the fact that the matter was before the court, between himself and the defendants counsel, and as such such communications were not permitted by rules of civil procedure. Benevide informed Pro se PLaintiff that he was acting under the direct orders of Robert Murphy to obtain the address of my attorney whom I stated the previous day "that I might send his the material after I have personally reviewed it and at such time I would determine who if anybody I would send it to and upon doing so I would provide the envelope pre-address and baring the required postage." Plaintiff expressed his intent very clearly. "He was not certain who he would mail the material to,"

4.      Eugene Benevides informed Pro se Plaintiff that Robert Murphy would not permit said Plaintiff to have any possession of the "stories."

5.      The actions of Murphy, Benevides clearly are based on communications between the defendants counsel and Murphy (Robert Murphy, Superintendent at the Nemansket Correctional Facility).

6.      Such actions circumvent the civil action filed and active within this United States District Court. The Department of Correction does not have the authority, power or inclination to interfere in any way with proceeding in Federal Courts, or before officers appointed by them. Matter of Lyon, 301 Mass. 30, 34 (1938). The Supremacy Clause of Art. VI of U.S. Constitution provides Congress with power to prempt State Law. "The standard to be applied in determining whether the supremacy clause requires that state (family) law be prempted is whether the state law does 'major damage' to "clear and substantial' federal interests. "Hisquierdo v. Hisquierdo, 435 U.S. 572, 581 (1979), quoting United States v. Yazell, 382 U.S. 352 (1966). See Rose v. Rose, 481 U.S. 619, 625 (1987); Ridgway v. Ridgway, 545 U.S. 46, 54 (1981): McCarty v. McCarty, 543 U.S. 210, 220 (1981).

7.      In the long history of this case the defendants and their counsel have contnuously erected barries to prevent plaintiff from achieving his rights.

        WHEREFORE, Plaintiff moves that this Court impose monetary Sanctions against the Department of Correction in the amount of $25,000.00 for its continuous and repeated violations of Plaintiff's State and Federal rights, Furthermore, to impose monetary Sanctions against Jody T. Adams, Esq. in the amount of $75,000.00 and refer this matter to the Bar Association for professional misconduct charges for he continued and repeated abuses against this pro se plaintiff.

        In Conclussion, Plaintiff moves that this Court ORDER the Department of Correction to cease harassing plaintiff regarding the matters before this court, and to maintain contact of such matters between defendants counsel and pro se plaintiff only.

        IN THE ALTERNATIVE, Plaintiff moves this court to habe him into court for the sole purpose of having defendants counsel turn over to him all materials on which the combined actions are based so as Plaintiff may review said materials, and then turn such materials over to the clerk of this court with a pre-addressed envelope bearing required postage so said clerk may ensure the mailing of said materials. (Plaintiff states in clear language that he does not trust the administration at the Nemansket Correctional Facility to carry out the Courts orders non-corruptly.

Dated: October 24, 2007

Respectfully Filed,

*[signature]*

Joseph P. Schmitt, Pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a copy of the above motion was mailed to Jody T. Adams at 70 Franklin Street, Suite 600, Boston Massachusetts 02110-1300 via Intra Department Mail on or about October 25, 2007

*[signature]*

Joseph P. Schmitt, pro se,
Plaintiif.