UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT, pro se,
    Plaintiff

v.                        CIVIL CASE NO.: 2004-10717-RWZ

PATRICK MULVEY, et al,
    Defendants



PLAINTIFF'S EMERGENCY RESPONSE TO DEFENDANTS
MOTION FOR CLARIFICATION OF THIS COURT'S ORDER
DATED OCTOBER 10, 2007:
AND MOTION FOR SANCTIONS AGAINST OPPOSING COUNSEL

    Now come the pro se plaintiff and gives the following response to defendants latest motion, motion for clarification of this court's order dated October 10, 2007. And, motion for sanctions against opposing counsel.

1.    This Court clearly and plainly ordered the defendants to return the two stories/letters and envelopes that were the subject of litigation in the combined cases 2004-10717-RWZ and 2004-10451-RWZ, because said court is constrained to accept the jury's determination that the defendants violated plaintiff's rights to free speech by confiscating said stories. Plaintiff respectfully points out the undisputed fact that defendants opted for a jury trial, not bench trial as plaintiff was ready and willing to go forward with. As such they are bound by the jury's determinations, whether they agree or disagree with it.

2.    Defendants have made countless attempts to deprive this pro se plaintiff his rightful property since the conclusion of the jury trial.

3.    Counsel is now filing frivolous and malicious motion which only delays the return of the letters and envelopes as this court so clearly and plainly ordered October 10, 2007.

4.    This court's October 10, 2007 order was plain and clear. The return of plaintiff's stories and envelopes are not hinged upon his past desire to have them mailed to a friend, namingly Derek Kolb in New Mexico, whom at this time plaintiff has no contact with and has no such desires to have any such contact with. It is further believed that Kolb is incarcerated in New Mexico.

5.    Defendants have the authority to deny me possession of the material while at the Treatment Center as a SDP pursuant to G.L. c. 123A. However, plaintiff also has the undisputed right to review the material to ensure that it is in fact the exact material

unconstitutionally confiscated from him, as determined by a jury of the defendants peers demanded by said defendants. Plaintiff will then make the decision as to how to dispose of said property as the Department of Correction property policy uses at the MA. Treatment Center (Bridgewater).

WHEREFORE, Plaintiff moves that this Court sanction the Opposing counsel, C. Raye Poole, for her continued filings of malicious and frivolous motions regarding the return of said letters and envelopes, and to further order the defendants, Opposing counsel C. Raye Poole, to forward to plaintiff said stories/letters and envelopes they were originally mailed so he may review said material and make an informed decision as to how to dispose of such material.

Dated: October 16, 2007

Respectfully filed,

_____
Joseph P. Schmitt, Pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

Undersigned pro se counsel/plaintiff hereby certifies that a true copy of the above motion was mailed to C. Raye Poole, Esq. at 70 Franklin Street, Suite 600, Boston, Massachusetts, 02110-1300 via inter department mail on or about October 18, 2007

_____
Joseph P. Schmitt, pro se
Counsel/Plaintiff

UNITED STATES DISTRICT COURT

CIVIL DOCKET NO.:
USDC2004-10717-RWZ

JOSEPH P. SCHMITT, Pro se.,
    Plaintiff,

v.

PATRICK MULVEY, et al.,
    Defendants.



EMERGENCY MOTION FOR PROTECTIVE ORDER,
AND MOTION FOR SANCTIONS AGAINST DEFENDANTS

    Pro se plaintiff, Joseph P. Schmitt moves this honorable court, Rya W. Zobel, for an emergency protective order and sanction against the defendants, specifically the department of correction and Jody T. Adams, Esq.

    As grounds thereof, Plaintiff states the following under pains and penalties of perjury.

1.    On October 23,2007 plaintiff was awokened by IPS Sergeant Eugene Benevides and brought into the hall way before his housing unit to be questioned regarding issues concerning the Courts Order Dated October 10,2007 and subsequent motions filed by both the defendants and this Pro Se Plaintiff.

