UNITED STATES DISTRICT COURT

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

JOSEPH P. SCHMITT, Pro se.,
    Plaintiff,
v.
JEFFREY SMITH, et al.,
    Defendants,

&

JOSEPH P. SCHMITT, Pro se.,
    Plaintiff,
v.
PATRICK MULVEY, et al.,
    Defendants.



PRO SE PLAINTIFF'S RESPONSE TO, DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTIONS, DOCUMENT NUMBERS 103 and 104 (DOCKETED
IN 04-10717), REGARDING THE RETURN OF THE TWO STORIES

1.    Defendants' agree with pro se plaintiff that they are under ORDER of the Court to return the two stories/letters and envelopes.

2.    Defendants' attempt to twist the plaintiff's words by informing this Court that, "he may not retain such sexually explicit materials, and Schmitt acknowledges as much." See defendants opposition and response to plaintiff's motions, document numbers 103 and 104 (docketed in 04-10717), regarding the return of the two stories, paragraph #2 lines 3 through 4. Attached Exhibit #1.

3.    "Retain" by definition according to "Webster's New World Dictionary, Third College Edition" is:"1) to hold or keep in possession, 2) to keep in a fixed state or condiction, 3) to continue to have or hold in [to retain heat], 4) to continue to practice, use, etc., 5)to keep in mind, 6) to hire, or arrange in advance, for the services of, by paying a retainer."

4.    Contrary to the defendants' assertions to this Court, plaintiff has clearly stated that he only wishes to "Review" the materials to ensure that it is in fact the material unconstitutionally confiscated from him. See plaintiff's emergency response to defendants' motion for clarification of this court's order dated October 10,2007; and motion for sanctions against opposing counsel, paragraph 5 lines 4 through 5. Also see, Emergency motion for protective order, ann motion for sanctions against defendants, paragraphs 3, lines 9 though 10, and paragraph entitled "IN THE ALTERNATIVE" line 4. Attached Exhibits #2 and #3.

5. "Review" by definition according to "Webster's New World Dictionary, Third College Edition" is: " 1) a looking at or looking over again, 2) a general survey, report, or account, 3) a looking back on; retrospective view or survey, as of past events or experiences 4) reexamination;specif., judicial reexamination, as by a higher court of the decision of a lower court, 5) A critical R> report and evaluation as in a newspaper or magazine. of a recent book, play, etc., or of a performance, concert, etc.,6) a magazine containing articles of criticism and appraisal, often in a specific field [a law review], 7) the act or process of going over a lesson or subject again,as in study or recitation 8) REVUE, 9) an examination or inspection;specif., a formal inspection, as of troops on parade or of ships, by a high ranking officer, or as a ceremony honoring some dignitary --vt. [[RE- + VIEW; also < the n.]] 1) [Now Rare] to view, or look at, again, 2) to look back on; view in retrospect 3) to survey in thought, speech, or writing; make or give a survey of, 4 to examine or inspect; specif., to inspect (troops, etc.) formally, 5) to give or write a critical report and evaluation of (a recent book, play, performance, etc.), 6) to reexamine, specif., to reexamine judicially (a lower court's decision), 7 to go over (lessons, a subject, etc.) again, as in study or rectation --vi. to review books, plays, etc., as for a newspaper."

6. Defendants' have been judged by a jury of their choosen peers and said jury made the decision that said defendants did violate plaintiff's U.S. Constitutional and/or State Rights of Freedom of Speech by Confiscating plaintiff's letters/stories and envelopes, sensoring plaintiff's letters/stories and envelopes and by issuing a disciplinart against plaintiff for said letters/stories and envelopes.

7. Defendants do not have the right or authority to dictate what plaintiff does with the material or whether he may or may not review the material to ensure that they are the exact materials illegally confiscsated by said defendants.

8. Defendants actions of having plaintiff harassed by IPS personell regarding issues before the Court is in plain violation of Fed.R.Civ.P. and this U.S. District Court's local rules.

9. Defendants', as they often do in this and other cases plaintiff is privy to, attempt to play word semantics to confuse the issues and/or Court.

10. Persuant to Fed.R.Civ.P. a pro se plaintiff is held to the same standards as that of a lawfully licensed attorney. However, in the case at Bar, the opposing counsel clearly disregards such rules as evidenced in the fact that said counsel, initiated an investigation involving fellow employees of the defendants instead of keeping all maters between counsel and pro se counsel/plaintiff as is lawful and normal. If plaintiff had a Bar licensed attorney representing him defendants' counsel surely would not attempt such clearly rule violating acts as she has done throughout this case.

11.     Defendant's counsel further attempts to sway this Court by stating, "As an Officer of the Court, counsel for defendants represents that the copies sent to the person Schmitt designates will be true and accurate copies of the two stories that were the subject of the above-captioned matters. See, Defendants Opposition And Response To Plaintiff's Motions, Document Numbers 103 And 104 (Docketed in 04-10717), Regarding The Return Of The Two Stories, Paragraph #12. See Attached Exhibit #1.

12.     Plaintiff strongly questions the fact that defendants' counsel claims on one hand, "...that despite a diligent search, the Department has been unable to locate the two originals, and, therefore, a copy of the two stories is being mailed to you in their stead." See correspondence dated October 26,2007 to John S. Day, Esq. from C. Raye Poole, Esq. Attached Exhibit #4 paragraph 2 lines 4 through 6. And somehow, without the originals being available, said counsel can actually make a statement as described above in paragraph 11. If the originals are allegedly lost, then how can defendants counsel claim a copy is complete, or even make a copy of the allegedly lost materials.

IN CONCLUSSION: Plaintiff requests that this Court issue an ORDER for the defendants to produce the original materials upon which the cases at Bar are based upon, and to provide plaintiff with said materials for the purpose of reviewing them in an environment where he is not unduly harassed, or forced to feel uncomfortable while "reviewing" said materials prior to making his informed decision as to how to dispose of said materials.

Dated: November 12,2007

Respectfully filed,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, MA. 02324-3230

CERTIFICATE OF SERVICE

Plaintiff hereby certify that a true copy of the above (with exhibits) was served upon C. Raye Poole, Esq. at 70 Franklin Street, Suite 600, Boston, MA. 02110-1300, via Inter Department Mail on or about November 13,2007

Joseph P. Schmitt, Pro se
Plaintiff