UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10451-RWZ
CIVIL ACTION NO. 04-10717-RWZ

JOSEPH SCHMITT,
    Plaintiff,
    v.
JEFFREY SMITH, et al.,
    Defendants

&

JOSEPH SCHMITT,
    Plaintiff,
    v.
PATRICK MULVEY, et al.,
    Defendants.

## DEPARTMENT OFFICIALS' MOTION TO VACATE SCHMITT'S INDIGENCY STATUS

The defendants-appellees ("Department Officials") hereby move this Court to vacate the indigency status of the plaintiff-appellant, Joseph Schmitt ("Schmitt"), so that he may no longer maintain his indigency status in his fourth appeal (A.C. Case No. 07-2601) of the above consolidated matter, pursuant to the Appeals Court's ruling dated December 27, 2007[1] and FRAP 24(a)(3)(A).

The Department Officials assert that Schmitt's financial status warrants that he pay, in full or in part, the requisite filing fee of $455.00 in this fourth appeal. For the reasons set forth below, Schmitt should not be permitted to continue to proceed in forma pauperis.

## INTRODUCTION

Schmitt was allowed to proceed in forma pauperis by this Court on April 26, 2004 (Paper

---

[1]     A copy is attached hereto as Exhibit A.

2

No. 4, Docket No. 04-10717).  Schmitt's financial status has since changed, however, and his in forma pauperis status should, therefore, be vacated.  Schmitt's Inmate Transaction report makes clear that Schmitt has access to funds, but instead of using them to pay the filing fees in his numerous lawsuits, including the instant appeal, he chooses to squander them on special clothing orders, magazine subscriptions, and canteen purchases, despite that he is provided with clothing, access to a library, and three meals a day at the Commonwealth's expense.  As described in detail below, Schmitt has the ability to pay the filing fee in the instant appeal, and in the interest of justice, he should be required to do so.

## **ARGUMENT**

Schmitt's in forma pauperis status should be vacated because he can no longer meet the required criteria for such status.

Rule 24 allows "inquiry into whether the circumstances of the party who was originally entitled to proceed in forma pauperis have changed during the course of the litigation." FRAP 24 Advisory Committee's Note (1967 adoption).  Rule 24(a)(3)(A) specifically preserves a district court's authority to revisit a litigant's in forma pauperis status while an appeal is pending.  The district court can certify that a party is not "entitled to proceed in forma pauperis" either "before or after the notice of appeal is filed." Id.

> 28 U.S.C. § 1915 provides that a petition to proceed in forma pauperis is granted or denied at the discretion of the court.  However, the court's discretion is limited to determinations of poverty and objective good faith. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915). Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous. Coppedge v. United States, 369 U.S. 438, 445 (1962).  Thus, a determination as to whether the [appellant's] application to proceed in forma pauperis on appeal should be granted turns on two factors:  (1) a showing by affidavit that he is unable to pay the filing fees, see Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948),

3

and (2) a showing that the proposed proceedings are not frivolous or malicious, see 28 U.S.C. § 1915(e).

Heghmann v. Indorf and Hafiani, 32 B.R. 415, 420 (1st Cir. 2005.) Because Schmitt cannot satisfy the first prong, his indigency status should be vacated.[2]

**SCHMITT'S INMATE TRANSACTION REPORT MAKES CLEAR THAT HE IS NOT INDIGENT AND IS ABLE TO PAY THE FILING FEE.**

Schmitt's Inmate Transaction Report for the past six months makes clear that Schmitt had the funds to pay the $455.00 filing fee in this matter, but, instead, has been spending his money on discretionary items. The Treasurer's Report reveals a six month average balance of $715.71, with a total income for the six month period of $3697.28. His Inmate Transaction Report indicates that over the course of the past six months, Schmitt has received $3500.00 in gifts from an outside source and has spent $1506.50 on canteen purchases, special clothing items, a special order, and publications. (Treasurer's Rpt and Inmate Transaction Rpt, attached hereto as Ex. B.) Schmitt should not be permitted to enjoy in forma pauperis status while squandering his money on discretionary items such as snacks[3] and magazine subscriptions while the hardworking taxpaying citizens of this country assume the costs of his frequent and frivolous litigation.[4]

Schmitt is clearly able to pay the requisite filing fee without depriving himself of the necessities of life, but has chosen not to do so. As a civil commitment inmate at the MTC,