2.    Pro se Plaintiff informed Eugene Benevides that the matter was before the court and that he objected to Robert Murphy ordering the IPS at the Nemansket Correctional Facility to interfer in such matters. Plaintiff further informed Benevides that he was not sure who if anyone would be the recipient of the materials ordered by this Court to be returned to said Pro se Plaintiff, and that such matters were before the Court and not within the administrations jurisdiction at this time.

3.    On October 24,2007 Pro se Plaintiff was again confronted by IPS Sergeant Eugene Benevides regarding the exact issues of the previous day, as described above. Pro se Plaintiff instructed Benevides of the fact that the matter was before the court, between himself and the defendants counsel, and as such such communications were not permitted by rules of civil procedure. Benevides informed Pro se Plaintiff that he was acting under the direct orders of Robert Murphy to obtain the address of my attorney whom I stated the previous day "that I might send his the material after I have personally reviewed it and at such time I would determine who if anybody I would send it to and upon doing so I would provide the envelope pre-address and baring the required postage". Plaintiff expressed his intent very clearly. "He was not certain who he would mail the material to".

4.      Eugene Benevides informed Pro se Plaintiff that Robert MUrphy would not permit said Plaintiff to have any possession of the "stories".

5.      The actions of Murphy, Benevides clearly are based on communication between the defendants counsel and Murphy (Robert Murphy, Superintendent at the Nemansket Correctional Facility).

6.      Such actions circumvent the civil action filed and active within this United States District Court. The Department of Correction does not have the authority, power or inclination to interfer in any way with proceeding in Federal Courts, or before Officers appointed by them. Matter of Lyon, 301 Mass. 30, 34 (1938). The Supremacy Clauss of Art, VI of U.S. Constitution provides Congress with power to prempt State Law. "The standard to be applied in determining whether the supremacy clauss requires that state (family) law be prempted is whether the state law does 'major damage' to "clear and substantial" federal interests." Hisquierdo v. Hisquierdo, 435 U.S. 572, 581 (1979), QUOTING United States v. Yazell, 382 U.S. 352 (1966). See Rose v. Rose, 481 U.S. 619, 625 (1987): Ridgway v. Ridgway, 545 U.S. 46, 54 (1981): McCarty v. McCarty, 543 U.S. 210, 220 (1981).

7.      In the long history of this case the defendants and their counsel have continuously erected barriers to prevent plaintiff from achieving his rights.

WHEREFORE, PLaintiff moves that this Court impose monetary Sanctions against the Department of Correction in the amount of $25,000.00 for its continuous and repeated violations of PLaintiff's State and Federal right. Furthermore, to impose monetary Sanctions against Jody T. Adams, Esq. in the amount of $75,000.00 and refer this matter to the Bar Association for professional misconduct charges for he continued and repeated abuses against this pro se plaintiff.

In Conclusion, Plaintiff moves that this Court ORDER the Department of Correction to cease harassing plaintiff regarding the matters before this court, and to maintain contact of such matters between defendants counsel and pro se plaintiff only.

IN THE ALTERNATIVE, Plaintiff moves this court to habe him into court for the sole purpose of having defendants counsel turn over to him all materials on which the combined actions are based so as Plaintiff may review said materials, and then turn such materials over to the clerk of this court with a pre-addressed envelope bearing required postage so said clerk may ensure the mailing of said materials. (Plaintiff states in clear language that he does not trust the administration at the Nemansket Correctional Facility to carry out the Courts order non-corruptly.

Dated: October 24, 2007

Respectfully filed,

_____
Joseph P. Schmitt, Pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a true copy of the above motion was mailed to Jody T. Adams at 70 Franklin Street, Suite 600, Boston Massachusetss 02110-1300 via Intra Department Mail on or about October 25, 2007

_____
Joseph P. Schmitt, Pro se,
Plaintiff