---

[2] Although Schmitt, as a civil commitment inmate at the Massachusetts Treatment Center ("MTC") is not subject to the Prison Litigation Reform Act ("PLRA"), he is, nevertheless, under the custody and care of the Massachusetts Department of Correction ("Department"). Thus, in determining whether he is unable to afford the filing fees, this Court should consider that his necessities are provided to him by the Department in the same manner as if he were incarcerated in prison, serving time for criminal convictions.
[3] Examples of some of Schmitt's recent canteen purchases are attached hereto as Exhibit C.
[4] In addition to the instant appeal, Schmitt filed **three other appeals** in this case, 06-1778, 06-1789, and 06-2050. The three appeals were consolidated, and prior to the Department Officials even filing their brief, the First Circuit affirmed the lower court judgments, giving short shrift to Schmitt's three frivolous appeals.

4

Schmitt receives without cost his housing, three meals per day, clothing, medical care and dental care, in the same manner as if he were an inmate serving a criminal sentence. It is Schmitt's lack of significant expenses that compels the conclusion that a fee provision "will not result in any hardship above that faced by the average citizen considering whether to bring a lawsuit." Hampton v. Hobbs, 106 F.3d 1281, 1284-85 (6th Cir. 1997) (rejecting constitutional challenges to the federal filing fee requirement imposed on prisoners by the PLRA and noting that prisoners are provided the necessities of life, housing, food, clothing and medical care, at state expense). See Tucker v. Branker, 142 F.3d 1294, 1298 (D.C. Cir. 1998) (rejecting constitutional challenges to the federal filing fee requirement imposed on prisoners by the PLRA and based on prisoner's claim that paying fee would leave him with only $16 per month to spend for discretionary purposes); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988) (requiring inmate with a monthly income of $185.00 to pay $120.00 and an inmate with a monthly income of $95.00 to pay $60.00 before they could proceed with their two lawsuits).

    Where Schmitt has the ability to pay the filing fee himself or summon up the money through outside means, this Court must require that he pay the filing fee just as any member of the public would be forced to do in filing suit. Like average citizens with limited incomes (who do not have their necessities provided to them by the Commonwealth as Schmitt does) who must make sacrifices to go forward with a lawsuit, Schmitt, too, should be sacrificing those little "extras" if he is serious about going forward with this appeal. See Hampton v. Hobbs, 106 F.3d 1281, 1284-85 (6th Cir. 1997) and other cases previously cited.

    Furthermore, Schmitt should not be allowed to lie to this Court about his financial status

5

without impunity. On or about November 14, 2007 Schmitt sent a letter to this Court, in which he requested copies of docket entries and decisions in this case, stating: "I am indigent and have no means of paying any fees for the above requested materials." (Paper No. 107, Docket No. 04-10717.) As made clear in counsel's November 15, 2007 letter to the Court, Schmitt's claim that he has no ability to pay was nothing short of an outright, bald-faced lie. (Paper No. 108, Docket No. 04-10717.) At the time that he made this completely and utterly false statement, Schmitt had **over $2400.00** in his inmate account. (Schmitt's Ltr to Clerk and Counsel's Response, attached hereto as Ex. D.)

Unless or until this Court holds Schmitt accountable, he will continue with his fraudulent way, effectively stealing funds from the hardworking taxpaying citizens of this country with this Court's tacit approval. The result will be the belief by Schmitt (rightfully so) that his fraudulent ways hold absolutely no consequences, with nothing to lose on his part, and everything to gain.

## **CONCLUSION**

Because Schmitt has the ability to pay the requisite filing fees without depriving himself of the necessities of life, the Court should, in the interest of justice, vacate his indigency status.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

DATED: January 10, 2008

C. Raye Poole
/s/ C. Raye Poole

B.B.O. # 632719
Department of Correction
Legal Division

6

        70 Franklin Street, Suite 600
        Boston, MA 02110
        (617) 727-3300 ext. 147

<u>Certificate of Service</u>

I, C. Raye Poole, counsel for the defendants-appellees, hereby certify that on this 10th day of January 2008, I served a copy of the above motion by first class mail, postage prepaid, on Joseph Schmitt at his last known address, Massachusetts Treatment Center, 30 Administration Road, Bridgewater, Massachusetts 02324.

        <u>/s/ C. Raye Poole</u>
        C. Raye Poole